UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

ESPIRITU SANTO HOLDINGS, LP,

                             Petitioner,

    -against-

LIBERO PARTNERS, LP,

    and

ESPIRITU SANTO TECHNOLOGIES, LLC

                             Respondents.

------------------------------------------------------------x

19 CV 03930

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/2/19

No. _____ Civ. _____ ( )

**ORDER TO SHOW CAUSE FOR PRELIMINARY INJNUCTION AND TEMPORARY RESTRAINING ORDER**

Upon the declaration of Santiago Léon Aveleyra, dated April 30, 2019, and the exhibits thereto; the declaration of David Dunn, dated May 2, 2019, and the exhibits thereto; the Second declaration of David Dunn, dated May 2, 2019, and the exhibit thereto; Petitioner Espiritu Santo Holdings, LP's ("ES Holdings") Emergency Petition for Injunctive Relief in Aid of Arbitration dated May 2, 2019 (the "Petition"); and ES Holdings' accompanying Memorandum of Law, dated May 2, 2019, and good and sufficient cause appearing therefore, it is hereby:

ORDERED, that respondents Libero Partners, LP ("Libero Partners"), and Espiritu Santo Technologies, LLC ("ES Technologies," and, together with Libero Partners, "Respondents") show cause before this Court, at Room 24A, United States Courthouse, 500 Pearl Street / 40 Foley Square, in the City, County, and State of New York, on May 13, 2019 at 11 o'clock, A.m., or as soon thereafter as counsel may be heard, why an order should not be issued pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure, Section 7502(c) of the New York Civil Practice Law and Rules, and 9

U.S.C. §§ 201 *et seq.*, preliminarily enjoining Respondents and their employees, agents, officers, directors, parents, subsidiaries, affiliates, or assignees, and anyone acting in concert or cooperation with them or on their behalf, from taking any of the below-described actions until further order of this Court or the International Court of Arbitration of the International Chamber of Commerce (the "ICC Arbitration"):

1. Engaging in any competitive activities in violation of the partners agreement between Petitioner and Respondents, entered into on December 6, 2017 (the "Partners Agreement") including, but not limited to, any efforts to obtain taximeter concessions from Monterrey and Jalisco (or related governmental entities), or taking any actions to cancel or transfer the existing Mexico City taximeter concession to any entity other than an entity jointly controlled by Petitioner and Respondents;

2. Using any trade secret or other intellectual property developed by ES Holdings – specifically, (a) the digital taximeter and hailing and related technologies developed and utilized by ES Technologies' subsidiary Servicios Digitales Lusad, S. de R.L. de C.V. ("Lusad"); (b) the L1bre trade name and associated trademarks; and (c) Lusad's business plans and strategies – for any purpose other than to benefit the existing Mexico City taximeter concession or any future concession held by an entity jointly controlled by Petitioner and Respondents, as provided for in the Partners Agreement; and

3. Taking any further steps, in any Mexican court or otherwise, anywhere in the world, to interfere with or divest or derogate the jurisdiction of the United States District Court for the Southern District of New York to decide the issue of pro-arbitration injunctive relief as provided for in Paragraph 12(c) of the Espirito Santo Technologies LLC Partners Agreement dated Dec. 6, 2017.

~~3. Such other, further or different relief as the Court deems just and proper; and it is further~~

ORDERED that, good and sufficient reason having been shown therefor, pending the

determination of ES Holdings' motion for a preliminary injunction, Respondents and their employees, agents, officers, directors, parents, subsidiaries, affiliates or assignees and anyone acting in concert or cooperation with them or on their behalf, are temporarily restrained and enjoined from taking any of the actions specified in paragraphs 1, and 2, *and 3* above; and it is further

ORDERED that, good and sufficient cause having been shown therefor, and because Respondents are unlikely to suffer any injury as a result of this order, the requirements of Federal Rule 65(c) are waived, and no security need be posted pending and subject to further order of this Court; and it is further

ORDERED that service of a copy of this order and the annexed materials upon Respondents on or before *May 2, 2019* at *8:00 pm EST* via electronic mail and overnight courier service, at the addresses set forth below, shall be deemed good and sufficient service thereof:

**To respondent L1bero Partners:** (1) L1bero Partners, LP, 5651 Doliver Drive, Houston, TX 77056; (2) Francisco J. Flores, Montes Urales 455, 7th Floor, Lomas de Chapultepec, Mexico City, Mexico 11000 and francisco.flores@romericainvestments.com;
(3) Fabio Covarrubias, fcovarrubias@l1bre.com

**To respondent ES Technologies:** (1) Espiritu Santo Technologies, LLC, 200 South Biscayne Blvd., Suite 4100, Miami, FL 33131; (2) Incorporating Services Ltd., 3500 S. Dupont Hwy., Dover, DE 19901; (3) Fabio Covarrubias, fcovarrubias@l1bre.com

*Security in the amount of: $50,000 will be posted by 5/3/2019 B.F. @ 5pm*

SO ORDERED:

New York, New York
May 2, 2019, __:__ __.m.

_____
*Chief* United States District Judge

-3-