# EXHIBIT 2

# TARGEM
## TRANSLATIONS

**T** 718 384 8040
**F** 718 388 3516
**E** info@targemtranslations.com
**W** TargemTranslations.com

## CERTIFIED TRANSLATION

I, Wolf Markowitz, Manager at Targem Translations, Inc., located at 143 Rodney Street in Brooklyn, New York, a language service with a firm track record of providing expert language services to the business and legal community of more than 50 years, do hereby certify that our team of translators, editors and proofreaders are professionally trained and vastly experienced in providing professional translations, from Spanish to English and vice versa; and they have professionally translated the document referenced as **"Mexico Court Order 24 April 2019"** from Spanish to English, faithfully, accurately and completely, to the best of their expertise and experience.

Date: May 6, 2019

Wolf Markowitz

Signature of Notary

ROCHAL WEISS
NOTARY PUBLIC-STATE OF NEW YORK
No  01WE6293785
Qualified in Kings County
My Commission Expires 12-16-2021

**TARGEM TRANSLATIONS | Headquarters**
143 Rodney Street, Brooklyn, NY 11211

**OFFICES |** New York, California, and Asia





En el **Boletín Judicial** No. _____ 72 _____

_____ Abril

El _26_ de _Abril_ _____ de 2019

anterior.— Conste.



NOTIFÍQUESE. LO PROVEYÓ Y FIRMA EL C. JUEZ SEXAGESIMO TERCERO DE LO CIVIL, LICENCIADO MIGUEL ANGEL ROBLES VILLEGAS Y ANTE SU SECRETARIA DE ACUERDOS, LICENCIADA LAURA ALANIS MONROY, CON QUIEN ACTÚA Y DA FE. DOY FE.

**334/2019**

CIUDAD DE MÉXICO, A VEINTICUATRO DE ABRIL DEL AÑO DOS MIL DIECINUEVE.

- - - Agréguese a los autos del expediente número **334/2019** el escrito de cuenta; cuatro copias simples de traslado; una traducción en ingles del escrito inicial de demanda y copia certificada del testimonio de la escritura número ochenta y cinco mil doscientos catorce, mismos que se ordena guardar en el seguro del juzgado por conducto de la persona autorizada para ello y en su momento agregrequese a las cartas rogatorias, la traducción de la presente demanda. Se tiene a la parte actora desahogando en tiempo la prevención ordenada en acuerdo de fecha cuatro de abril del año en curso, en términos del escrito presentado con fecha doce de abril en la Oficialia de Partes Común de este Tribunal, por hechas sus manifestaciones, por lo que se le tiene indicando que el actor no cuenta con R.F.C., por ser una sociedad canadiense; se le tiene solicitando las cartas rogatorias correspondientes, para efectos de los emplazamientos; por exhibida la presente demanda en su traducción en inglés, por exhibido el testimonio notarial número ochenta y cinco mil doscientos catorce con el que acredita el actor ser socio de SERVICIOS DIGITALES LUSAD, S. DE R.L. DE C.V.; asimismo precisa los documentos que solicita exhiban los demandados y por exhibidas las copias de traslado correspondientes. Admitiendose a trámite.

- - - Se tiene por presentado a JOSE GARCIA GRANADOS TORRES en su carácter de Apoderado de la parte actora **L1BRE HOLDING, LLC.** Por señalado el domicilio que proporciona para oír y recibir notificaciones. Y po autorizadas las personas que menciona para los mismos efectos.

- - - Y de conformidad a la circular 54 publicada el cuatro de noviembre d año dos mil cuatro en el Boletín Judicial número 75 "ACUERDO GENERA QUE AUTORIZA EL USO DE APARATOS ELECTRÓNICOS PARA LA TOM DEL ACUERDO COTIDIANO" en el que se contiene el acuerdo emitido el H. Pleno de este Tribunal de fecha 25 (veinticinco) de octubre del a precitado en el que se pronunció ACUERDO GENERAL QUE AUTORIZA USO DE APARATOS ELECTRÓNICOS PARA LA TOMA DEL ACUER COTIDIANO, se hace del conocimiento de las partes que en caso de qu toma del acuerdo se realice a través de cualquiera de los medio reproducción señalados en dicho acuerdo, deberán asentar razón conducto de persona autorizada para ello, ante la presencia judici Secretario de Acuerdos de este Juzgado en la que establezca las motivo de reproducción.


