# EXHIBIT 4

ORIGINAL'



TRIBUNAL SUPERIOR DE JUSTICIA DE LA CDMX.
PRESIDENCIA
RECIBIDO
20 FEB 2019
OFICIALÍA DE PARTES COMÚN CIVIL,
CUANTÍA MENOR, ORALIDAD, FAMILIAR
Y SECCIÓN SALAS    No. 24

**SERVICIOS DIGITALES LUSAD, S. DE R.L. DE C.V.**
**VS**
**EDUARDO ZAYAS DUEÑAS Y SANTIAGO DE LEÓN AVELEYRA**
**JUICIO: ORDINARIO MERCANTIL**

191/19

**C. JUEZ DE LO CIVIL, EN TURNO.**
Presente

**TOMAS ANTONIO FREYMAN VALENZUELA,** promoviendo en mi carácter de apoderado general para pleitos y cobranzas de Servicios Digitales Lusad, S. de R.L. de C.V., con Registro Federal de Contribuyentes SDL150159S5, que en copia fotostática acompaño como **Anexo 1)**; personalidad que solicito se me reconozca al tenor del instrumento notarial que se exhibe como **Anexo 2)**, solicitando me sea devuelto previo cotejo que se haga con las fotostáticas que acompaño para tal efecto; señalando como domicilio para oír y recibir todo tipo de notificaciones, aún las personales, el Pent House del edificio "Pelletier", marcado con el número 237 de la calle de Torcuato Tasso, en la colonia Polanco V Sección, C.P. 11560, en la Ciudad de México; autorizando en términos del

1.

tercer párrafo del artículo 1069 del Código de Comercio, a los licenciados Carlos David Villasante Santoyo, con cédula profesional número 2613630; Angélica Janet Torres Lázaro, con cédula profesional número 6822340; Miguel Ángel Ortega Arellanes, con cédula profesional número 9678542; Ivan Genaro De La Cruz Ponce, con cédula profesional 2399671 y Mireya Martínez Gómez con cédula profesional número 11082666; a quienes faculto para promover conjunta o separadamente en los términos que se mencionan en el precepto legal invocado, y en general, para ejercer cualquier acto procesal en interés de mi representada; asimismo, autorizo para oír y recibir notificaciones, imponerse de los autos, fotografiar las constancias y recoger documentos y valores, firmando en lo necesario, a los señores Rafael Alejandro Corona Sánchez, Cynthia Coromoto Sánchez Molina, Ivonne Salgado Onofre, Salvador Velázquez Paris, Santiago Quiroz Pimienta, Alejandro Sánchez Fitz y Hugo Sánchez López, indistintamente; ante Usted respetuosamente expongo:

Con la personalidad que he dejado acreditada, misma que solicito se me reconozca desde luego, en representación de Servicios Digitales Lusad, S. de R.L. de C.V., en la vía ordinaria mercantil y con fundamento en los

2

artículos 1377, 1378 y demás relativos del Código de Comercio, demando de:

**(i)** Eduardo Zayas Dueñas, quien puede ser emplazado en Calle San Juan de Dios número 222, interior "C", Colonia Chimali Residencial, C.P. 14370, Tlalpan, Ciudad de México; y

**(ii)** Santiago León Aveleyra, quien puede ser emplazado en Sierra Vertientes número 844, Colonia Lomas de Chapultepec, C.P. 11000, Miguel Hidalgo, Ciudad de México.

