UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

ESPIRITU SANTO HOLDINGS, LP,

                      Petitioner,

-against-

LIBERO PARTNERS, LP; ESPIRITU SANTO
TECHNOLOGIES, LLC,

                      Respondents.

------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/16/19

No. 19 Civ. 3930 (CM)

**PRELIMINARY INJUNCTION**

McMahon, C.J.:

    I have reviewed the parties' proposed forms of injunction. Respondents'—which merely enjoins them and their privies from taking any action to compromise Petitioner's "interest" in the business of the partnership—is far too narrow (or at least can be interpreted in far too narrow a manner) to address the irreparable harm found by the Court, which is the exclusion of Petitioner from its right to co-manage and co-control the entire business of the partnership.

    Respondents are correct that the ICC Rules provide for the awarding of provisional remedies, should any party request them. If an application for provisional relief should be made in connection with the ICC Arbitration, and granted, then this injunction would have to give way. The injunction so provides. However, as the parties expressly agreed to vest exclusive jurisdiction in this court with respect to an award of injunctions in aid of arbitration, this court will not direct Petitioner to make such an application.

    The text of the preliminary injunction follows.

Upon the declaration of Santiago Léon Aveleyra, dated April 30, 2019, and the exhibits thereto [ECF No. 21]; the declarations of David Dunn, dated May 2, 2019, and the exhibits thereto [ECF Nos. 19, 20]; Petitioner Espiritu Santo Holdings, LP's ("ES Holdings" or "Petitioner") Emergency Petition for Injunctive Relief in Aid of Arbitration, dated May 2, 2019 (the "Petition") [ECF No. 1]; ES Holdings' accompanying Memorandum of Law, dated May 2, 2019 [ECF No. 18]; the Order to Show Cause for Preliminary and Injunction and Temporary Restraining Order (the "Order to Show Cause") issued by this Court on May 2, 2019 [ECF No. 3]; the Undertaking on Temporary Restraining Order, dated May 2, 2019 [ECF No. 8]; ES Holdings' Supplemental Memorandum of Law, dated May 9, 2019 [ECF No. 13]; and the hearing held before this Court on May 13, 2019, resulting in the Court's Memorandum Decision and Order Granting In Part and Denying in Part Petitioner ESH's Motion for Preliminary Injunction in Aid of Arbitration (the "Memorandum Decision") [ECF No. 33], and good and sufficient cause appearing therefore, and

Having considered the proposed forms of order of injunction submitted by the parties [ECF No. 36 and 38]; it is hereby

ORDERED, that Respondent L1bero Partners, LP ("L1bero Partners" or "Respondent"), its principals and all persons acting in concert with them, including, without limitation, Fabio Covarrubias Piffer, Ricardo Salinas Pliego, Francisco José Flores Meléndez, and its employees, attorneys, agents, officers, directors, parents, subsidiaries, affiliates and/or assignees, are enjoined from taking any actions, without the express written consent of Petitioner, that would eliminate, diminish, or compromise Petitioner's equal ownership stake in, and/or its right under the Partners Agreement dated December 6, 2017, as guaranteed by Delaware law (which by agreement of the signatories to that Agreement governs their relations) to equal participation in the management and control of, any business venture, anywhere in the world, that is affiliated with or derived from

Petitioner's interest, ownership, and participation in the management and/or control of Respondent Espiritu Santo Technologies, LLC ("ES Technologies"), including its direct and indirect subsidiaries/affiliates including but not limited to L1bre Holding LLC ("L1bre Holding"), L1bre LLC, L1bre Technologies, Servicios Digitales Lusad, S. de R.L. de C.V. ("Lusad"), Servicios Administrativos Lusad, S. de R.L. de C.V. ("Servicios Administrativos Lusad"), Lusad Servicios, S. de R.L. de C.V. ("Lusad Servicios"), L1bre Jalisco, and/or L1bre Nuevo León (hereinafter collectively "the L1bre Group"). This injunction extends to all matters affecting the control of the business of the L1bre Group, including, without limitation:

(1) the use, licensing or deployment of (a) the L1bre trade name or associated trademarks, (b) the L1bre digital taximeter technology and related software, or (c) other trade secrets associated with the L1bre business;

(2) making any change in the corporate status, identity of directors, shareholding interest, or other ownership, managerial, or control rights of any company contemplated by the Partners Agreement (including, without limitation, ES Technologies and all members of the L1bre Group);

(3) issuing directives or making business decisions on behalf of any company contemplated or governed directly or indirectly by the Partners Agreement, including without limitation, ES Technologies, and the L1bre Group, in violation of the Partners Agreement or to the exclusion of Petitioner or its appointed directors, including but not limited to (i) any decisions relating to the commencement of litigation or other proceedings, and specifically to the initiation or settlement of the NAFTA Claim, or (ii) any matters that concern or relate to the Mexico City or Nuevo León concessions, or (ii) any matters relating to any other concession; and it is further

ORDERED, that the directors appointed by Petitioner to the Board of any company governed directly or indirectly by the Partners Agreement, including without limitation, ES Technologies and the members of the L1bre Group, shall have unrestricted and unfettered access to any and all corporate, financial, and accounting information and documents of all such companies, including, but not limited to, documents relating to the NAFTA notice of intent against Mexico (the "NAFTA Claim"), the articles of incorporation of L1bre Nuevo León and L1bre Jalisco, and all documents and communications concerning the Mexico City and Nuevo León concessions and their processes; and it is further

ORDERED, that security in the amount of $50,000.00, posted in accordance with the court's order of May 2, 2019 and posted with the Clerk of Court on May 3, 2019, shall remain in place and shall apply with respect to this Order, until further order of the Court; and it if further.

ORDERED, that this injunction shall continue in place until such time as the International Chamber of Commerce ("ICC") shall enter any provisional or final award in connection with a certain Arbitration (the "ICC Arbitration") commenced by Petitioner against Respondents on or about May 1, 2019, which award would by its terms supplant this injunction in aid of arbitration.

Dated: New York, New York
     May 16, 2019
     12:00 PM

_____
Chief United States District Judge

BY ECF TO ALL COUNSEL