# Exhibit X

## CERTIFIED TRANSLATION

I, Wolf Markowitz, Manager at Targem Translations, Inc., located at 143 Rodney Street in Brooklyn, New York, a language service with a firm track record of providing expert language services to the business and legal community of more than 50 years, do hereby certify that our team of translators, editors and proofreaders are professionally trained and vastly experienced in providing professional translations, from Spanish to English and vice versa; and they have professionally translated the document referenced as **"Lusad Brief of 17 May 2019"** from Spanish to English, faithfully, accurately and completely, to the best of their expertise and experience.

Date: July 11, 2019

_____
Wolf Markowitz

_____
Notary

ROCHAL WEISS
ARY PUBLIC-STATE OF NEW YORK
No 01WE6293785
Qualified in Kings County
My Commission Expires 12-16-2021

## VILLASANTE & FREYMAN

[Handwritten:] *530*

MEXICO CITY            S/A

[illegible] May 17 [illegible]      [handwritten:] *95*

[illegible]

**SERVICIOS DIGITALES LUSAD,
S. DE R.L. DE C.V.**
                                    **V.**
**EDUARDO ZAYAS DUEÑAS ET AL**

**JUDGMENT: COMMERCIAL ORDINARY
CASE: 191/2019
CLERK'S OFFICE "A"**

**YOUR HONOR THE THIRTIETH CIVIL JUDGE.**

[illegible stamp]

    **TOMÁS ANTONIO FREYMAN VALENZUELA,** an attorney with professional ID 4987813, operating in my capacity as general attorney for claims and collections for Servicios Digitales Lusad, S. de R.L. de C.V., (hereinafter **"Lusad"**),  come before You and respectfully state:

    As we find from the case files, by a ruling on February 21 of this year, Your Honor required the co-defendants, among them obviously Santiago León Aveleyra, to submit the following documents in response to your demand, based on the provisions of article 89 of the Federal Code of Civil Procedure:

    a) The original or a certified copy of concession deed SEMOVI/DGSTPI/001/2016, granted to my

1

**Scanned with CamScanner**

**VILLASANTE & FREYMAN**

[Handwritten:] *531*

client and that was fully identified in the initial pleading of the lawsuit, and

b) The new concession deed signed by Mr. Zayas Dueñas on November 7, 2018.

In this resolution, it was established as a warning to the co-defendants that not submitting it would make the assertions that my client made in regards to those document facts.

It is important to point out that the relevant section of the order quoted here has remained final, because while another co-defendant filed an appeal against that decision, it was not in regards to the requirement made of them but rather for other

[illegible stamp]

**Scanned with CamScanner**

**VILLASANTE & FREYMAN**

[Handwritten:] *532*

[sic] of my client, that of submitting this document in the terms of what applicable legislation establishes.

The fact is, Your Honor, that:

(i)   The order in question, in regards to the requirement I am referring to, was final;

(ii)  The co-defendant León Aveleyra, as a party to this judgment and having them in his possession (which he did not deny) has the obligation to display the documentation required, regardless of whether my client could or could not request an authenticated copy of it, and

(iii) Mr. León Aveleyra did not deny that he had in his possession the documentation that was required of him and much less that it was impossible.

By virtue of the above, based on the provisions of article 1078 of the Code of Commerce, I submit that Mr. León Aveleyra is in contempt, in that he did not display in this case, within the term he was granted, the documents that were specified above, and as a result of

3

**Scanned with CamScanner**

## VILLASANTE & FREYMAN

[Handwritten:] *533*

this omission, I request that Your Honor make effective the warning decreed in the records, that is, that the assertions my client made in his initial lawsuit pleading in regards to those documents be deemed facts.

Given the above:

I kindly request that **YOUR HONOR**:

**SINGLE:** admit the contempt claimed in the body of this petition, and make effective the warning decreed in the order of February 21, 2019.

I swear that the above is true and correct.

