# Exhibit BB

## CERTIFIED TRANSLATION

I, Wolf Markowitz, Manager at Targem Translations, Inc., located at 143 Rodney Street in Brooklyn, New York, a language service with a firm track record of providing expert language services to the business and legal community of more than 50 years, do hereby certify that our team of translators, editors and proofreaders are professionally trained and vastly experienced in providing professional translations, from Spanish to English and vice versa; and they have professionally translated the documents referenced as **"Lusad's motion in Commercial Proceeding"** from Spanish to English, faithfully, accurately and completely, to the best of their expertise and experience.

Date: June 13, 2019

_____
Wolf Markowitz

_____
Notary

ROCHAL WEISS
NOTARY PUBLIC-STATE OF NEW YORK
No 01WE6293785
Qualified in Kings County
My Commission Expires 12-16-2021

**TARGEM TRANSLATIONS**
143 Rodney Street, Brooklyn, NY 11211   info@targemtranslations.com   718 384 8040   718 388 3516

SERVICIOS DIGITALES LUSAD, S.
DE R.L. DE C.V.
VS.
EDUARDO ZAYAS DUEÑAS Y
SANTIAGO LEÓN AVELEYRA.
JUICIO ORDINARIO MERCANTIL
EXPEDIENTE: 191/2019
SECRETARÍA "A"

C. JUEZ TRIGÉSIMO DE LO CIVIL
DE LA CIUDAD DE MÉXICO.
P r e s e n t e.

**TOMÁS ANTONIO FREYMAN VALENZUELA**, abogado con cédula profesional número 4987813, promoviendo en mi carácter de apoderado general para pleitos y cobranzas de Servicios Digitales Lusad, S. de R.L. de C.V. (en adelante únicamente "**Lusad**"), personalidad que tengo debidamente acreditada y reconocida en los autos del juicio que al rubro se cita, ante Usted, con el debido respeto, comparezco y expongo:

En legales tiempo y forma, *Ad Cautelam* del recurso de apelación de tramitación conjunta que se ha hecho valer mediante diverso escrito en contra del auto de fecha 24 de mayo de 2019, desahogo la vista que se ordenó dar a mi mandante

VILLASANTE & FREYMAN 

con: (i) El ofrecimiento de una supuesta prueba superveniente y (ii) con la infundada e improcedente excepción "superviniente" opuesta por el codemandado Santiago León Aveleyra, lo que hago en los términos siguientes:

**I. POR LO QUE SE REFIERE A LA SUPUESTA PRUEBA SUPERVENIENTE:**

a) En primer término, en cuanto a la resolución que se pretende ofrecer como prueba superveniente, debe señalarse que su ofrecimiento resulta ser extemporáneo, pues si la misma fue emitida el 16 de mayo del año en curso, fecha en la que de su existencia tuvo conocimiento la contraparte, el término de tres días para aportarla al presente juicio corrió del día 17 de mayo de 2019 al 21 de ese mes y año.

El codemandado no ofreció este medio de convicción sino hasta el día 22 de mayo de 2019, esto es, una vez que el término de tres días con el que contaba para ello había ya fenecido, sin embargo, pretende engañar a su Señoría sosteniendo que el medio de prueba de mérito fue ofrecido en tiempo, argumentando para ello que el día 17 de mayo

VILLASANTE & FREYMAN

de 2019, surtió efectos la notificación y por ende el plazo comenzó a correr el 18 de mayo del año en curso.

