# EXHIBIT 2

UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse 40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

**Docket Number(s):** 19-1665

**Caption [use short title]**

**Motion for:** Emergency Motion to Expedite Appeal

Set forth below precise, complete statement of relief sought:

Expedited Appeal

Appellee's Brief due: August 22, 2019

Appellant's Reply Brief due: September 5, 2019

Oral argument to be held as soon as practicable thereafter

Response to this motion due: August 5, 2019

Requested court ruling on this motion: August 9, 2019

Espiritu Santo Holdings v. L1bero Partners

**MOVING PARTY:** Appellant L1bero Partners, LP
**OPPOSING PARTY:** Appellee Espiritu Santo Holdings, LP

☐ Plaintiff ☐ Defendant
☑ Appellant/Petitioner ☐ Appellee/Respondent

**MOVING ATTORNEY:** Brian A. Sutherland
**OPPOSING ATTORNEY:** David Dunn

[name of attorney, with firm, address, phone number and e-mail]

Reed Smith LLP, 599 Lexington Avenue, New York, NY 10022, Tel: (212) 521-5400, bsutherland@reedsmith.com

Hogan Lovells US LLP, 390 Madison Avenue, New York, NY 10017, Tel: (212) 918-3000, david.dunn@hoganlovells.com

**Court-Judge/Agency appealed from:** U.S. District Court for the Southern District of New York (Hon. Colleen McMahon)

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes ☐ No (explain):

Opposing counsel's position on motion:
☐ Unopposed ☑ Opposed ☐ Don't Know
Does opposing counsel intend to file a response:
☑ Yes ☐ No ☐ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**
Has this request for relief been made below? ☐ Yes ☑ No
Has this relief been previously sought in this court? ☐ Yes ☑ No
Requested return date and explanation of emergency:
Request return date: August 9, 2019. Expedited review is necessary to protect against further undue harm caused by an improperly issued injunction ahead of an arbitration that will ultimately decide the parties' underlying disputes.

Is oral argument on motion requested? ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set? ☐ Yes ☑ No If yes, enter date:

**Signature of Moving Attorney:**
/s/ Brian A. Sutherland **Date:** 08/01/2019 **Service by:** ☑ CM/ECF ☐ Other [Attach proof of service]

CM/ECF service on all counsel of record

Form T-1080 (rev.12-13)

# 19-1665

# United States Court of Appeals for the Second Circuit

ESPÍRITU SANTO HOLDINGS, LP,

*Petitioner-Appellee,*

*v.*

L1BERO PARTNERS, LP,

*Respondent-Appellant,*

ESPÍRITU SANTO TECHNOLOGIES, LLC,

*Respondent.*

Appeal from the United States District Court for the Southern District of New York, No. 19 Civ. 3930 (Hon. Colleen McMahon)

**APPELLANT L1BERO PARTNERS, LP'S EMERGENCY MOTION TO EXPEDITE APPEAL**

M. Patrick Yingling
REED SMITH LLP
10 South Wacker Drive
Chicago, IL 60606
Tel: (312) 207-1000

Brian A. Sutherland
Steven Cooper
Colin A. Underwood
REED SMITH LLP
599 Lexington Avenue
New York, NY 10022
Tel: (212) 521-5400
bsutherland@reedsmith.com

*Counsel for L1bero Partners, LP*

# **EMERGENCY MOTION TO EXPEDITE APPEAL**[1]

Pursuant to Local Rule 27(d), Appellant L1bero Partners, LP hereby moves for an expedited appeal, which is necessary to resolve ongoing disputes relating to an injunction that is the subject of the appeal. With its recently filed motion to hold L1bero Partners in civil contempt, Appellee Espíritu Santo Holdings LP ("ES Holdings") seeks to extend the district court's injunction order and inflict as much damage as possible on L1bero Partners in the lead up to the parties' arbitration, which will decide their underlying disputes, all before this Court can review and correct the district court's errors.

L1bero Partners respectfully proposes that the Court order that any response to this emergency motion be filed on or before August 5, 2019; that the Court rule on this motion on or before August 9, 2019; and that merits briefs be filed on the following schedule:

- Appellee's Brief due: August 22, 2019

- Appellant's Reply Brief due: September 5, 2019 (with oral argument to be held as soon as practicable thereafter)

---

[1] Pursuant to Local Rule 27.1(d)(1), Counsel for L1bero Partners provided advance notice to the clerk and opposing counsel earlier this morning, August 1, 2019, of L1bero Partners' intent to file this emergency motion.