. - -Demandando de ESPIRITU SANTO TECHNOLOGIES, LLC;
ESPIRITUD SANTO HOLDINGS, LP; LIBERO PARTNERS, L.P., Y
SERVICIOS DIGITALES LUSAD, S. DE R.L. DE C.V., por conducto de su
representante legal. Las prestaciones a que hace referencia, con
fundamento en los artículos 1377,1378 y demás relativos del Código de
Comercio Reformado y siendo aplicable al presente juicio las reformas
publicadas el diecisiete de abril del año dos mil ocho en el Diario Oficial de la
Federación, admitiéndose la demanda en la VÍA ORDINARIA MERCANTIL
y al efecto con las copias simples de la demanda córrase traslado a la
demandada y emplácesele para que dentro del término de QUINCE DÍAS, la
conteste oponga excepciones, defensas que crea necesarias. También se le
previene al demandado para que señale domicilio dentro de esta jurisdicción
para oír y recibir notificaciones, para que en caso de no hacerlo así las
subsecuentes notificaciones aún las de carácter personal le surtan efectos
en los términos del artículo 1069 del Código en cita.

. -Y se requiere a la parte demandada para que al momento de
contestar la demanda y conforme a lo establecido en la fracción V del
artículo 1061 del Código de Comercio proporcione (n) y exhiba (n)
copia simple de su Registro Federal de Contribuyentes (RFC), su Clave
Única de Registro de Población (CURP), tratándose de personas
físicas, en ambos casos cuando exista obligación legal para
encontrarse inscritos en dichos registros y la clave de su identificación
oficial, según sea el caso.

· · · Téngase por anunciadas las pruebas que indica, mismas que serán
proveídas en su momento procesal oportuno.

· · · Y por lo que hace a la MEDIDA PROVISIONAL que solicita tendiente
para mantener la situación de hecho existente y con fundamento en el
artículo 384, 386, 387, 388, 393, 395, 397 del Código Federal de
Procedimientos Civiles; primeramente, debe determinarse si es procedente
la supletoriedad de éste cuerpo normativo al Código de Comercio, sobre
todo, si tomamos en consideración que éste último ordenamiento, en su
capítulo XI, regula las providencias precautorias, y más aún, en su artículo
1168, señala que no pueden dictarse otras providencias precautorias que las
establecidas en éste Código, y que exclusivamente consistirán en el arraigo
de la persona y la retención de bienes. Ahora bien, se debe tomar en
consideración que el Código de Comercio es una Ley General y que existen
leyes especiales que también regulan actos de comercio y que fueron
desmembrados de aquel.

· Código de Comercio regula las



artículo 1054 del (...) procedimientos Civiles permita la aplicación de normas de los Códigos procedimentales expresos de cada Estado, cuando no existan preceptos siempre que sea indispensable sobre determinado cuestionamiento jurídico, contradictorios o subsanar alguna aclarar conceptos ambiguos, oscuros, pues no debe considerarse que las omisión, como en la especie acontece, precautorias, se agotan con las que se regulan en el multi... Código de la materia, pues entre otras medidas cautelares o las providencias cuerpo legal, tenemos las que medidas cautelares reguladas fuera de ese Procedimientos Civiles, que a permite el artículo 384 del Código Federal de supletoriamente, porque no obstante criterio del suscrito, si puede aplicarse providencias precautorias, es que el Código de Comercio regula las apremio, medidas cautelares, por omiso en cuanto a contemplar medidas de apoyo a lo antes expuesto, por lo cual, cabe tal supletoriedad, sirve de contradicción de tesis, a continuación por analogía, la jurisprudencia que, por Jurisprudencia. Materia(s): Civil Novena se cita. No. Registro: 913,226. Fuente: Apéndice 2000. Tomo IV. Civil Época. Instancia: Primera Sala. Página: 238. Genealogía: SEMANARIO Jurisprudencia SCJN Tesis: 284. SU GACETA, NOVENA ÉPOCA, TOMO JUDICIAL DE LA FEDERACIÓN Y PRIMERA SALA, TESIS 1a./J. 8/97 V. MARZO DE 1997, PÁGINA 290. APLICACIÓN EN UN JUICIO MEDIDAS DE APREMIO, PARA SU SUPLETORIAMENTE A LA LEGISLACIÓN MERCANTIL. DEBE ACUDIRSE en la materia mercantil, de conformidad con COMÚN. La técnica procesal de Comercio, permite la aplicación el artículo 1054 del Código Procedimientos Civiles de cada Estado, de normas de los Códigos de Comercio, no existan preceptos cuando en el citado Código de determinado cuestionamiento jurídico, procedimentales expresos sobre punto este comprendido en el generalmente cuando dicho encuentre debidamente regulado o este ordenamiento mercantil, pero no se ello desde luego, siempre y cuando previsto deficientemente, todo contraponga con el Código de Comercio. esa aplicación supletoria no se genérica, aparentemente no cabría la Siguiendo esta regla tratándose de medios de apremio, puesto que aplicación supletoria en en el invocado ordenamiento, mucho menos no existe tal institución sin embargo, como todo juzgador dentro la forma de impugnarlos, facultad para emplear medidas de apremio del procedimiento tiene la determinaciones, ello implica que la supletoriedad para hacer cumplir sus tal institución no se encuentre prevista en opera aun cuando siempre que sea indispensable aclarar el ordenamiento mercantil, contradictorios o subsanar alguna omisión; conceptos ambiguos, oscuros, de que, de no establecerse esa supletoriedad además, por la razón obvia incluyendo la sustanciación de su de manera íntegra, conozca de las contiendas de carácter impugnación, el juzgador que para hacer uso de medidas legales tendientes mercantil estará imposibilitado celeridad en la impartición de justicia; a la obtención de la supletorio de la ley, como en la especie, aunado a que el carácter una integración y reenvío de una ley resulta como consecuencia de legislativos generales que fijan los principios especializada a otros textos aplicables a la regulación