El pago y cumplimiento de las siguientes:

## PRESTACIONES

**a)** La declaración judicial que en sentencia definitiva se sirva emitir su Señoría, en el sentido de que los demandados incurrieron en responsabilidad civil frente a Servicios Digitales Lusad, S. de R.L. de C.V., al haber suscrito y/o haber permitido se suscribiera el título de concesión identificado como

SEMOVI/DGSTPI/001/2016, en su texto reexpedido supuestamente el 13 de abril de 2018, al no haber mediado instrucciones por parte del consejo de gerentes de la sociedad, de conformidad con la cláusula Vigésima Cuarta, incisos (o) y (p), de los estatutos sociales de la actora.

b) La declaración judicial que en sentencia definitiva se sirva emitir su Señoría, en el sentido de que el demandado Santiago León Aveleyra incurrió en responsabilidad frente a la Sociedad, al haber suscrito el contrato de prestación de servicios con Deloitte Asesoría Financiera, S.C., no obstante que mediante resolución de 14 de diciembre de 2018 se acordó que esa facultad quedaba reservada al Director General de la sociedad, señor Fabio Massimo Covarrubias Piffer, desconociendo de esta manera, la resolución que al respecto y de forma únanime adoptó el Consejo de Gerentes de Lusad.

c) El pago de los daños y perjuicios ocasionados a Servicios Digitales Lusad, S. de R.L. de C.V., como consecuencia directa e inmediata del ilícito actuar de los demandados frente a la sociedad, mismos que se

4

liquidarán en ejecución de sentencia, de conformidad con el artículo 1348 del Código de Comercio.

d) La declaración judicial que en sentencia definitiva se sirva emitir su Señoría, en el sentido de que, en su carácter de miembro del consejo de gerentes de la ahora actora, el señor Eduardo Zayas Dueñas incurrió en responsabilidad civil frente a Servicios Digitales Lusad, S. de R.L. de C.V., al haber pretendido otorgar el perdón, en nombre y representación de ésta, dentro de las carpetas de investigación números FMH/MH-3/UI-1/S/D/00749/12-2018 y CI-FMH/MH-3/UI-1 S/D/00004/01-2019, en franca contravención a los intereses de la sociedad.

e) El pago de los gastos y costas que se generen por la tramitación de este juicio.

Fundan la presente demanda, los siguientes hechos y consideraciones de derecho:

**HECHOS**

**Constitución, transformación y**

Villasante & Freyman

| | |
|---|---|
| **[stamp:]**<br>**Superior Court of Mexico City**<br>**Presidency**<br>**Received: February 20, 2019**<br>**Common Civil Filing Office**<br>**Lesser Amounts, Oral Proceedings, Family**<br>**Law, and Chambers Section No. 24** | **Servicios Digitales Lusad, S. de R.L. de**<br>**C.V.**<br>**v.**<br>**Eduardo Zayas Dueñas and Santiago de**<br>**León Aveleyra**<br>**Type of Action: Ordinary Commercial**<br>**Action**<br>**[stamp:]**<br>**Superior Court of Mexico City**<br>**February 21, 2019 A [illegible] 03** |
| **To the Honorable Civil Judge on Duty.**<br>**Hand-delivered** | **Thirtieth Civil Chamber**<br>*12*<br>*191/19* |

**Tomas Antonio Freyman Valenzuela**, advocating in my capacity as general representative for lawsuits and collections for Servicios Digitales Lusad, S. de R.L. de C.V., with Federal Taxpayer No. SDL150159S5, I attach a copy as **Appendix 1;** I request you recognize my legal capacity in accordance with the notarial instrument I attach as **Appendix 2**, asking that it be returned to me after collation with the photocopies I attach for that purpose; indicating my domicile to hear and receive all types of notifications, including personal ones, as the Penthouse of the "Pelletier" Building at Torcuato Tasso No. 237, Colonia Polanco, Section V, C.P. 11560, Mexico City; authorizing, pursuant to

1

Article 1069 Paragraph 3 of the Commercial Code, the attorneys Carlos David Villasante Santoyo, Professional License No. 2613630; Angélica Jánet Torres Lázaro, Professional License No. 6822340; Miguel Ángel Ortega Arellanes, Professional License No. 9678542; Ivan Genaro De La Cruz Ponce, Professional License No. 2399671; and Mireya Martínez Gómez, Professional License No. 11082666, whom I authorize to advocate jointly or severally pursuant to the terms of the legal provision mentioned above and, in general, to realize any proceedings in the interest of my client; I also authorize Rafael Alejandro Corona Sánchez, Cynthia Coromoto Sánchez Molina, Ivonne Salgado Onofre, Salvador Velázquez Paris, Santiago Quiroz Pimienta, and Hugo Sánchez López, without distinction, to hear and receive notifications, participate in proceedings, take pictures of the proceedings, and gather documents and items of value, signing when required; I respectfully state before you:

[illegible stamp]

[signature]

With the legal capacity of which I have provided documentation, which I request be recognized as soon as possible, to represent Servicios Digitales Lusad, S. de R.L. de C.V., in an ordinary commercial action and based on

Articles 1377, 1378, and the other relevant articles of the Commercial Code, I petition that:

> **(i)**      Eduardo Zayas Dueñas, who may be served at Calle San Juan de Dios No. 222, Interior "C," Colonia Chimali Residential, C.P. 14370, Tlalpan, Mexico City; and

> **(ii)**     Santiago León Aveleyra, who may be served at Sierra Vertientes No. 844, Colonia Lomas de Chapultepec, C.P. 11000, Miguel Hidalgo, Mexico City,

[illegible stamp]

pay and perform the following:

**PRAYERS FOR RELIEF**

> **a)**      A declaratory judgment in the definitive ruling rendered by your Honor that the Respondents have incurred in civil liability to Servicios Digitales Lusad, S. de R.L. de C.V., for having entered into and/or allowed the entering into of the licenses identified as

SEMOVI/DGSTPI/001/2016 in a text supposedly reissued on April 13, 2018, without having been provided instructions by the Board of Directors of the Company pursuant to Section 24 subsections (o) and (p) of the Articles of Association of the Company.

[illegible stamp]

b)  The declaratory judgment in the definitive ruling rendered by your Honor that the Respondent Santiago León Aveleyra incurred in liability to the Company for having entered into a service agreement with Deloitte Asesoría Fianaciera, S.C., despite the fact that, via a resolution dated December 14, 2018, it was agreed that authority to do this was reserved to the General Manager of the Company, Mr. Fabio Massimo Covarrubias Piffer, and for thus having ignored the resolution the Management Board of Lusad adopted unanimously.

c)  The payment of damages and lost profits caused to Servicios Digitales Lusad, S. de R.L. de C.V., as a direct and immediate consequence of the Respondents' unlawful actions with respect to the Company, which damages shall be

quantified at the   enforcement of the ruling, pursuant to Article 1348 of the Commercial Code.

**d)**     The declaratory judgment in the definitive ruling rendered by your Honor that, in his capacity as a member of the Board of Directors of the plaintiff, Mr. Eduardo Zayas Dueñas incurred in civil liability to Servicios Digitales Lusad, S. de R.L. de C.V., for having attempted to issue a pardon in the name and as a representative of Servicios Digitales Lusad, S. de R.L. de C.V. in Investigation File Nos. FMH/MH-3/UI-1/S/D/00749/12-2018 and CI-FMH/MH-3/UI-1/S/D/00004/01-2019 in clear violation of the interests of the Company.

[illegible stamp]

**e)**     The payment of the expenses and costs related to these proceedings.

This complaint is based on the following facts and legal considerations:

**FACTS**

Foundation, change of legal form, and

por lo tanto, al habérseles perdido la confianza, en términos del artículo 162 de la Ley General de Sociedades Mercantiles, **cesaron en su encargo desde esa fecha**, lo que incluso se ratifica con la interposición de esta demanda.

Sin embargo, se tiene el temor fundado de que a pesar de lo anterior, los Eduardo Zayas Dueñas y Santiago León Aveleyra pretendan continuar ilegalmente por supuesto, ejerciendo el cargo de miembros del consejo de gerente de mi representada, no obstante que su encomienda ha cesado por disposición de la propia ley, prueba de ello, lo es la pretendida convocatoria a sesión del consejo de gerentes de Lusad suscrita por el señor Santiago León Aveleyra a celebrarse el próximo 21 de febrero de 2019.