Mexico City, May 17, 2019

[signature]

**TOMÁS ANTONIO FREYMAN VALENZUELA**

4

TORCUATO LASSO DOS 37, PH. CO. POLANCO V SECCION
11560 MEXICO CITY
VILLASANTEFREYMAN.COM

**Scanned with CamScanner**





**SERVICIOS DIGITALES LUSAD, S. DE R.L. DE C.V.**
**VS**
**EDUARDO ZAYAS DUEÑAS Y OTRO**
**JUICIO: ORDINARIO MERCANTIL**
**EXPEDIENTE: 191/2019**
**SECRETARÍA "A"**

**C. JUEZ TRIGÉSIMO DE LO CIVIL.**

**TOMÁS ANTONIO FREYMAN VALENZUELA**, abogado con cédula profesional 4987813, promoviendo en mi carácter de apoderado general para pleitos y cobranzas de Servicios Digitales Lusad, S. de R.L. de C.V., (en adelante **"Lusad"**), ante Usted respetuosamente expongo:

Tal y como se desprende de autos, mediante resolución de 21 de febrero del año en curso, su Señoría requirió a los codemandados, entre ellos por supuesto, Santiago León Aveleyra, para que con fundamento en lo dispuesto por el artículo 89 del Código Federal de Procedimientos Civiles, exhibiera al dar respuesta a su demanda, los siguientes documentos:

a) El original o copia certificada del título de concesión SEMOVI/DGSTPI/001/2016otrgado en favor de mi

TORCUATO TASSO DOS 37, P.H. COL. POLANCO V SECCIÓN, 11560 CIUDAD DE MÉXICO VILLASANTE-FREYMAN.COM

1

**Scanned with CamScanner**

VILLASANTE & FREYMAN 

mandante y que quedó plenamente identificado en el escrito inicial de demanda, y

b) El nuevo título de concesión que firmó el señor Zayas Dueñas el 7 de noviembre de 2018.

En esa resolución se estableció como apercibimiento a los codemandados que de no exhibirlo se les tendría por ciertas las afirmaciones que mi poderdante realizó en relación a esos documentos.

Es importante destacar que la parte conducente del auto que se cita ha quedado firme, pues si bien diverso codemandado interpuso recurso de apelación en contra de dicha determinación, no lo fue por cuanto hace al requerimiento que le fuera formulado sino por otras

Scanned with CamScanner

VILLASANTE & FREYMAN

de mi poderdante la de exhibir ese documento en términos de lo que establece la legislación aplicable.

Lo cierto es su Señoria que:

(i)   El auto en comento, por lo que hace al requerimiento que me refiero, se encuentra firme;

(ii)  El codemandado León Aveleyra, al ser parte en el presente juicio y tenerlos en su posesión(lo cual no negó) tiene la obligación de exhibir la documentación que se le requiera, con independencia de que si mi mandante estaba en posibilidades o no de solicitar copia autentificada del mismo, y

(iii) El señor León Aveleyra no negó tener en posesión la documentación que se le requirió y mucho menos, tener imposibilidad para ello.

En virtud de lo anterior, con fundamento en lo dispuesto por el artículo 1078 del Código de Comercio, acuso la rebeldía en que incurrió el señor León Aveleyra al no haber exhibido dentro del juicio en que se actúa en el plazo que para tal efecto le fue concedido, los documentos que han quedado precisados con anterioridad y como consecuencia a

TORCUATO TASSO NOS 37, F H  Col. POLANCO V SECCIÓN,
11560 CIUDAD DE MÉXICO
VILLASANTE REYMAN.COM

3

Scanned with CamScanner



VILLASANTE & FREYMAN

esa conducta omisiva, solicito a su Señoria se le haga efectivo el apercibimiento decretado en autos, esto es, que se tengan por ciertas las afirmaciones que mi poderdante realizó en su escrito inicial de demanda en relación a esos documentos.

Por lo expuesto;

**A USTED C. JUEZ**, atentamente pido se sirva:

**UNICO:** tener por acusada la rebeldía que se hace valer en el cuerpo del presente ocurso, haciendo efectivo el apercibimiento decretado en auto de 21 de febrero de 2019.

Protesto lo necesario,

Ciudad de México, a 17 de mayo de 2019

**TOMÁS ANTONIO FREYMAN VALENZUELA**

Scanned with CamScanner