La resolución que como prueba superveniente pretende ofrecer en este procedimiento el codemandado, no fue dictada dentro del presente juicio, ni por una autoridad jurisdiccional nacional dentro de un juicio que se tramitara en México, por lo tanto, la notificación de la misma no surte al día siguiente, por lo que el término de su ofrecimiento comenzó a correr al día siguiente, es decir, el 17 de mayo y venció el 21 de ese mismo mes y año.

b) El codemandado León Aveleyra, pretende que una resolución pronunciada en el extranjero respecto de unas medidas provisionales previas al inicio de un procedimiento extranjero, surta efectos en territorio nacional, aún y cuando no se realizó el procedimiento de cooperación internacional para que la misma sea ejecutable en México, lo que evidentemente no es procedente.

c) Asimismo, pretende que surta efectos como de una cosa juzgada lo que es a todas luces infundado e improcedente, pues amén de que mi mandante no es parte en ese procedimiento y por lo tanto no la vincula, la Juez

VILLASANTE & FREYMAN

633

extranjera carece de competencia para determinar que una sociedad de nacionalidad mexicana, cuyo funcionamiento se rige por las leyes nacionales, se vea impedida a ejercer y continuar con el ejercicio de los derechos de los que es titular, lo que violenta el orden público de nuestro país.

d) En cuanto al fundamento que utiliza el codemandado para ofrecer la prueba de marras, es de señalarse que ese precepto legal no es aplicable al caso concreto, al existir disposición expresa en el Código de Comercio.

En síntesis la prueba que como superviniente ofrece el codemandado, además de ser extemporánea no surte, ni tiene los alcances legales que él pretende otorgarle.

## II. EN CUANTO A LA EXCEPCIÓN SUPERVENIENTE:

a) También resulta extemporánea la excepción que se contrae, pues la fecha para hacerla valer, ateniendo a los argumentos vertidos con anterioridad, venció el 21 de mayo del año en curso, mientras que el codemandado la expuso el 22 de mayo de 2019, esto es, una vez que había fenecido el plazo con el que contaba para ello.

4

TORCUATO TASSO DOS 37, 3° Y P.B., COL POLANCO V SECCIÓN, 11560, CIUDAD DE MÉXICO.
VILLASANTEFREYMAN.COM

VILLASANTE & FREYMAN

b) Como fuere, la excepción opuesta resulta a todas luces infundada e improcedente, en ella jamás se resolvió, simple y sencillamente porque ello sería contrario a derecho, que una sociedad mexicana, como lo es mi mandante, que se rige por la legislación nacional, se vea impedida a ejercer los derechos que ésta le concede, so pretexto de que unas personas morales de nacionalidad extranjera, que no son sus socias (esto es, que no son titulares de las partes sociales en que se divide su capital social) y que se encuentran inmersas en diversa controversia, hubieren celebrado un contrato que le es ajeno y definitivamente no la vincula.

c) Espíritu Santo Holdings, LP, Líbero Partners, LP, y Espíritu Santo Technologies, LLC, ni mucho menos los codemandados, son socios de mi mandante, por lo tanto ellos no pueden de forma alguna afectar o intervenir en el funcionamiento interno de la sociedad actora.

d) Es falso que se haya resuelto que las resoluciones del 14 de febrero de 2019, adoptadas por la totalidad de los socios de mi mandante hayan sido resueltas como nulas a través de la resolución que ahora se ofrece como prueba,

VILLASANTE & FREYMAN

635

en dicho procedimiento jamás hubo una declaración en ese sentido; inclusive su Señoría, dichas resoluciones ni siquiera fueron materia de la medida que invoca el codemandado, pues amén de que ellas fueron adoptadas con anterioridad, y jamás se resolvió que quedaran sin efectos, los socios de mi mandante, quienes las adoptaron, tampoco son parte en ese procedimiento.

e) Resulta de explorado derecho que en nuestro país los contratos que celebren los socios de una persona moral de naturaleza mercantil, únicamente los vincula a éstos y no a la sociedad, por lo que los pactos en el acuerdo de voluntades por aquellas celebrados, no rigen en el funcionamiento de la sociedad, ni pueden traer como consecuencia la nulidad de los actos en que ella es parte o interviene.

La única consecuencia que pudiera traer la violación a un contrato de socios, son acciones personales entre ellos y no en contra de la sociedad, como absurdamente lo pretende el excepcionista.