1

## BACKGROUND[2]

ES Holdings and L1bero Partners each own 50 percent of ES Technologies, a Delaware holding company whose operating subsidiaries are incorporated in Mexico. An arbitration panel will decide whether ES Holdings and L1bero Partners breached their duties and obligations to one another under a contract governing their relationship and ownership interests, the Partners Agreement.

On May 2, 2019, ES Holdings filed an emergency petition for an injunction in aid of arbitration. That same day, the district court ordered L1bero Partners to show cause why an injunction should not issue and, on May 13, 2019, held a hearing on the petition. The next day, May 14, 2019, the district court issued a 55-page decision concluding that an injunction in aid of arbitration should issue. (SPA 4–58) On May 16, 2019, the district court entered a preliminary injunction prohibiting L1bero Partners and its principal, Fabio Covarrubias, from "making business decisions" "without the express written consent" of ES Holdings. (SPA 59–62) The order essentially rewrote the parties' agreements and left the parties deadlocked. On June 4, 2019, L1bero Partners filed a timely notice of appeal. (A. 1061)

---

[2] A more comprehensive factual and procedural history can be found in L1bero Partners' opening merits brief, filed earlier today. Record citations herein are to the district court docket (ECF No.) as well as the Appendix (A.) and Special Appendix (SPA) filed with the opening merits brief.

On July 30, 2019, ES Holdings moved in the district court to hold L1bero Partners in civil contempt of the May 16, 2019 injunction order.[3] (ECF Nos. 45–48) As a result of ES Holdings' civil contempt motion and the urgent need for appellate review of the injunction order underlying that motion, L1bero Partners filed its opening brief earlier today, August 1, 2019.

In the brief, L1bero Partners explains that this Court should vacate the district court's injunction for four independent reasons.

*First*, L1bero Partners did not have fair notice of or an opportunity to respond to the theory of irreparable harm that the district court announced in its opinion after the hearing. The court made clear that it rejected ES Holdings' only claimed irreparable harm, stating that ES Holdings had not established the harm identified in its papers. Having rejected the only grounds for injunctive relief raised in the petition, the district court should have denied the petition instead of offering new grounds for injunctive relief on ES Holdings' behalf.

*Second*, the district court credited unsworn hearsay submitted by ES Holdings and excluded sworn hearsay submitted by witnesses with

---

[3] The factual assertions underlying ES Holdings' contempt motion are mischaracterizations, and in many instances, outright falsities. Thus, L1bero Partners does (and will) dispute the purported grounds for civil contempt.

3

personal knowledge who signed declarations in support of L1bero Partners.

*Third*, the district court erred as a matter of law in concluding that inability to manage a business, by itself, constitutes an irreparable harm. No such rule exists. To the contrary, this Court has made clear that courts should not presume irreparable harm. And neither ES Holdings nor the district court identified any pending business decisions for which ES Holdings' inability to participate in management would have amounted to actual, imminent, and irreparable harm.

*Finally*, even if an injunction was warranted (and it was not), the injunction at issue here is not narrowly tailored to prevent the harm that the district court identified. Ironically, the injunction violates L1bero Partners' contractual rights to manage the business because the Partners Agreement delegates operational and management authority to L1bero Partners. The district court's broad injunction undoes the Partners Agreement and hands control over the business's daily affairs to an entity that, until it brought its petition, had freely delegated that control.

L1bero Partners now moves this Court for an expedited briefing schedule and decision.

4

## ARGUMENT

This Court has the inherent power to manage its own docket "'so as to achieve the orderly and expeditious disposition of cases.'" *Ransmeier v. Mariani*, 718 F.3d 64, 68 (2d Cir. 2013) (quoting *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43–44 (1991)). The Federal Rules of Appellate Procedure additionally provide that "a court of appeals may—to expedite its decision or for other good cause—suspend any provision of these rules in a particular case and order proceedings as it directs[,]" Fed. R. App. P. 2, and "[a] court of appeals that routinely considers cases on the merits promptly after the briefs are filed may shorten the time to serve and file briefs[,]" Fed. R. App. P. 31(a)(2).