*de la ley suplida. Novena Época: Contradicción de tesis 14/96.-Entre las sustentadas por el Segundo y Tercer Tribunales Colegiados, ambos del Sexto Circuito.-8 de enero de 1997.-Unanimidad de cuatro votos.- Ausente: Olga Sánchez Cordero de García Villegas, previo aviso a la Presidencia.-Ponente: Juan N. Silva Meza.-Secretario: Jorge H. Benítez Pimienta. Semanario Judicial de la Federación y su Gaceta, Tomo V, marzo de 1997, página 290. Primera Sala, tesis 1a./J. 8/97; véase la ejecutoria en la página 291 de dicho tomo.*

Analizada que fue la supletoriedad del Código Federal de Procedimientos Civiles, al Código de Comercio, en lo que respecta a las medidas necesarias para mantener la situación de hechos existente y que el hoy actor solicita como medida tendientes a preservarla materia del presente Juicio, se procede a proveer respecto a su procedencia o improcedencia en los siguientes términos: Señala el gran jurista Piero Calamandrei en su obra titulada ; "Introducción al estudio sistemático de las Providencias Cautelares", de la Colección Clásicos del Derecho, Librería "El Foro" Buenos Aires 1996, con traducción de Marino Ayerra Merin, página 76 y 77, lo siguiente:



. . . "En sede cautelar el Juez debe en general establecer la certeza (en las diversas configuraciones concretas que estos extremos pueden asumir según la providencia solicitada) de la existencia del temor de un daño jurídico, esto es, de la existencia de un estado objetivo de peligro que haga aparecer como inminente la realización del daño derivable de la no satisfacción de un derecho. Las condiciones de la providencia cautelar podrían, pues, considerarse estas dos: 1ra. La existencia de un derecho; 2da. El peligro en que este derecho se encuentra de no ser satisfecho".

"A estos dos puntos deberá referirse el conocimiento del Juez en vía cautelar." . . .

. . . "Diremos, pues, que los extremos para obtener la providencia cautelar (condiciones de la acción cautelar) son estos dos: 1ro. Apariencia de un derecho; 2do. Peligro de que este derecho aparente no sea satisfecho."

- - - En la especie, la existencia del derecho, se encuentra sustentado en los documentos que refiere como base de la solicitud y el segundo elemento, el peligro de que el derecho aparente no sea satisfecho, está plasmado en la solicitud que formula; en consecuencia, con fundamento en lo dispuesto por el artículo 384, 385, 387, 388 del Código Federal de Procedimientos Civiles, de aplicación supletoria al Código de Comercio, en términos del diverso numeral 1054 del Código de Comercio, se **ordena la mantención de las cosas en el estado en que se encuentran, por lo tanto se decretan las** siguientes **MEDIDAS CAUTELARES:**