**En virtud de lo anterior, es que solicito a su Señoría se sirva apercibir a los señores los Eduardo Zayas Dueñas y Santiago León Aveleyra, para que se abstengan de ejercer cualquier acto en ejercicio del cargo de miembros del consejo de gerentes de Servicios Digitales Lusad, S.de R.L. de C.V., al haber cesado el mismo y en específico, para que se abstengan de participar en la supuesta sesión del Consejo de Gerentes de dicha sociedad a celebrarse el próximo 21 de febrero**

**de 2019, apercibidos que de no hacerlo, con independencia de las responsabilidades penales y civiles en que puedan incurrir, así como de la nulidad absoluta de la que estaría viciada dicha sesión, se les impondrá como mediada de apremio un arresto por el término de 36 horas, lo anterior con fundamento en lo dispuesto por el artículo 1067 bis, fracción IV, del Código de Comercio.**

Lo anterior a efecto de evitar que los demandados continúen realizando actos que perjudiquen los intereses de la sociedad demandada y entorpeciendo su buen funcionamiento, así como evitar se engañen a terceros bajo el cobijo de una personalidad de la que carecen.

Asimismo, solicito que se notifique a los señores Fabio Massimo Covarrubias Piffer y Julio Alejandro Belmont Garibay, como miembros el consejo de gerentes de Lusad, así como al señor licenciado Rodrigo Núñez Sarrapy, en su carácter de secretario del consejo de gerentes, en los domicilios que más adelante se precisan, **para que se abstengan en participar o intervenir en cualquier acto en ejercicio del cargo que les ha sido conferido en el que intervengan los señores Eduardo Zayas Dueñas y**

74

**Santiago León Aveleyra ostentándose como miembros del Consejo de Administración, apercibidos que de no hacerlo, con independencia de las responsabilidades penales y civiles en que puedan incurrir, así como de la nulidad absoluta de la que estaría viciada dicha sesión, se les impondrá como mediada de apremio un arresto por el término de 36 horas, lo anterior con fundamento en lo dispuesto por el artículo 1067 bis, fracción IV, del Código de Comercio.**

A efecto de que su Señoría se encuentre en posibilidades de realizar lo anterior, señalo como domicilios de los señores: Fabio Massimo Covarrubias Piffer el ubicado en Montes Urales 455, sexto piso, colonia Lomas de Chapultepec, Ciudad de México; Julio A. Belmont Garibay, el ubicado en Motes Urales 750, tercer piso, Lomas de Chaputepec, Ciudad de México y Rodrigo Núñez Sarrapy, el ubicado en Prado Sur número 274, segundo piso, código postal 11000, Ciudad de México.

Por último y dado lo delicado del asunto, con el concoimiento de que a las 10 horas del próximo 21 de febrero de 2019, en el domicilio ubicado en Sierra Vertienes 844, colonia Lomas de Chapultepec, Alcaldía Miguel

75

therefore, due to having lost the trust, under the terms of Article 162 of the General Commercial Corporations Law, **from that date their position ceased**, and this is even ratified with the filing of this complaint.

However, there is founded fear that despite the foregoing, Eduardo Zayas Dueñas and Santiago León Aveleyra seek to continue, illegally of course, exercising the position of members of my client's board of directors, although their position has ceased through provision of the law itself, and proof of this is the sought call to meeting of Lusad's board of directors subscribed by Mr. Santiago León Aveleyra which is to take place on February 21, 2019.

**<u>By virtue of the foregoing, I hereby request your Honor to order Messrs. Eduardo Zayas Dueñas and Santiago León Aveleyra to abstain from exercising any act in exercise of the position of members of the board of directors of Servicios Digitales Lusad, S. de R.L. de C.V., due to their position having ceased, and specifically, to abstain from participating in the supposed meeting of said company's Board of Directors which is to take place on February 21, 2019, while being</u>**

TORCUATO TASSO DOS 37, 3° Y P.H., COL. POLANCO Y SECCIÓN, 11560, CDMX.
VILLASANTE-FREYMAN.COM

**warned that should they not do so, regardless of the criminal and civil liabilities in which they may incur, as well as the meeting would be affected of absolute annulment, they shall be detained for 36 hours as a coercive measure, with the foregoing being based on the provisions of Article 1067 bis, Section IV, of the Code of Commerce.**

The foregoing has the effect of preventing the defendants from continuing to carry out acts that affect the interests of the defendant company and obstructing its good operation, as well as preventing deceiving third parties under the shelter of a personality, which they lack.