VILLASANTE & FREYMAN

f) El codemandado no expone motivo o razón legal alguna que siquiera pueda advertir algún vicio en las resoluciones de 14 de febrero de 2019, que puedan traer su nulidad, pues la resolución en que hace descansar la misma no es ni puede ser causa para ello.

Como se desprende de lo anterior, la excepción opuesta y que ahora se contrae es a todas luces infundada e improcedente y así deberá ser declarada por su Señoría.

Por lo expuesto;

A USTED C. JUEZ, atentamente pido:

**PRIMERO:** Tenerme por presentado con la personalidad que ostento, en legales tiempo y forma, desahogando *Ad Cautelam* la vista que se ordenó dar a mi poderdante mediante auto de fecha 24 de mayo de 2019.

7

VILLASANTE & FREYMAN

ORIGINAL

**SEGUNDO**: Con motivo de las manifestaciones vertidas en el inciso I de este documento, desechar la prueba documental "Superveniente" que la contraparte ha ofrecido.

**TERCERO**: En su oportunidad, desestimar por infundada e improcedente la excepción que como superviniente hace valer el codemandado Santiago León Aveleyra, además de haber sido opuesta de forma extemporánea.

Protesto lo necesario,
Ciudad de México a 31 de mayo de 2019.

**TOMAS ANTONIO FREYMAN VALENZUELA**

VILLASANTE & FREYMAN                                        630


[Illegible text]
RECEIVED
31 MAY 2019
[Illegible text]

ORIGINAL

SERVICIOS DIGITALES LUSAD, S. DE R.L. DE C.V.
V.
EDUARDO ZAYAS DUEÑAS AND SANTIAGO LEÓN AVELEYRA.
COMMERCIAL ORDINARY PROCEEDING
FILE: 191/2019
OFFICE OF THE SECRETARY "A"

SUPERIOR COURT
[Illegible text]
2019 JUN 3 9:06 AM
THIRTIETH COURT FOR CIVIL MATTERS

**YOUR HONOR, JUDGE OF THE THIRTIETH COURT FOR CIVIL MATTERS OF MEXICO CITY**
Hand Delivered.

I, **TOMÁS ANTONIO FREYMAN VALENZUELA,** a practicing attorney with professional license number 4987813, acting in my capacity as legal representative with authority for lawsuits and collections of Servicios Digitales Lusad, S. de R.L. de C.V., (hereinafter **"Lusad"**), a capacity that is duly accredited and recognized in the case record of the aforementioned proceedings, hereby come before You, and respectfully state as follows:

In due time and form, *Ad Cautelam* of the joint appeal that has been filed through another writ against the order of May 24, 2019, I hereby come to satisfy the order made to my client to respond to allegations made by:

1

(i) the offering of an alleged supervening evidence, and (ii) with the unfounded and inadmissible "supervening" defense raised by co-defendant Santiago León Aveleyra, which I do in the following terms:

### I.   REGARDING THE ALLEGED SUPERVENING EVIDENCE:

a) First of all, regarding the resolution that is intended to be offered as supervening evidence, it should be noted that its offering was made in an untimely fashion, because, if said evidence was issued on May 16 of this year, which is the date the counterparty became aware of its existence, the three-day period established to submit it in this proceeding elapsed from May 17, 2019 to May 21 of the same year.

It was only on May 22, 2019, that the co-defendant offered said means of evidence, in other words, after the three-day period he had to do so had already expired; however, he intends to deceive Your Honor by arguing that the means of evidence in question was offered in due time, alleging for that purpose that

**VILLASANTE & FREYMAN**                                                                 *632*

the notification took effect only on May 17, 2019, and therefore the term only began to run on May 18 of this year.