This Court grants motions to expedite appeals where "the matter [is] urgent …." *Hanley v. Mitchell*, 460, F.2d 640, 642 (2d Cir. 1972); *see also EM Ltd. v. Republic of Argentina*, 473 F.3d 463, 471 (2d Cir. 2007). The Court is "generous in granting motions to expedite." *In re Iceland Inc.*, 112 F.3d 504 (2d Cir. 1997). Appeals involving preliminary injunctions and temporary restraining orders often present grounds for disposition on an expedited basis. *See, e.g.*, *New York Progress & Prot. PAC v. Walsh*, No. 13-3889, Doc. 24 (2d Cir. Oct. 17, 2013) (expedited review of order denying preliminary injunction); *EM Ltd.*, 473 F.3d at 465 (expedited review of order vacating post-judgment restraining notices); *Latino Officers Ass'n, New York, Inc. v. City of New York*, 196

5

F.3d 458, 461–62 (2d Cir. 1999) (expedited review of preliminary injunction order); *Romer v. Green Point Sav. Bank*, 27 F.3d 12, 15 (2d Cir. 1994) (expedited review of temporary restraining order); *Hanly*, 460 F.2d at 642 (expedited review of order denying preliminary injunction).

*First*, expedited review is warranted in light of ES Holdings' pending motion to hold L1bero Partners in civil contempt for violating the May 16, 2019 injunction order—the merits of which are currently before this Court on appeal. ES Holdings seeks monetary sanctions in the nature of $5,000 per business day, rising to $20,000 per day after a period of non-compliance, as well as attorneys' fees incurred in the litigation. (ECF No. 48 at 12–13). In essence, ES Holdings obtained a prohibitory injunction and now unexpectedly seeks to use it as a sword to require L1bero Partners to take affirmative actions that are not contemplated under the Partners Agreement and inflict as much damage as possible on L1bero Partners in the lead up to the all-important arbitration, through which the parties' underlying contractual disputes will be decided, all before this Court can review and correct the situation. Accordingly, there is an urgent need for expedited review.

*Second*, apart from the pending civil contempt motion, expedited review is warranted so that the district court's errors can be corrected before the final disposition of the arbitration. In its opinion, the district

6

court made factual findings based on an incomplete record—on the same issues that are to be decided in arbitration—creating the potential for extreme prejudice to L1bero Partners in the arbitration. L1bero Partners' brief on appeal lays out how ES Holdings led the district court into error, and why this Court should right those wrongs. ES Holdings' civil contempt motion brings new urgency to these proceedings and demonstrates that ES Holdings seeks to litigate as much of this case as possible in injunctive relief and civil contempt proceedings, not in arbitration. That being the case, this Court should expedite its review.

## CONCLUSION

This Court should grant this motion for expedited review. L1bero Partners respectfully proposes that the Court order that any response to this emergency motion be filed on or before August 5, 2019, the Court rule on this motion on or before August 9, 2019, and that merits briefs be filed on the following schedule:

- Appellee's Brief due: August 22, 2019

- Appellant's Reply Brief due: September 5, 2019 (with oral argument to be held as soon as practicable thereafter)

7

Dated: August 1, 2019

Respectfully submitted,

/s/ Brian A. Sutherland

Brian A. Sutherland
Steven Cooper
Colin A. Underwood
REED SMITH LLP
599 Lexington Avenue
New York, NY 10022
Tel: (212) 521-5400
bsutherland@reedsmith.com

M. Patrick Yingling
REED SMITH LLP
10 South Wacker Dr., 40th Floor
Chicago, IL 60606

*Counsel for L1bero Partners, LP*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this document complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(A), along with Local Rule 27.1(a)(1), because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 1,498 words as counted by the word-processing software used to create the document.

I further certify that this document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared using Century Schoolbook 14-point font.

/s/ Brian A. Sutherland
Brian A. Sutherland

*Counsel for L1bero Partners, LP*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed using the Court's CM/ECF system. I certify that all participants are CM/ECF users and that service will be accomplished via CM/ECF system.

/s/ Brian A. Sutherland
Brian A. Sutherland

*Counsel for L1bero Partners, LP*