**i)** Que durante la tramitación del presente juicio y hasta la conclusión mediante el dictado de una sentencia definitiva, las partes del Convenio entre socios, se abstengan de iniciar el procedimiento arbitral pactado en su cláusula 12, cuya nulidad se demanda;

**ii)** Que las partes y el Consejo de Directores de la Compañía, durante la tramitación del presente juicio y hasta en tanto se dicte sentencia definitiva, se abstengan de realizar actos con fundamento en dicho acuerdo de voluntades que repercutan en la esfera corporativa de SERVICIOS DIGITALES LUSAD, S. DE R.L. DE C.V.;

**iii)** Que durante la tramitación del presente juicio y hasta en tanto se dicte sentencia definitiva, la situación corporativa actual de SERVICIOS DIGITALES LUSAD, S. DE R.L. DE C.V., se mantenga en los términos que a la fecha se encuentra, sin que se lleva asamblea de socios alguna que pudiera modificar su situación jurídica actual.

**Hasta en tanto no se resuelva en definitiva el presente juicio;** en el entendido de que, la procedencia de la solicitud de ésta medida, no prejuzga sobre el fondo del juicio.

- - - Y con fundamento en el artículo 1171 del Codigo de Comercio, el monto de la garantía que debe cubrir el actor que discrecionalmente señala, el suscrito para cubrir al presunto demandado los posibles daños y perjuicios que se le lleguen a generar, es por la cantidad de **$500,000.00** (QUINIENTOS MIL PESOS PESOS 00/100 M.N.), la cual puede exhibir en cualquiera de sus modalidades en el término de CINCO DÍAS.

Surtiendo sus efectos las presentes medidas, dejando de surtir las mismas, si no exhibe la garantía.

**Y por lo que hace a la solicitud de que los demandados exhiban los documentos que indica,** requiérase a los demandados, para que al momento de contestar la demanda exhiban los siguientes documentos:

**a)** El original o copia certificada del Convenio entre Socios de seis de diciembre del dos mil diecisiete, suscrito por los hoy codemandados **L1BERO PARTNERS, L.P.; ESPIRITUD SANTO HOLDINGS, LP y ESPIRITU SANTO TECHNOLOGIES, LLC.**

b) Copia certificada o testimonio notarial que contenga los estatutos vigentes de SERVICIOS DIGITALES LUSAD, S. DE R.L. DE C.V., y

c)   Copia o autorizada o certificada del título de concesión SEMOVI/DGSTPI/001/2016, expedido el diecisiete de junio de dos mil dieciséis a SERVICIOS DIGITALES LUSAD, S. DE R.L. DE C.V., por el Gobierno de la Ciudad de México. Apercibidos que de no hacerlo se tendrán popr ciertas las afirmaciones realizadas por la parte actora.

- - - Considerando que el domicilio que proporciona de los demandados **ESPIRITUD SANTO TECHNOLOGIES, LLC y L1BERO PARTNERS, se ubica** fuera de la jurisdicción de este Juzgado, como se solicita en el escrito de cuenta y con fundamento en lo dispuesto por el artículo 1073 y 1074 del Código de Comercio, los artículos 2, 8, 5 y demás relativos del Convenio sobre la Notificación en el Extranjero de Documentos Judiciales y Extrajudiciales en Materia Civil o Comercial, hecho en la Haya, el quince de noviembre de mil novecientos sesenta y cinco, publicado en el Diario Oficial el dieciséis de febrero del dos mil uno, con las constancias necesarias gírese atenta **CARTA ROGATORIA AL C. JUEZ COMPETENTE EN THE WOODLANDS, TEXAS, 77380, ESTADOS UNIDOS DE AMERICA, a efecto de que por su conducto y en auxilio de las labores de este Juzgado y en caso de encontrarla ajustada a derecho, proceda a EMPLAZAR A JUICIO a dichos demandados** en el domicilio que se proporciona en el escrito inicial de demanda, levantándose la constancia y certificación a que se refiere la mencionada convención internacional. Remitiéndose a la Secretaria de Relaciones Exteriores, para su debida tramitación. Concediéndose a la parte demandada un término adicional de **TREINTA DÍAS MÁS**, para que contesten la demanda instaurada en su contra, ello en razón de la distancia.