Furthermore, I request that Messrs. Fabio Massimo Covarrubias Piffer and Mr. Julio Alejandro Belmont Garibay, as members of Lusad's board of managers, as well as Mr. Rodrigo Núñez Sarrapy, in his capacity as secretary of the board of managers, be notified at the addresses specified below, **so that they abstain from participating or intervening in any act in exercise of the position that they have been entrusted with, which Messrs. Eduardo Zayas Dueñas and Santiago León**

7 [illegible]

TORCUATO TASSO DOS 37, 3º Y P.H., COL. POLANCO Y SECCIÓN, 11560, CDMX.
VILLASANTE-FREYMAN.COM

**Aveleyra intervene in holding themselves as members of the Board of Directors, while being warned that should they not do so, regardless of the criminal and civil liabilities in which they may incur, as well as the meeting would be affected of absolute annulment, they shall be detained for 36 hours as a coercive measure, with the foregoing being based on the provisions of Article 1067 bis, Section IV, of the Code of Commerce.**

With the effect of your Honor being able to carry out the foregoing, I indicate the following persons' addresses to be as follows: Fabio Massimo Covarrubias Piffer, located at Montes Urales 455, sexto piso, colonia Lomas de Chapultepec, Ciudad de México; Julio A. Belmont Garibay, located at Montes Urales 750, tercer piso, Lomas de Chapultepec, Ciudad de México and Rodrigo Núñez Sarrapy, located at Prado Sur número 274, segundo piso, código postal 11000, Ciudad de México.

Lastly and given the delicateness of the matter, with the knowledge that at 10 a.m. on February 21, 2019, at the address located at Sierra Vertienes 844, colonia Lomas de Chapultepec, Alcadía Miguel

TORCUATO TASSO DOS 37, 3° Y P.H., COL. POLANCO Y SECCIÓN, 11560, CDMX.
VILLASANTE-FREYMAN.COM


## CERTIFIED TRANSLATION

I, Wolf Markowitz, Manager at Targem Translations, Inc., located at 143 Rodney Street in Brooklyn, New York, a language service firm with a track record of providing expert language services to the business and legal community of more than 50 years, do hereby certify that our team of translators, editors and proofreaders are professionally trained and vastly experienced in providing professional translations, from Spanish to English and vice versa; and they have professionally translated the document referenced as **"Civil Complaint – Excerpt 1"** from Spanish to English, faithfully, accurately and completely, to the best of their expertise and experience.

Date: April 18, 2019

_____
Wolf Markowitz

_____
Signature of Notary

ROCHAL WEISS
NOTARY PUBLIC-STATE OF NEW YORK
No 01WE6293785
Qualified in Kings County
My Commission Expires 12-16-2021




## CERTIFIED TRANSLATION

I, Wolf Markowitz, Manager at Targem Translations, Inc., located at 143 Rodney Street in Brooklyn, New York, a language service firm with a track record of providing expert language services to the business and legal community of more than 50 years, do hereby certify that our team of translators, editors and proofreaders are professionally trained and vastly experienced in providing professional translations, from Spanish to English and vice versa; and they have professionally translated the document referenced as **"Civil Complaint – Excerpt 2"** from Spanish to English, faithfully, accurately and completely, to the best of their expertise and experience.

Date: April 18, 2019

_____

Wolf Markowitz

_____

Signature of Notary

ROCHAL WEISS
NOTARY PUBLIC-STATE OF NEW YORK
No 01WE6293785
Qualified in Kings County
My Commission Expires 12-16-2021