The resolution that the co-defendant intends to offer as supervening evidence in this proceeding was not issued within this case, nor was it issued by an authority of national jurisdiction within a case being processed in Mexico; therefore, its notification does not take effect on the next day, and thus the term to offer said evidence began running as of the next day, in other words, on May 17, expiring on the 21st of that same month and year.

b) The co-defendant, León Aveleyra, seeks to have a resolution issued abroad regarding temporary measures prior to the beginning of a foreign proceeding, take effect in domestic territory, even though the international cooperation procedure for it to be enforceable in Mexico was never carried out, which is clearly inadmissible.

c) Likewise, the co-defendant seeks for the resolution to take the effect of *res judicata*, which is obviously groundless and inadmissible, because in addition to the fact that my client is not a party to that proceeding and therefore the ruling is not binding upon it, the foreign judge

3

TORCUATO TASSO DOS 37, 3 Y P.H, COL. POLANCO V SECCIÓN
1 | 560, CIUDAD DE MÉXICO
VILLASANTE-FREYMAN.COM

has no jurisdiction to determine that a Mexican company, whose operation is governed by national laws, should be prevented from exercising and continuing to exercise its rights, which violates public order in our country.

d) Regarding the legal grounds used by the co-defendant to offer the aforementioned evidence, it should be noted that said legal provision is not applicable to the specific case, as there is an express provision in the Commercial Code.

In summary, the evidence offered by the co-defendant as supervening evidence, in addition to being untimely, does not have the legal scope that he intends to grant to it.

II. **REGARDING THE SUPERVENING DEFENSE:**

a) The defense raised is also untimely since, following the same arguments previously made, the date to assert it expired on May 21 of this year, and the co-defendant only brought it up on May 22, 2019, in other words, once the deadline to do so had expired.

b)  In any event, the defense raised is clearly groundless and inadmissible. In it, it was never decided, simply because doing so would be against the law, that a Mexican company, such as my client, that is governed by national legislation, should be prevented from exercising the rights granted to it by said legislation, under the pretext that some foreign companies, that are not its shareholders (in other words, that do not hold a stake in the capital stock of the company) and that are involved in a different dispute, entered into a contract to which my client is not a party and which most certainly does not bind it.

c)  Neither Espiritu Santo Holdings, LP, nor L1bero Partners, LP, nor Espiritu Santo Technologies, LLC, let alone the co-defendants, are shareholders of my client, and therefore they may in no way affect or intervene in the internal operations of the plaintiff company.

d)  It is false that it has been resolved that the resolutions of February 14, 2019, adopted by all the shareholders of my client, have been declared null and void through the resolution that is now being offered as evidence. There was never

such a declaration in that sense in said proceeding. What's more, Your Honor, these resolutions were not even subject to the measure invoked by the co-defendant, because in addition to the fact that they were adopted in advance – and it was never resolved that they were left without effect – my client's shareholders, who adopted them, are also not a party to that proceeding.

e) It is established law that in our country, any contracts signed by the shareholders of a business company, only bind the shareholders and not the company itself, and therefore the agreements they signed do not govern the company operations, nor can they bring as a consequence the nullity of the acts to which the company is a party or in which it intervenes.

The only consequence that a breach of a shareholders contract may bring about are personal actions between them, and not against the company, as the objector absurdly intends.

f) The co-defendant does not state any legal grounds that can even give a glimpse of a defect in the resolutions of February 14, 2019, that may bring about their nullity, because the resolution he relies on to allege said nullity is not and cannot be a cause for it.

As can be gathered from the foregoing, the defense raised and referred to herein is clearly groundless and inadmissible, and it must be declared so by Your Honor.

In view of the foregoing,

I hereby respectfully request from **YOUR HONOR** the following:

**ONE:** To deem me as having appeared in the capacity in which I act, in due time and form, to respond *Ad Cautelam* to the request issued to my client through the order of May 24, 2019.

**VILLASANTE & FREYMAN**  *637*

**TWO:** Based on the statements made in subsection 1 of this document, to discard the "supervening" documentary evidence that the counterparty has offered.

**THREE:** In due time, to dismiss as groundless and inadmissible the defense raised as supervening by co-defendant Santiago León Aveleyra, in addition to having been raised in an untimely manner.

Duly affirmed under penalty of perjury.

Mexico City, May 31, 2019

[Illegible signature]

**TOMAS ANTONIO FREYMAN VALENZUELA**