- - - Y en este orden de ideas y toda vez que el domicilio que proporciona del demandado **ESPIRITUD SANTO HOLDINGS, LP, se ubica** fuera de la jurisdicción de este Juzgado, con las constancias necesarias gírese atenta **CARTA ROGATORIA AL C. JUEZ COMPETENTE EN KEY BIZCAYNE, FLORIDA 33149, ESTADOS UNIDOS DE AMERICA, a efecto de que por su conducto y en auxilio de las labores de este Juzgado y en caso de encontrarla ajustada a derecho, proceda a EMPLAZAR A JUICIO al demandado** en el domicilio que se proporciona, levantándose la constancia y certificación a que se refiere la mencionada convención internacional. Remitiéndose a la Secretaria de Relaciones Exteriores, para su debida tramitación. Y en razón de la distancia, se concede a la parte demandada



**SUPERIOR COURT OF JUSTICE OF MEXICO CITY**
*THE JUDICIARY OF MEXICO CITY*
*DEMOCRATIC GOVERNMENT BODY*
***SIXTY-THIRD COURT FOR CIVIL MATTERS***

[Illegible electronic signature]

The legal publication was made in ***Judicial Gazette*** No. 72, corresponding to April 25, 2019.- Note for the record.

The above notification became effective on April 26, 2019.- Note for the record.



**SUPERIOR COURT OF JUSTICE OF MEXICO CITY**
*THE JUDICIARY OF MEXICO CITY*
*DEMOCRATIC GOVERNMENT BODY*
***SIXTY-THIRD COURT FOR CIVIL MATTERS***

**LET IT BE NOTIFIED. DECISION HANDED DOWN AND SIGNED BY THE JUDGE OF THE SIXTY-THIRD COURT FOR CIVIL MATTERS, MR. MIGUEL ANGEL ROBLES VILLEGAS, BEFORE HIS CLERK OF COURT, MS. LAURA ALANIS MONROY, WITH WHOM HE ACTS AND ATTESTS. I SO ATTEST.**

[Two illegible signatures]



**SUPERIOR COURT OF JUSTICE OF MEXICO CITY**
*THE JUDICIARY OF MEXICO CITY*
*DEMOCRATIC GOVERNMENT BODY*
**SIXTY-THIRD COURT FOR CIVIL MATTERS**

[Illegible text]

**334/2019**

MEXICO CITY, ON APRIL 24, 2019.

It is hereby ordered that the case decisions, four simple photocopies of the service of process, a translation into English of the initial complaint, and a certified copy of notarial certificate number eighty-five thousand two hundred fourteen (85,214) be added to case record number **334/2019,** and that said case record be kept in the Court's safe via the person authorized for such purpose, and in due time, add to the letters rogatory the translation of this lawsuit. The plaintiff is hereby deemed to have complied in due time with the measure ordered in the ruling dated April 4 of this year, in terms of the pleading submitted on April 12 before the Central Filing Office, it is deemed to have made its statements indicating that it does not have a taxpayer identification number because it is a Canadian company; it is deemed to have requested the appropriate letters rogatory for the purposes of serving notice; the English translation of this complaint is deemed to have been produced; notarial certificate number eighty-five thousand two hundred fourteen accrediting the plaintiff to be partner of SERVICIOS DIGITALES LUSAD, S. DE R. L. DE C.V. is deemed to have been produced. Likewise, it also specified the documents it requests the defendants to produce, and the corresponding copies of the service of process are deemed to have been produced. Proceed to admit to process.

JOSE GARCIA GRANADOS TORRES is deemed to have appeared in his capacity as Legal representative of the plaintiff **L1BRE HOLDING, LLC**. The domicile he provided to hear and receive notifications is deemed to have been indicated, and the individuals he mentioned are deemed to have been authorized for that same purpose.

And in accordance with circular 54 published on November 4, 2004, in Judicial Gazette number 75, "GENERAL RESOLUTION THAT AUTHORIZES THE USE OF ELECTRONIC DEVICES FOR THE REPRODUCTION OF ORDINARY DECISIONS," which contains the resolution issued by the full session of this Court on October 25 of the aforementioned year, issuing the GENERAL RESOLUTION THAT AUTHORIZES THE USE OF ELECTRONIC DEVICES FOR THE REPRODUCTION OF ORDINARY DECISIONS, the parties are hereby informed that, in the event of reproducing the decision via any of the means of reproduction indicated in said resolution, they are required to establish a reason via a person authorized for that purpose, in the legal presence of the Clerk of Court of this Court, establishing the /illegible/ that are subject to reproduction.



**SUPERIOR COURT OF JUSTICE OF MEXICO CITY**
*THE JUDICIARY OF MEXICO CITY*
*DEMOCRATIC GOVERNMENT BODY*
*SIXTY-THIRD COURT FOR CIVIL MATTERS*

**Demanding from ESPIRITU SANTO TECHNOLOGIES, LLC, ESPIRITUD SANTO HOLDINGS, LP, L1BERO PARTNERS, L.P.; and SERVICIOS DIGITALES LUSAD, S. DE R. L. DE C.V., through their corresponding legal representatives**, the services it mentioned, based on articles 1377, 1378 and other related articles of the Amended Code of Commerce, and since the amendments published in the Official Gazette of the Federation on April 17, 2008, are applicable, admit the lawsuit through **ORDINARY COMMERCIAL PROCEEDINGS,** and for that purpose, with the simple copies of the complaint, serve notice to the defendants and summon them so that within **FIFTEEN DAYS** they may answer the complaint and raise any defenses they may need necessary. Likewise, the defendants are hereby advised to indicate a domicile to hear and receive notifications within this territorial jurisdiction and warning them that failure to do so will result in this and any subsequent notifications – including those of a personal nature – becoming effective according to the terms of article 1069 of the aforementioned Code.

And, pursuant to the provisions of Section V of article 1061 of the Code of Commerce, at the time of answering the complaint, the defendant is required to provide (n) and produce (n) simple copies of their Federal Tax Identification number (*Registro Federal de Contribuyentes -* RFC), their Unique Population Registration Code (*Clave Única de Registro de Población -* CURP) in the case of individuals, and in both case whenever there is a legal obligation to be registered in such registries, and their official identification code, as appropriate.

It is hereby deem as announced the evidence indicated by the plaintiff, which will be admitted in due course at the appropriate procedural time.

And as regards the PROVISIONAL MEASURE requested aimed at maintaining the existing factual situation, and based on articles 384, 386, 387, 388, 393, 395, and 397 of the Federal Code of Civil Procedure; first of all, it is necessary to determine whether the supplementary application to the Code of Commerce of this legal body is admissible, especially if we take into account that chapter XI of the Code of Commerce regulates precautionary measures, and furthermore, its article 1168 sets forth that no precautionary measures may be issued other than those established in said Code, and that they shall consist exclusively of the precautionary detention of the individual and the seizure of assets. Now then, we must consider



**SUPERIOR COURT OF JUSTICE OF MEXICO CITY**
*The Judiciary of Mexico City*
*Democratic Government Body*
***Sixty-Third Court for Civil Matters***

that the Code of Commerce is a General Law and that there are special laws that also regulate acts of commerce that were taken from it [the code of commerce].



**SUPERIOR COURT OF JUSTICE OF MEXICO CITY**
*THE JUDICIARY OF MEXICO CITY*
*DEMOCRATIC GOVERNMENT BODY*
**SIXTY-THIRD COURT FOR CIVIL MATTERS**

article 1054 of the same code, to allow the application of rules from Codes of Civil Procedure of each State in the case of absence of express procedural precepts on certain legal issues, whenever it is essential to clarify ambiguous, obscure, or contradictory concepts, or to correct any omissions, as is the case here, since precautionary measures or precautionary interlocutory orders should not be considered to be exhausted by those regulated in the often-cited code on the matter because, among other precautionary measures regulated outside of this legal body, we have those allowed by article 384 of the Federal Code of Civil Procedure which, in the undersigned's opinion, can be applied in a supplementary manner, because despite the fact that the Code of Commerce regulates precautionary interlocutory orders, it omits contemplating coercive measures, injunctions, for which reason, such supplementary nature is possible. The foregoing is supported, by analogy, by the case law that, by contradiction of thesis, is cited below: *Record No.: 913,226. Case Law. Matter(s): Civil. Ninth Term. Instance: First Court. Source: Appendix 2000, Volume IV, Civil, SCJN Case Law. Thesis: 284, Page: 238. Genealogy: JUDICIAL WEEKLY OF THE FEDERATION AND ITS GAZETTE, NINTH TERM, VOLUME V, MARCH 1997, PAGE 290, FIRST CHAMBER, THESIS 1A./J. 8/97.* <u>**COERCIVE MEASURES: FOR THEIR APPLICATION IN A COMMERCIAL TRIAL, THEY SHOULD BE SUPPLEMENTED BY COMMON LEGISLATION.- In accordance with article 1054 of the Code of Commerce, the procedural technique in commercial matters allows for the application of rules from Codes of Civil Procedure of each State, when the aforementioned Code of Commerce lacks express procedural precepts on certain legal issues, generally when said issues are covered in the commercial regulation, but are not properly regulated or are deficiently provided for, all of this, of course, provided that such supplemental application does not conflict with the Code of Commerce. Following this general rule, apparently the supplementary application in the case of coercive means would not be appropriate, since there is no such institution in the invoked legal body, let alone a way to challenge them; however, since in a proceeding every judge has the power to employ coercive measures to enforce their decisions, this implies that the supplementary nature operates even when such an institution is not provided for in the commercial regulation, as long as it is essential in order to clarify ambiguous, obscure, or contradictory concepts, or to correct any omissions. In addition, due to the obvious reason that, should said supplementary nature not be fully established, including the substantiation of its challenge, any judge hearing disputes of a commercial nature will be unable to use legal measures aimed at attaining celerity in the administration of justice; in addition to the fact that the supplementary nature of the law, as in the case at hand,**</u>



**SUPERIOR COURT OF JUSTICE OF MEXICO CITY**
*THE JUDICIARY OF MEXICO CITY*
*DEMOCRATIC GOVERNMENT BODY*
**SIXTY-THIRD COURT FOR CIVIL MATTERS**

*results from an integration and re-transmission of a specialized law to other general legislative texts that establish the principles applicable to the regulations*

*of the supplemented law, Ninth Term: Contradiction of Thesis 14/96.- Among those supported by the Second and Third Three-Judge Courts, both of the Sixth Circuit.- January 8, 1997.- Four unanimous votes.- Absent: Olga Sánchez Cordero de García Villegas, after notifying the Office of the President.- Rapporteur: Juan N. Silva Meza.- Secretary: Jorge H. Benítez Pimienta. Judicial Weekly of the Federation and its Gazette, Volume V, March 1997, page 290, First Chamber, Thesis 1a./J. 8/97; see the enforcement action in page 291 of said volume.*

Having analyzed the supplementary nature of the Federal Code of Civil Procedure to the Code of Commerce, with respect to the measures needed to maintain the existing factual situation, and which the now plaintiff requests as measures aimed at preserving the matter of this proceeding, we hereby proceed to issue a decision on its admissibility or inadmissibility in the following terms: In his work entitled "Introduction to the Systematic Study of Precautionary Measures" (from the Law Classics Collection, "El Foro" Bookstore, Buenos Aires 1996, with translation by Marino Ayerra Merin, pages 76 and 77), the great jurist Piero Calamandrei points out the following:

"Generally, in interim proceedings the Judge must establish the certainty (in the various specific configurations that they may assume according to the measure requested) of the existence of fear of a legal damage, that is, of the existence of an objective state of danger that makes the realization of damage arising from the non-satisfaction of a right appear imminent. The following two could therefore be considered conditions for the precautionary measure: First, the existence of a right, and second, the danger that this right have of not being satisfied."

"The Judge hearing the case must refer to these two items at the interlocutory stage."

"We shall say, then, that the points needed to obtain the precautionary measure (conditions for the precautionary action) are these two: 1st, the appearance of a right, and 2nd, the danger that this apparent right will not be satisfied."

In the case at hand, the existence of the right is supported by the documents indicated as the basis of the petition, and the second element –the danger that the apparent right will not



**SUPERIOR COURT OF JUSTICE OF MEXICO CITY**
*THE JUDICIARY OF MEXICO CITY*
*DEMOCRATIC GOVERNMENT BODY*
***SIXTY-THIRD COURT FOR CIVIL MATTERS***

be satisfied– is reflected in the petition made; therefore, based on the provisions of articles 384, 385, 387, and 388 of the Federal Code of Civil Procedure, applicable as a supplement to the Code of Commerce, in terms of numeral 1054 of the Code of Commerce, it is hereby ordered that things be maintained in their current status, and therefore, se hereby decree the following PRECAUTIONARY MEASURES:

**SUPERIOR COURT OF JUSTICE OF MEXICO CITY**
*THE JUDICIARY OF MEXICO CITY*
*DEMOCRATIC GOVERNMENT BODY*
***SIXTY-THIRD COURT FOR CIVIL MATTERS***

**i) That, during the processing of this case and until its conclusion via the issuance of a final judgment, the parties to the Partner Agreement refrain from initiating the arbitration procedure agreed in clause 12, whose nullity is the subject of this lawsuit;**

**ii) That, during the processing of this case and until such time as a final judgment is issued, the parties and the Board of Directors of the Company refrain from carrying out any acts based on said agreement among the parties that may have repercussions on the corporate sphere of SERVICIOS DIGITALES LUSAD, S. DE R. L. DE C.V.;**

**iii) That, during the processing of this case and until such time as a final judgment is issued, the current corporate status of SERVICIOS DIGITALES LUSAD, S. DE R. L. DE C.V., be maintained under the same terms held to date, without carrying out any shareholder meetings that could modify its current legal situation.**

**Until such time as this case is finally resolved,** with the understanding that the admissibility of the request for this measure does not make any judgments as to the substance of the proceeding.

And based on article 1171 of the Code of Commerce, the amount of the guarantee that the plaintiff most cover—indicated at the discretion of the undersigned to cover the alleged defendant for any potential damages it may suffer—is **$500,000.00** (FIVE HUNDRED THOUSAND PESOS 00/100 N.C.), which the plaintiff may produce in any of its forms within FIVE DAYS.

These measures shall be effective, in the event that the guarantee is not produced, they shall cease to be effective.

**And as regards the request that the defendants exhibit the documents indicated**, order the defendants to submit the following documents at the time of answering the complaint:



**SUPERIOR COURT OF JUSTICE OF MEXICO CITY**
*THE JUDICIARY OF MEXICO CITY*
*DEMOCRATIC GOVERNMENT BODY*
*SIXTY-THIRD COURT FOR CIVIL MATTERS*

**a)** The original or a certified copy of the Partner Agreement of December 6, 2016, signed by the now co-defendants **L1BERO PARTNERS, L.P.; ESPIRITUD SANTO HOLDINGS, LP, and ESPIRITU SANTO TECHNOLOGIES, LLC.**

**b) A certified copy or notarial certificate containing the current corporate bylaws of SERVICIOS DIGITALES LUSAD, S. DE R. L. DE C.V.**

**c) An authorized or certified copy of concession title SEMOVI/DGSTPI/001/2016, issued by the Government of Mexico City to SERVICIOS DIGITALES LUSAD, S. DE R. L. DE C.V., on June 17, 2016.** Under the warning that, should they fail to comply, the claims made by the plaintiff will be deemed to be true.

Bearing in mind that the domicile provided by defendants **ESPIRITUD SANTO TECHNOLOGIES, LLC and L1BERO PARTNERS** is located outside of the jurisdiction of this Court, as requested in the case summary and based on the provisions of articles 1073 and 1074 of the Code of Commerce, and articles 2, 8, 5 and other related articles of the Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, signed in The Hague on November 15, 1965, and published in Official Gazette of February 16, 2001, including the necessary certificates proceed to send a respectful **ROGATORY LETTER TO THE COMPETENT JUDGE IN THE WOODLANDS, TEXAS, 77380, UNITED STATES OF AMERICA, so that, through their own means and in assistance to the duties of this Court, and provided that they deem it to be consistent with the law, they may proceed to SUMMON said defendants to appear for trial** at the domicile provided in the initial complaint, completing the certification mentioned in said international convention. Proceed to forward to the Ministry of Foreign Affairs for due processing. Due to the distance involved, the defendant is hereby granted an additional term of **THIRTY EXTRA DAYS** so that it may answer the complaint filed against it.

Along this line of thinking, and since the domicile provided by defendant **ESPIRITUD SANTO HOLDINGS, LP**, is located outside of the jurisdiction of this Court, including the necessary certificates proceed to send a respectful **ROGATORY LETTER TO THE COMPETENT JUDGE IN KEY BIZCAYNE, FLORIDA 33149, UNITED STATES OF AMERICA, so that, through their own means and in assistance to the duties of this Court, and provided that they deem it to be consistent with the law, they may proceed to SUMMON**



**SUPERIOR COURT OF JUSTICE OF MEXICO CITY**
*THE JUDICIARY OF MEXICO CITY*
*DEMOCRATIC GOVERNMENT BODY*
***SIXTY-THIRD COURT FOR CIVIL MATTERS***

**said defendant to appear for trial** at the domicile provided, completing the certification mentioned in said international convention. Proceed to forward to the Ministry of Foreign Affairs for due processing. And due to the distance involved, the defendant is hereby granted… [text cut off]