# EXHIBIT 11

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT FLORIDA

### CASE NO. 16-CV-24266-FAM

TAXINET, CORP.,
a South Dakota Corporation,

     *Plaintiff,*

v.

SANTIAGO LEON, an Individual,
     *Defendant.*

_____/

### AMENDED COMPLAINT

    Plaintiff, Taxinet, Corp., hereby files this Amended Complaint for damages against

Defendant, Santiago Leon, and in support thereof states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to Florida Statutes Sections
   34.01(1)(c) and 26.012(2)(a) because the amount in controversy exceeds $15,000,
   exclusive of interest, costs and attorneys' fees.

2. This Court has personal jurisdiction over the Defendants pursuant to Florida
   Statutes Section 48.193 because the causes of action arise from the Defendants'
   specific contacts with the State of Florida and the Defendants engage in substantial
   and not isolated activities within the State of Florida.

3. Venue is proper in this Court pursuant to Florida Statutes Section 47.051 and 47.011
   because Defendants reside and conducts business in Miami-Dade County, and a
   substantial part of the events or omissions giving rise to the causes of action occurred
   in Miami-Dade County, Florida.

4. All conditions precedent for bringing this action have been fully performed, waived or excused.

## PARTIES

5. Plaintiff, Taxinet, Corp. ("Taxinet" or the "Plaintiff"), is a corporation organized under the laws of South Dakota, with its principal place of business located at 150 Cape Florida Drive, Key Biscayne, Florida.

6. Defendant, Santiago Leon ("Leon") is an individual residing at 50 Cape Florida Drive, Key Biscayne, Florida 33149 and conducting business in Miami-Dade County, Florida.

## GENERAL ALLEGATIONS

7. Taxinet was founded by Luis Noboa[1] ("Noboa") on or about November 4, 2013, to provide a safe and efficient transportation system.

8. With the assistance of its technology team, Icreon Tech (the "Technology Team"), Taxinet developed and created a mobile application to hail taxis remotely.

9. Taxinet has expended considerable resources to develop a business model with the technological capabilities to provide services with unique features, which include Taximeter, GPS Navigation System with traffic information, Vehicles Tracking System with a Panic Button for Riders and Drivers, Registration and Verification system for Drivers and Vehicles in the different markets, Hailing Taxi APP connecting Drivers and Riders simultaneously, Admin Backend System, Payment Gateway for Credit Cards, Debit Cards and Prepaid Cards, Future Booking System,

---

[1] Noboa is a resident of Key Biscayne, Florida and the sole owner of Taxinet.

WiFi System for Taxis, Unique Design of a Case for Tablets, online receipt for registered customers and a fleet management system.

10. Taxinet's confidential information, business processes, and technology were designed and intended to be used exclusively by Taxinet and for its benefit. Taxinet's confidential business information was neither readily available nor ascertainable to anyone outside of Taxinet's team and may not be disseminated to unauthorized third-parties.

11. Taxinet successfully implemented its business and mobile taxi services in Ecuador in 2014.

12. Noboa was interested in expanding Taxinet and implementing its services in other Latin American markets including Mexico City.

13. Mexico City is an ideal market for Taxinet's technology and services because it has more than 100,000 registered taxis. These taxis make over one million trips each day.

14. On or about April 2015, Leon – a former Mexican politician – learned that the government of Mexico City ("CDMX") desired modernizing its public transportation system and provide its citizens a safe and efficient mode of travel.

15. Leon was not involved in the taxi industry and had no knowledge of the business requirements or its technology. Leon was never involved in the development and operation of any technology system or APP in any business.

16. Accordingly, Leon knew he had two choices: one, develop a business from zero, having no experience in the industry; or, two, take a short-cut and partner with

someone who had an operating business with the technology to offer for the taxi services to CDMX.

17. On or about May or June 2015, Pedro Domit ("Domit"), a mutual friend, introduced Noboa to Leon. Domit and Leon visited Noboa at Taxinet's principal place of business in Key Biscayne to discuss business opportunities with Taxinet in Mexico.

18. At their first meeting, Leon represented he was interested in forming part of Taxinet to provide its services in CDMX. There, Leon contacted Federico Döring, a then-current Mexican politician and Leon's paid lobbyist, who scheduled a meeting with Hector Serrano Cortés, the Secretary of Mobility and Transportation of CMDX (the "Secretary").

19. Leon and Taxinet agreed to join forces and present a project to provide Taxinet's services to Mexico City. Taxinet would contribute its expertise, business model, technology, and know-how in the taxi-related services, while Leon would provide his knowledge of the government of CDMX and expertise in its procedures to procure a contract with the city.

20. Thereafter, induced by Leon and relying on his representations, a confidential relationship ensued between Leon and Taxinet. Taxinet relied on Leon's knowledge of CDMX's procedures to secure Taxinet's business venture.

21. Trusting Leon's advice, Taxinet began disclosing to Leon Taxinet's valuable confidential business information through electronic correspondences, meetings in Florida, and telephonic conversations.

22. On or about July 2015, during a meeting in Miami, which was attended by Noboa, Leon, and Domit, Taxinet (through Noboa) and Leon orally agreed to form a

Mexican company to facilitate the implementation of Taxinet's services in Mexico and the dealings with the government.

23. This new company would be owned seventy percent by Taxinet and thirty percent by Leon or his entities. Nine percent of Leon's interest would be owned by Domit.

24. Subsequently, the parties changed the ownership interests and modified their agreement to reflect that Taxinet would own sixty percent and Leon or his entities would own forty percent. Domit's share of Leon's interest remained at nine percent.

25. The following names were discussed to be used for the Mexican company: (a) Servicios Moviles LUSAMPE, SAPI de CV, and (b) Servicios Digitales LUSAD, SAPI de CV.

26. Leon scheduled a meeting with the Secretary to present Taxinet's services for August 2015. In this meeting, Taxinet would make a formal proposal of its services with the expectancy of establishing a business relationship with CDMX.

27. In preparation for that meeting, relying on Leon's representations and his agreement to offer and operate the business jointly, Taxinet disclosed to Leon its confidential processes, techniques, software applications, and business characteristics, including present, future and proposed services.

28. Relying on Leon's promises to offer Taxinet's services to CDMX and operate the business jointly, Taxinet revealed to Leon its business ideas and information. Specifically, Taxinet disclosed to Leon: its confidential business model, which included how to structure and operate the business, its vendors, employees, proposed services, information technology, software, applications, integration with

the markets, installation procedures, marketing, and financial data, including forecasting, investment, expenses and costs.

29. Throughout their dealings and conversations, Leon agreed to maintain Taxinet's ideas confidential.

30. Taxinet created a unique presentation for Mexico's market to offer its services to CDMX. Taxinet also gave Leon the guidelines to produce a video outlining Taxinet's proposed services to show to the Secretary.

31. In August 2015, Taxinet made its proposal to the Secretary during a breakfast meeting in Mexico. Present at this meeting were the Secretary, Noboa, on behalf of Taxinet, Leon, Domit, Federico Döring, and Eduardo Zayas, who upon information and belief is Leon's partner and agent.

32. During this visit to Mexico, Noboa, Leon and Domit met with the lawyers at Corredor Publico 20 to form the company previously agreed to.

33. After this meeting, Taxinet and Leon continued working relying on Leon's representations of creating a joint business.

34. Leon informed Taxinet that the Secretary required a second presentation of the services. This time, the presentation was a final proposal for approval by the Secretary's superiors.

35. As a result, Taxinet made available to Leon additional details of its business in order to make that second presentation, which included videography.

36. On or about September 14, 2015, the final presentation showcasing Taxinet's business model was made.

37. Thereafter, Leon informed Taxinet that CDMX approved the project with Taxinet and wanted to announce it publicly on October 3, 2015.

38. Leon also informed Taxinet the government wanted the services to commence in January 2016.

39. On or about September 24, 2015, Leon informed Taxinet he was traveling to Mexico because the Secretary had called him for a meeting to "close the deal."

40. The next day, Leon excitedly told Taxinet "we closed!!!" "the Secretary announced it," and Taxinet's services had been accepted by CDMX.

41. Continuing to lead Taxinet to believe he was interested in the joint venture, Leon purchased airline tickets for the Technology Team to travel to Mexico on or about October 11, 2015 and setup a server to support Taxinet's services in the Mexican industry.

42. Taxinet paid the Technology Team for the services rendered in October 2015.

43. During this business trip, Taxinet's Technology Team met with companies such as Kio Networks and NullData, who had been purportedly hired by Leon to work with Taxinet, to conduct a stress test of Taxinet's application and discuss the requirements to successfully launch Taxinet's services in Mexico City.

44. Through this process of optimizing Taxinet's software for the Mexican market and relying further on Leon's representations, Taxinet continued in good faith making available its valuable confidential information to Leon and those associated with him. Taxinet was also working with Francisco Castellanos Guzman of Corredor Publico 20 to set up the company in Mexico with the agreed participations.

45. Confiding in their agreement, confidential business relationship, and Leon's representations, Taxinet's Technology Team granted Leon access to Taxinet's architecture design and components. On or about October 20, 2015, Leon's team requested Taxinet's backend infrastructure information and configuration, which includes Taxinet's operating system, data base engine, technical specifications and software version.

46. At about the same time, Taxinet, through its counsel, attended to memorialize the business agreement between Taxinet and Leon. These documents confirm the ownership structure between Taxinet and Leon. These communications, evidenced by email, included Leon.

47. In addition, in an attempt to protect Taxinet's confidential information and business, Taxinet sent a non-disclosure agreement to Leon for review and execution.

48. Despite Taxinet's numerous efforts to obtain Leon to execute the non-disclosure agreement, Leon refused to sign it.

49. Unbeknownst to Taxinet, Leon had been working with third-parties to develop a business that would be identical or substantially identical to Taxinet.

50. Taxinet learned that Leon improperly disclosed Taxinet's confidential information and business model to unauthorized third-parties.

51. Taxinet also learned that Leon was inappropriately using Taxinet's trademark and logo without authorization.

52. Taxinet revealed its confidential business information to Leon only in reliance on Leon's inducement, representations, and apparent interest in creating a business venture with Taxinet.

53. Leon intended to exclude Taxinet from participation in the business with Mexico City, which using Taxinet's model and structure would be a multi-million-dollar enterprise.

54. While representing to Taxinet they were partners in the joint business, Leon deceitfully had been creating a software identical or substantially identical to Taxinet's using Taxinet's information. Leon even had created the logo for the new business that would replace Taxinet; it was L1bre.

55. Interfering with, and to usurp, Taxinet's business opportunity, Leon falsely indicated to the Secretary that Taxinet's system had problems, was a fraud, did not work, and that he would continue with the project without Taxinet.

56. Leon disregarded Taxinet's request to cease and desist from disclosing Taxinet's confidential information to unauthorized third-parties.

57. Leon's representations were false, and his purported interest in the joint venture was nothing but an inducement intended to make Taxinet disclose its confidential business information.

58. Leon then inappropriately used Taxinet's confidential business information and business model to create an identical or substantially identical business without Taxinet. Leon used Taxinet's confidential business information to lure investors into buying and investing into this new venture.

59. Leon had created Servicios Digitales Lusad S. de R.I. de C.V. ("Lusad") and L1bre to exclude Taxinet and operate the business that had been agreed would be jointly owned with Taxinet.

60. L1bre and its owners had knowlege of Taxinet's contributions to the venture and interest in the CDMX enterprise.

61. Leon's business, L1bre, is identical or substantially identical to Taxinet's, and is operating as a result of the proposal Taxinet made to the Secretary in August 2015 and the presentation showcasing Taxinet's services in September 2015.

62. Eduardo Zayas, who was present in the first meeting with the Secretary is an officer of Lusad and owner of L1bre.

63. Leon, through Lusad and L1bre, has derived substantial profits from the taxi-related services provided to CDMX that in law and in equity belong to Taxinet.

## COUNT I: BREACH OF JOINT VENTURE AGREEMENT
### (*against Leon*)

64. Taxinet re-alleges and incorporates by reference the allegations in paragraphs 1 through 63 above, as though fully set forth herein.

65. On or about May or June 2015, Leon made an offer to Taxinet for the creation a joint venture for the purposes of offering Taxinet's taxi-related services to CDMX.

66. Originally, the parties agreed the joint venture would be owned seventy percent by Taxinet and thirty percent by Leon or his entities. Later, the parties modified the agreement and Taxinet was to have a sixty percent interest in the joint venture and Leon or his entities would have forty percent.

67. Pursuant to the agreement, Taxinet would contribute its expertise, business model,

technology, and know-how in the taxi industry, while Leon would provide his knowledge of the government of CDMX and expertise in its procedures to procure a contract with the city that would provide Taxinet's taxi-related services to CDMX. The Parties agreed to share profits and any losses.

68. Relying on the agreement, Taxinet provided its confidential business information, including how to structure and operate the taxi-related business in CDMX. Taxinet gave Leon its business model for operation in CDMX, which included vendors, employees, proposed services, information technology, software, applications, integration with the market, installation procedures, marketing, and financial data, including forecasting, investment, expenses, costs, and a full analysis of profits and losses.

69. Leon had a fiduciary duty toward Taxinet to act in good faith, fairness and honesty during the existence of the agreement.

70. In performance of the agreement, in August and September 2015, Taxinet's proposed services were presented to CDMX.

71. In September 2015, Leon represented to Taxinet that the purpose of the joint venture had been accomplished: CDMX had accepted their joint proposal. On September 25, 2015, Leon told Taxinet that he had closed the deal with the Secretary.

72. On October 24, 2015, Leon breached the agreement when he cut-off Taxinet from the joint venture and proposed giving Taxinet only a twenty-five percent of the company for having brought the concept to the table, but that Taxinet would no longer need to make any monetary investment.

73. Leon breached his fiduciary duties of good faith, fairness and honesty to Taxinet when

throughout the existence of their agreement he used Taxinet's business information and technology to surreptitiously create an identical or substantially identical product with the intention of cutting-off Taxinet from the venture.

74. Leon breached his fiduciary duties of good faith, fairness and honesty to Taxinet when during their relationship and with the intent to cut-off Taxinet from the joint venture Leon falsely represented to CDMX that Taxinet's services did not work for CDMX and that a new partner would provide the services.

75. As a result of Leon's breaches Taxinet has suffered damages.

WHEREFORE, the Plaintiff hereby requests this Court to enter judgment in its favor and against Leon for damages, together with prejudgment interest, costs, restitution, and such other relief as this Court deems just and equitable.

## COUNT II: FRAUD AND FRAUDULENT INDUCEMENT
### (*against Leon*)

76. Taxinet re-alleges and incorporates by reference the allegations in paragraphs 1through 63 above, as though fully set forth herein.

77. Leon met with Taxinet for the purpose of obtaining and converting for his own use and the use of his related business entities Taxinet's confidential business information and model.

78. Leon made material misrepresentations and omissions to Taxinet with the intention of inducing Taxinet to rely upon such representations in order to provide him with its confidential business information, but solely to later exclude Taxinet.

79. Leon represented to Taxinet his desire to partner with Taxinet to create a joint business that would provide Taxinet's services to CDMX. Leon sought Taxinet's business

ideas and participated in meetings with Taxinet where the business model and proposed services were discussed. Leon intended to gain knowledge of Taxinet's services and business model to misappropriate such information and create an identical or substantially identical business without Taxinet. To further induce Taxinet, Leon told Taxinet that the proposal with its services had been accepted by CDMX. Leon also shared some of the costs expended by Taxinet to optimize its services for the Mexican market.

80. Leon knew his representations and actions were false when made and he had no intention of adhering to them.

81. Leon intended to induce Taxinet into relying and acting based on his material misrepresentations and omissions.

82. Taxinet justifiably relied on Leon's misrepresentations and omissions, to its detriment, and was induced to provide Leon its confidential processes, techniques, software applications, business characteristics, which included present, future and proposed services, and its business model, which included how to structure and operate the business, its vendors, employees, proposed services, information technology, software, applications, integration with the markets, installation procedures, marketing, and financial data, including forecasting, investment, expenses, costs, and analysis of profits and losses.

83. Taxinet has suffered damages as a direct and proximate result of Leon's misrepresentations and omissions.

WHEREFORE, the Plaintiff hereby requests this Court enters judgment in its favor and against Leon for damages, prejudgment interest, costs, expenses, a constructive trust for

the profits and ownership in the CDMX venture, and such other relief as this Court deems just and equitable.

**COUNT III: CONVERSION**
***(against Leon)***

84. Taxinet re-alleges and incorporates by reference the allegations in paragraphs 1 through 63 above, as though fully set forth herein.

85. Taxinet provided Leon its confidential business information, processes, techniques, characteristics, which included present, future and proposed services, software applications, and its business model, which included how to structure and operate the CDMX business, its vendors, employees, proposed services, information technology, software, applications, integration with the markets, installation procedures, marketing, and financial data, including forecasting, investment, expenses and costs, and analysis of profits and losses, with the understanding that the business ideas were Taxinet's property and that Taxinet would have an interest in the CDMX venture.

86. The information was supplied for the sole purpose of offering to CDMX a joint business plan using Taxinet's services and not to be used by Leon and L1bre for their own personal use or benefit.

87. Leon, personally and on behalf of L1bre, converted to his own use confidential business information belonging to Taxinet by providing, through Lusad and L1bre, taxi-related services to CDMX that are identical or substantially identical to those services Taxinet had proposed to, and were accepted by, the Secretary. Leon, personally and on behalf of L1bre, has thereby intentionally and permanently deprived Taxinet of its interest in the CDMX business venture.

*Taxinet, Corp. v. Santiago Leon, et. al.*
Amended Complaint
Page 14 of 21

88. Taxinet provided Leon with the business model, ideas and information, and Leon and L1bre thus wrongfully came into possession of Taxinet's interest in the CDMX business venture.

89. Defendants' conduct was not authorized by Taxinet and any demand by Taxinet for return of the confidential business information would be futile.

90. As a direct and proximate result of the Leon's conversion, Taxinet has been damaged.

WHEREFORE, the Plaintiff hereby requests this Court enters judgment in its favor and against Leon for damages, prejudgment interest, costs, expenses, a constructive trust for the profits and ownership in the CDMX venture, and such other relief as this Court deems just and equitable.

## COUNT IV: TORTIOUS INTERFERENCE WITH A PROSPECTIVE BUSINESS RELATIONSHIP
### (*against Leon*)

91. Taxinet re-alleges and incorporates by reference the allegations in paragraphs 1 through 63 above, as though fully set forth herein.

92. Taxinet had a prospective business relationship with CDMX to provide its services and technology through all taxis registered with the city.

93. Leon had knowledge of Taxinet's prospective business relationship. Taxinet had presented its services to CDMX, and Leon told Taxinet that such services had been accepted by CDMX and that CDMX wanted operation of Taxinet's services to begin in January 2016.

94. Leon intentionally and unjustifiably interfered with the prospective business relationship by excluding Taxinet from participating in the project in Mexico by soliciting and encouraging CDMX to not do business with Taxinet.

95. Leon, personally and on behalf of Lusad and L1bre, falsely and in bad faith represented to the Secretary on or about October 23, 2015 that Taxinet's software was a fraud, did not work in the Mexican market, and that new partners would be part of the venture.

96. Leon, personally and on behalf of Lusad and L1bre, interfered with Taxinet's prospective business relationship with CDMX and caused Lusad and L1bre to obtain it.

97. As a direct and proximate result of Leon's intentional and unjustified interference, Taxinet has suffered and will continue to suffer economic losses and irreparable damage.

WHEREFORE, the Plaintiff hereby requests this Court to enter judgment in its favor and against Leon for damages, prejudgment interest, costs, expenses, a constructive trust for the profits and ownership in the CDMX venture, and such other relief as this Court deems just and equitable.

### COUNT V: PROMISSORY ESTOPPEL
#### (*against Leon*)

98. Taxinet re-alleges and incorporates by reference the allegations in paragraphs 1 through 63 above, as though fully set forth herein.

99. In the alternative to Counts I and IX, Plaintiff may have no adequate remedy at law, in that Plaintiff relying on promises made by Leon, conferred a benefit on Leon and has not received the promised benefit.

100.    Specifically, Leon promised Taxinet they would create a joint business for the purpose of offering, and providing, Taxinet's taxi-related services to CDMX.

101.    Leon promised Taxinet would own sixty percent of the joint business. Taxinet

would contribute its expertise, business model, technology, and know-how in the taxi

industry, while Leon would provide his knowledge of the government of CDMX and

expertise in its procedures to procure a contract with the city that would provide

Taxinet's taxi-related services to CDMX.

102.    Leon reasonably should have expected the promises and representations to

induce reliance in the form of action or forbearance on the part of Taxinet.

103.    Taxinet relied on Leon's promise and material representations, and to its

detriment provided Leon its confidential business information, including how to

structure and operate the taxi-related business in CDMX. Taxinet gave Leon its

business model for operation in CDMX, which included vendors, employees,

proposed services, information technology, software, applications, integration with

the markets, installation procedures, marketing, and financial data, including

forecasting, investment, expenses and costs, and analysis of profits and losses.

104.    On or about September 2015, the purported promise had been fulfilled when

Leon represented to Taxinet that Taxinet's services had been accepted by CDMX and

they would begin providing such services in January 2016.

105.    Leon created Lusad and L1bre to exclude Taxinet from the venture, and on

October 2015, Leon excluded Taxinet from the promised business.

106.  Injustice can be avoided only by enforcement of the promise against Leon.

WHEREFORE, Plaintiff hereby requests this Court to enter judgment in its favor and

against Leon for compensatory damages, prejudgment interest, costs, restitution, a

constructive trust for the profits and ownership in the CDMX venture, and such other relief

as this Court deems just and equitable.

## COUNT VI: UNJUST ENRICHMENT
### (*against Leon*)

107.  Taxinet re-alleges and incorporates by reference the allegations in paragraphs 1
through 63 above, as though fully set forth herein.

108.  In the alternative to Counts I and IX, Plaintiff may have no adequate remedy at law,
in that Taxinet conferred a benefit on Leon and has not received fair compensation for
that benefit.

109.  Specifically, Taxinet conferred a benefit to Leon by providing him all information
on how to structure and operate the taxi-related business in CDMX. Taxinet gave
Leon the information necessary information used to present the proposed services to
CDMX in August and September 2015. Taxinet gave Leon the model for operation
of the business in CDMX, including vendors, employees, proposed services,
information technology, software, applications, integration with the markets,
installation procedures, marketing, and financial data, including forecasting,
investment, expenses and costs, and analysis of profits and losses.

110.  With Taxinet's information, CDMX accepted the proposed taxi-related services,
which Leon solicited from Taxinet, and are now offered to CDMX by Leon through
Lusad and L1bre.

111.  Leon voluntarily accepted and retained the benefits Taxinet conferred upon him.

112.  Under the circumstances, it would be inequitable and unjust for Leon to retain these
benefits without paying Taxinet the fair value of said benefits.

WHEREFORE, the Plaintiff hereby requests this Court to enter judgment in their

favor and against Leon for compensatory damages, prejudgment interest, costs, restitution, the imposition of a constructive trust, and such other relief as this Court deems just and equitable.

### COUNT VII: VIOLATION OF FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT
(*against Leon*)

113.    Taxinet re-alleges and incorporates by reference the allegations in paragraphs 1 through 63 above, as though fully set forth herein.

114.    This cause of action arises under Florida's Deceptive and Unfair Trade Practices Act, pursuant to Florida Statute §§ 501.201 *et. seq.* The Act protects the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce. Fla. Stat. § 501.202.

115.    Leon engaged in unfair or deceptive acts in the conduct of trade or commerce within the meaning of Florida Statute §501.204.

116.    From May 2015 through November 2015, Leon made false representations to Taxinet that constitute unfair or deceptive acts in the conduct of trade or commerce. Knowing that his representations were not truthful and with the intent to mislead Taxinet and induce it's reliance, Leon represented to Taxinet an interest in creating a business where Taxinet would provide to Leon its taxi-related services.

117.    Based on Leon's representations and statements that Taxinet's services would be later offered to CDMX, and acting reasonably under the circumstances, but to its detriment, Taxinet revealed to Leon all information, details, characteristics and technology of its existing business operation. Taxinet disclosed to Leon its business

model, which included how to structure and operate the taxi-related business, its vendors, employees, proposed services, information technology, software, applications, integration with the markets, installation procedures, marketing, and financial data, including forecasting, investment, expenses and costs.

118.     Leon's misrepresentations to Taxinet were solely intended to obtain knowledge of Taxinet's business for Leon to evaluate the feasibility of providing taxi-related services to CDMX. Upon learning the manner in which the business was to be structured and operated, Leon wrongfully took Taxinet's interest in the venture and excluded Taxinet. Leon has engaged in misleading, oppressive, and unscrupulous conduct that is substantially injurious to Taxinet.

119.     As a result of Leon's unfair and deceptive acts, Taxinet has suffered damages.

120.     Pursuant to Fla. Stat. Sec. 501.2105, Taxinet is entitled to recover its attorney's fees from Leon.

WHEREFORE, the Plaintiff hereby requests this Court to enter judgment in their favor and against Leon for damages, prejudgment interest, attorneys' fees under Fla. Stat. § 501.2105, costs, expenses, and such other relief as this Court deems just and equitable.

## **<u>DEMAND FOR TRIAL BY JURY</u>**

Plaintiff hereby demands a trial by jury of all issues so triable.

**RESERVATION OF RIGHTS**

Plaintiff reserves, upon completion of investigation and discovery, to assert such additional claims and join such additional defendants as may be just and equitable under the circumstances.

Respectfully submitted,

**DORTA & ORTEGA, P.A.**

 _/s/ Omar Ortega_____
**Omar Ortega, Esq.**
Florida Bar No. 0095117
**Rosdaisy Rodriguez, Esq.**
Florida Bar No. 0112710
3860 SW 8th Street, PH
Coral Gables, Florida 33134
Phone:  (305) 461-5454
Facsimile: (305) 461-5226
Email: OOrtega@dortaandortega.com
Email: RRodriguez@dortaandortega.com
*Attorneys for Plaintiff.*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 18th day of September 2018, a copy of the foregoing was filed with the Clerk of Court using CM/ECF which will serve the document on all counsel of record.

   _/s/ Omar Ortega_____
   **Omar Ortega, Esq.**

# U.S. District Court
## Southern District of Florida (Miami)
## CIVIL DOCKET FOR CASE #: 1:16-cv-24266-FAM

Taxinet, Corp. v. Leon                              Date Filed: 10/07/2016
Assigned to: Judge Federico A. Moreno               Jury Demand: Plaintiff
Case in other court: 11th Judicial Circuit, 16-022090-CA-01   Nature of Suit: 370 Other Fraud
Cause: 28:1446 Notice of Removal                    Jurisdiction: Diversity

**Plaintiff**

**Taxinet, Corp.**                    represented by   **Omar Ortega**
*a South Dakota corporation*                          Dorta & Ortega, P.A.
                                                      3860 SW 8th Street
                                                      PH
                                                      Coral Gables, FL 33134
                                                      305-461-5454
                                                      Fax: 305-461-5226
                                                      Email: oortega@dortaandortega.com
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Rosdaisy Rodriguez Arriaga**
                                                      Dorta , Ortega, P.A.
                                                      3860 SW 8th Street, PH
                                                      Miami, FL 33134
                                                      305-461-5454
                                                      Email: rrodriguez@dortaandortega.com
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Santiago Leon**                     represented by   **Harry A. Payton**
*an individual*                                       Payton & Associates, LLC
                                                      One Biscayne Tower
                                                      2 So. Biscayne Blvd.
                                                      Suite 1600
                                                      Miami, FL 33131
                                                      305-372-3500
                                                      Fax: 577-4895
                                                      Email: payton@payton-law.com
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Geoffrey L. Travis**
                                                      Shutts & Bowen
                                                      200 S Biscayne Boulevard
                                                      Suite 4100
                                                      Miami, FL 33131
                                                      305-358-6300
                                                      Email: gtravis@shutts.com

*TERMINATED: 02/26/2018*

**Michelle Lauren Gerber**
Shutts & Bowen, LLP
200 South Biscayne Boulevard
Suite 4100
Miami, FL 33131
305415-9409
Fax: 305-347-7706
Email: mhendler@shutts.com
*TERMINATED: 02/26/2018*

**Stephen Bernard Gillman**
Shutts & Bowen
200 S Biscayne Boulevard
Suite 4100
Miami, FL 33131
305-347-7311
Fax: 381-9982
Email: sgillman@shutts.com
*TERMINATED: 02/26/2018*

**Susan Marie Mohorcic**
Payton & Associate, LLC
2 S Biscayne Blvd Ste 1600
Miami, FL 33131
3053723500
Fax: 3055774895
Email: mohorcic@payton-law.com
*ATTORNEY TO BE NOTICED*

**Counter Defendant**

**Luis Noboa**                 represented by **Omar Ortega**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Santiago Leon**             represented by **Harry A. Payton**
*an individual*                (See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Geoffrey L. Travis**
(See above for address)
*TERMINATED: 02/26/2018*

**Michelle Lauren Gerber**
(See above for address)
*TERMINATED: 02/26/2018*

**Stephen Bernard Gillman**
(See above for address)
*TERMINATED: 02/26/2018*

**Susan Marie Mohorcic**

(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Taxinet, Corp.**                              represented by   **Omar Ortega**
*a South Dakota corporation*                                    (See above for address)
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Rosdaisy Rodriguez Arriaga**
                                                                (See above for address)
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Santiago Leon**                              represented by   **Harry A. Payton**
*an individual*                                                 (See above for address)
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Geoffrey L. Travis**
                                                                (See above for address)
                                                                *TERMINATED: 02/26/2018*

                                                                **Michelle Lauren Gerber**
                                                                (See above for address)
                                                                *TERMINATED: 02/26/2018*

                                                                **Stephen Bernard Gillman**
                                                                (See above for address)
                                                                *TERMINATED: 02/26/2018*

                                                                **Susan Marie Mohorcic**
                                                                (See above for address)
                                                                *ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Taxinet, Corp.**                              represented by   **Omar Ortega**
*a South Dakota corporation*                                    (See above for address)
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **Rosdaisy Rodriguez Arriaga**
                                                                (See above for address)
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 10/07/2016 | 1 | NOTICE OF REMOVAL (STATE COURT COMPLAINT) Filing fees $ 400.00 receipt number 113C-9149247, filed by Santiago Leon. (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit A, # 3 |

| | | Exhibit B)(Gillman, Stephen) (Entered: 10/07/2016) |
|---|---|---|
| 10/07/2016 | 2 | Judge Assignment to Judge Federico A. Moreno (rms1) (Entered: 10/11/2016) |
| 10/07/2016 | 3 | Clerks Notice pursuant to 28 USC 636(c). Parties are hereby notified that the U.S. Magistrate Judge John J. O'Sullivan is available to handle any or all proceedings in this case. If agreed, parties should complete and file the attached form. (rms1) (Entered: 10/11/2016) |
| 10/31/2016 | 4 | Defendant's MOTION to Dismiss 1 Notice of Removal (State Court Complaint) *for forum non conveniens*, MOTION for Extension of Time to respond otherwise to the Complaint ( Responses due by 11/17/2016) by Santiago Leon. (Attachments: # 1 Exhibit Declaration of Santiago Leon, # 2 Exhibit Declaration of Edgar Grajeda Muoz)(Gillman, Stephen) Modified relief on 11/1/2016 (mc). (Entered: 10/31/2016) |
| 11/10/2016 | 5 | Notice of Court Practice in Removal Cases. Signed by Judge Federico A. Moreno on 11/10/2016. (mmd) (Entered: 11/10/2016) |
| 11/14/2016 | 6 | STATUS REPORT *(Removal)* by Santiago Leon (Gillman, Stephen) (Entered: 11/14/2016) |
| 11/15/2016 | 7 | Joint MOTION for Extension of Time to file response to Defendant's Motion to Dismiss and to file any reply re 4 Defendant's MOTION to Dismiss 1 Notice of Removal (State Court Complaint) *for forum non conveniens*Motion for Extension of Time to File Response/Reply/Answer by Taxinet, Corp.. Responses due by 12/2/2016 (Attachments: # 1 Text of Proposed Order)(Ortega, Omar) (Entered: 11/15/2016) |
| 11/18/2016 | 8 | ENDORSED ORDER granting in part and denying in part 7 the Joint Motion for Extension of Time. Plaintiff may respond to the Motion to Dismiss by December 9, 2016. Defendant, who removed the case, must reply by December 16, 2016. Signed by Judge Federico A. Moreno on 11/18/2016. (mmd)[This is a paperless order]. (Entered: 11/18/2016) |
| 11/21/2016 | 9 | MOTION for Reconsideration re 8 Order on Motion for Extension of Time, by Santiago Leon. (Gillman, Stephen) (Entered: 11/21/2016) |
| 11/28/2016 | 10 | NOTICE OF AVAILABILITY OF MAGISTRATE JUDGE O'SULLIVAN TO EXERCISE JURISDICTION and APPEAL OPTION. Signed by Judge Federico A. Moreno on 11/28/2016. (mmd) (Entered: 11/28/2016) |
| 11/29/2016 | 11 | ORDER granting 9 Motion for Reconsideration of Order Granting in part Motion for Extension of Time. Signed by Judge Federico A. Moreno on 11/28/2016. (mmd) (Entered: 11/29/2016) |
| 12/09/2016 | 12 | RESPONSE in Opposition re 4 Defendant's MOTION to Dismiss 1 Notice of Removal (State Court Complaint) *for forum non conveniens*Motion for Extension of Time to File Response/Reply/Answer filed by Taxinet, Corp.. Replies due by 12/16/2016. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Ortega, Omar) (Entered: 12/09/2016) |
| 12/30/2016 | 13 | REPLY to Response to Motion re 4 Defendant's MOTION to Dismiss 1 Notice of Removal (State Court Complaint) *for forum non conveniens*Motion for Extension of Time to File Response/Reply/Answer filed by Santiago Leon. (Gillman, Stephen) (Entered: 12/30/2016) |
| 12/30/2016 | 14 | NOTICE by Santiago Leon re 4 Defendant's MOTION to Dismiss 1 Notice of Removal (State Court Complaint) *for forum non conveniens*Motion for Extension of Time to File Response/Reply/Answer (Attachments: # 1 Supplemental Declaration of Santiago Leon) (Gillman, Stephen) (Entered: 12/30/2016) |
| 01/10/2017 | 15 | Plaintiff's MOTION to Strike 14 Notice (Other), 13 Reply to Response to Motion, ( Responses due by 1/24/2017), Plaintiff's MOTION for Leave to File *Sur-Reply* by Taxinet, Corp.. (Ortega, Omar) (Entered: 01/10/2017) |
| 01/20/2017 | 16 | RESPONSE in Opposition re 15 Plaintiff's MOTION to Strike 14 Notice (Other), 13 Reply to Response to Motion, Plaintiff's MOTION for Leave to File *Sur-Reply* filed by Santiago Leon. Replies due by 1/27/2017. (Gillman, Stephen) (Entered: 01/20/2017) |
| 01/26/2017 | 17 | ORDER granting 15 Motion for Leave to File Sur-Reply. Signed by Judge Federico A. Moreno |

| 02/02/2017 | 18 | REPLY to Response to Motion re 4 Defendant's MOTION to Dismiss 1 Notice of Removal (State Court Complaint) *for forum non conveniens* Motion for Extension of Time to File Response/Reply/Answer filed by Taxinet, Corp.. (Ortega, Omar) (Entered: 02/02/2017) |
| --- | --- | --- |
| 04/03/2017 | 19 | Case Reassignment of Paired Magistrate Judge pursuant to Administrative Order(s) 2017-18 to Magistrate Judge William C. Turnoff. (vjk) (Entered: 04/03/2017) |
| 05/22/2017 | 20 | NOTICE OF UNAVAILABILITY by Taxinet, Corp. for dates of June 19, 2017 - June 29, 2017 and July 6, 2017 to July 10, 2017 (Ortega, Omar) (Entered: 05/22/2017) |
| 05/26/2017 | 21 | ORDER Setting Hearing on 4 Defendant's MOTION to Dismiss: Motion Hearing set for 6/13/2017 10:00 AM before Judge Federico A. Moreno. Signed by Judge Federico A. Moreno on 5/26/2017. (mmd) Modified time from PM to AM (per PDF) on 5/26/2017 (wc). (Entered: 05/26/2017) |
| 06/12/2017 | 22 | ORDER RESETTING HEARING. Hearing set for 7/14/2017 11:00 AM before Judge Federico A. Moreno. Signed by Judge Federico A. Moreno on 6/12/2017. (mmd) (Entered: 06/12/2017) |
| 07/14/2017 | 23 | Minute Entry for proceedings held before Judge Federico A. Moreno: Miscellaneous Hearing held on 7/14/2017. Court Reporter: Gilda Pastor-Hernandez, 305-523-5118 / Gilda_Pastor-Hernandez@flsd.uscourts.gov. (sc) (Entered: 07/14/2017) |
| 07/17/2017 | 24 | ORDER REQUIRING BRIEFING AND SETTING SCHEDULE. Signed by Judge Federico A. Moreno on 7/14/2017. (mmd) (Entered: 07/17/2017) |
| 08/11/2017 | 25 | TRANSCRIPT of Motion to Dismiss held on 07-14-17 before Judge Federico A. Moreno, 1-58 pages, Court Reporter: Gilda Pastor-Hernandez, 305-523-5118 / Gilda_Pastor-Hernandez@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/1/2017. Redacted Transcript Deadline set for 9/11/2017. Release of Transcript Restriction set for 11/9/2017. (gpz) (Entered: 08/11/2017) |
| 08/18/2017 | 26 | Plaintiff's MOTION to Remand to State Court *for Lack of Subject Matter Jurisdiction and Memorandum of Law* by Taxinet, Corp.. (Attachments: # 1 Affidavit Affidavit of Jarrett Wolf) (Ortega, Omar) (Entered: 08/18/2017) |
| 08/18/2017 | 27 | Exhibit List by Taxinet, Corp... (Ortega, Omar) (Entered: 08/18/2017) |
| 08/30/2017 | 28 | RESPONSE to Motion re 26 Plaintiff's MOTION to Remand to State Court *for Lack of Subject Matter Jurisdiction and Memorandum of Law and Defendant's Brief in Support of this Court's Subject Matter Jurisdiction* filed by Santiago Leon. Replies due by 9/6/2017. (Attachments: # 1 Exhibit "A")(Gillman, Stephen) (Entered: 08/30/2017) |
| 08/30/2017 | 29 | Exhibit List *Preliminary* by Santiago Leon.. (Gillman, Stephen) (Entered: 08/30/2017) |
| 09/01/2017 | 30 | NOTICE by Taxinet, Corp. re 26 Plaintiff's MOTION to Remand to State Court *for Lack of Subject Matter Jurisdiction and Memorandum of Law Plaintiff's Notice of Acknowledgment of the Court's Subject Matter Jurisdiction* (Attachments: # 1 Transcripts) (Ortega, Omar) (Entered: 09/01/2017) |
| 09/18/2017 | 31 | ORDER denying 26 Motion to Remand to State Court. Signed by Judge Federico A. Moreno on 9/6/2017. (mmd) (Entered: 09/18/2017) |
| 10/12/2017 | 32 | Supplemental Brief in Support of Motion to Dismiss Complaint for Forum Non Conveniens to 4 Defendant's MOTION to Dismiss 1 Notice of Removal (State Court Complaint) *for forum non conveniens* Motion for Extension of Time to File Response/Reply/Answer, 24 Order by Santiago Leon. (Attachments: # 1 Declaration of Dr. Oscar Cruz Barney)(Gillman, Stephen) (Entered: 10/12/2017) |
| 10/12/2017 | 33 | SUPPLEMENT to 18 Reply to Response to Motion, 12 Response in Opposition to Motion, |

| | | |
|---|---|---|
| | | *Supplemental Brief in Support of Opposition to Defendant's Motion to Dismiss Complaint for forum non conveniens* by Taxinet, Corp. (Attachments: # 1 Transcripts Deposition of Santiago Leon)(Ortega, Omar) (Entered: 10/12/2017) |
| 10/23/2017 | 34 | Plaintiff's MOTION for Leave to File *Response to Defendant's Supplemental Brief in Support of Motion to Dismiss Complaint For Forum Non Conveniens, or Alternatively Plaintiff's Motion to Strike or Request For Oral Argument* by Taxinet, Corp.. (Ortega, Omar) (Entered: 10/23/2017) |
| 10/27/2017 | 35 | RESPONSE to Motion re 34 Plaintiff's MOTION for Leave to File *Response to Defendant's Supplemental Brief in Support of Motion to Dismiss Complaint For Forum Non Conveniens, or Alternatively Plaintiff's Motion to Strike or Request For Oral Argument* filed by Santiago Leon. Replies due by 11/3/2017. (Gillman, Stephen) (Entered: 10/27/2017) |
| 01/08/2018 | 36 | ORDER denying 4 Motion to Dismiss for Forum Non Conveniens. Signed by Judge Federico A. Moreno on 1/5/2018. (mmd) (Entered: 01/08/2018) |
| 01/08/2018 | 37 | ORDER denying as moot 34 Motion for Leave to File Response to Defendant's Supplemental Brief. Signed by Judge Federico A. Moreno on 1/8/2018. (mmd) (Entered: 01/08/2018) |
| 01/30/2018 | 38 | Defendant's MOTION TO DISMISS 1 Notice of Removal (State Court Complaint) FOR FAILURE TO STATE A CLAIM by Santiago Leon. Responses due by 2/13/2018 (Gillman, Stephen) (Entered: 01/30/2018) |
| 02/09/2018 | 39 | Motion/Stipulation for Substitution of Counsel by Santiago Leon (Attachments: # 1 Text of Proposed Order)(Payton, Harry) Modified to convert document to a motion on 2/12/2018 (ls). (Entered: 02/09/2018) |
| 02/12/2018 | 40 | Plaintiff's MOTION for Extension of Time to File Response/Reply/Answer as to 38 Defendant's MOTION TO DISMISS 1 Notice of Removal (State Court Complaint) FOR FAILURE TO STATE A CLAIM by Taxinet, Corp.. (Attachments: # 1 Exhibit Proposed Order) (Ortega, Omar) (Entered: 02/12/2018) |
| 02/26/2018 | 41 | ORDER granting 39 Motion for Substitution of Counsel.. Signed by Judge Federico A. Moreno on 2/16/2018. (mmd) Modified Action Type from entered to granting on 2/27/2018 (ls). (Entered: 02/26/2018) |
| 02/28/2018 | 42 | ENDORSED ORDER granting 40 Plaintiff's Agreed Motion for Extension of Time to Respond to Defendant's Motion to Dismiss Plaintiff's Complaint. Plaintiff may file a response to the Motion to Dismiss by March 5, 2018. Signed by Judge Federico A. Moreno on 2/28/2018. (mmd)[This is paperless order]. (Entered: 02/28/2018) |
| 02/28/2018 | | Reset Deadlines as to 38 Defendant's MOTION TO DISMISS 1 Notice of Removal (State Court Complaint) FOR FAILURE TO STATE A CLAIM . Responses due by 3/5/2018 (ls) (per DE #42) (Entered: 03/01/2018) |
| 03/05/2018 | 43 | RESPONSE in Opposition re 38 Defendant's MOTION TO DISMISS 1 Notice of Removal (State Court Complaint) FOR FAILURE TO STATE A CLAIM filed by Taxinet, Corp.. Replies due by 3/12/2018. (Ortega, Omar) (Entered: 03/05/2018) |
| 03/12/2018 | 44 | REPLY to Response to Motion re 38 Defendant's MOTION TO DISMISS 1 Notice of Removal (State Court Complaint) FOR FAILURE TO STATE A CLAIM filed by Santiago Leon. (Payton, Harry) (Entered: 03/12/2018) |
| 03/16/2018 | 45 | Joint SCHEDULING REPORT - **Rule 16.1** by Taxinet, Corp. (Attachments: # 1 Exhibit Proposed Order)(Ortega, Omar) (Entered: 03/16/2018) |
| 06/19/2018 | 46 | NOTICE by Taxinet, Corp. *of Filing* (Attachments: # 1 Stipulated Confidentiality Order) (Ortega, Omar) (Entered: 06/19/2018) |
| 06/20/2018 | 47 | Defendant's Motion to Appoint Expert/Special Master by Santiago Leon. Attorney Susan Marie Mohorcic added to party Santiago Leon(pty:dft). (Attachments: # 1 Exhibit Exhibit A, # 2 |

| | | Exhibit Exhibit B, # 3 Exhibit Exhibit C)(Mohorcic, Susan) Modified Relief on 6/21/2018 (ls). (Entered: 06/20/2018) |
|---|---|---|
| 06/21/2018 | 48 | Clerks Notice to Filer re 47 Defendant's MOTION appointment of special master . **Wrong Motion Relief(s) Selected**; ERROR - The Filer selected the wrong motion relief(s) when docketing the motion. The correction was made by the Clerk. It is not necessary to refile this document but future motions filed must include applicable reliefs. (ls) (Entered: 06/21/2018) |
| 07/05/2018 | 49 | RESPONSE in Opposition re 47 Defendant's Motion to Appoint Expert/Special Master filed by Taxinet, Corp.. Replies due by 7/12/2018. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3)(Ortega, Omar) (Entered: 07/05/2018) |
| 07/11/2018 | 50 | REPLY to Response to Motion re 47 Defendant's Motion to Appoint Expert/Special Master filed by Santiago Leon. (Attachments: # 1 Exhibit Exhibit A)(Mohorcic, Susan) (Entered: 07/11/2018) |
| 07/12/2018 | 51 | ORDER granting 38 Motion to Dismiss and Granting Leave to File an Amended Complaint. Signed by Judge Federico A. Moreno on 7/10/2018. *See attached document for full details.* (mmd) (Main Document 51 replaced on 7/12/2018 due to missing page 10) (mf). (Entered: 07/12/2018) |
| 07/17/2018 | 52 | Agreed MOTION for Extension of Time to Amend 51 Order on Motion to Dismiss for Failure to State a Claim, *To File Amended Complaint* by Taxinet, Corp.. Responses due by 7/31/2018 (Attachments: # 1 Exhibit A)(Ortega, Omar) (Entered: 07/17/2018) |
| 07/18/2018 | 53 | ORDER denying 47 Motion to Appoint Speical Master. Signed by Judge Federico A. Moreno on 7/17/2018. *See attached document for full details.* (mmd) (Entered: 07/18/2018) |
| 07/19/2018 | 54 | PAPERLESS ORDER granting 52 Motion for Extension of Time to File Amended Complaint. Plaintiff may file an amended complaint by no later than July 31, 2018. Signed by Judge Federico A. Moreno on 7/18/2018. (mmd) (Entered: 07/19/2018) |
| 07/31/2018 | 55 | Plaintiff's MOTION for Leave to File *To Add Party* by Taxinet, Corp.. (Attachments: # 1 Exhibit A)(Ortega, Omar) (Entered: 07/31/2018) |
| 08/14/2018 | 56 | Defendant's RESPONSE to 55 Plaintiff's MOTION for Leave to File *To Add Party* by Santiago Leon. (Mohorcic, Susan) (Entered: 08/14/2018) |
| 08/21/2018 | 57 | Agreed MOTION for Extension of Time to File Response/Reply/Answer as to 56 Response/Reply (Other) by Taxinet, Corp.. (Attachments: # 1 Text of Proposed Order)(Ortega, Omar) (Entered: 08/21/2018) |
| 08/22/2018 | 58 | PAPERLESS ORDER granting 57 Plaintiff's Motion for Extension of Time to File Reply in support of Plaintiff's Motion to Add Party. Plaintiff may file a reply brief by no later than August 23, 2018. Signed by Judge Federico A. Moreno on 8/22/2018. (mmd) (Entered: 08/22/2018) |
| 08/22/2018 | | Reset Deadlines as to 55 Plaintiff's MOTION for Leave to File *To Add Party*. Replies due by 8/23/2018. (ls)(per DE #58) (Entered: 08/23/2018) |
| 08/23/2018 | 59 | Plaintiff's REPLY to 56 Response/Reply (Other) *to Defendant's Response in Opposition to Motion for Leave to Amend to Add Party* by Taxinet, Corp.. (Attachments: # 1 Exhibit Transcript)(Ortega, Omar) (Entered: 08/23/2018) |
| 09/04/2018 | 60 | ORDER denying 55 Motion for Leave to Amend to Add Party. Signed by Judge Federico A. Moreno on 8/30/2018. *See attached document for full details.* (mmd) (Entered: 09/04/2018) |
| 09/05/2018 | 61 | Defendant's MOTION for clarification 60 Order on Motion for Leave to File by Santiago Leon. Responses due by 9/19/2018 (Mohorcic, Susan) (Entered: 09/05/2018) |
| 09/07/2018 | 62 | Plaintiff's RESPONSE to 61 Defendant's MOTION for clarification 60 Order on Motion for Leave to File by Taxinet, Corp.. (Attachments: # 1 Exhibit 1 - Amended Complaint)(Ortega, Omar) (Entered: 09/07/2018) |

| 09/11/2018 | 63 | Request To Accept DE#62-1 as the Operative Amended Complaint re 61 Defendant's MOTION for clarification 60 Order on Motion for Leave to File filed by Santiago Leon. (Mohorcic, Susan)Event and text Modified on 9/11/2018 (cqs). (Entered: 09/11/2018) |
| --- | --- | --- |
| 09/11/2018 | 64 | Clerks Notice to Filer re 63 Reply to Response to Motion. **Docket Text Does Not Match Document**; ERROR - The Filer failed to enter a title in the docket text that matches the title of the document. The correction was made by the Clerk. It is not necessary to refile the document. (cqs) (Entered: 09/11/2018) |
| 09/17/2018 | 65 | ORDER denying 61 Motion for Clarification. Signed by Judge Federico A. Moreno on 9/14/2018. *See attached document for full details.* (mmd) (Entered: 09/17/2018) |
| 09/18/2018 | 66 | Plaintiff's AMENDED COMPLAINT against Santiago Leon, filed by Taxinet, Corp..(Ortega, Omar) (Entered: 09/18/2018) |
| 09/26/2018 | 67 | MOTION TO DISMISS 66 Amended Complaint FOR FAILURE TO STATE A CLAIM ( Responses due by 10/10/2018), MOTION for Bond ( Responses due by 10/10/2018), MOTION in the alternative Appoint Master re 66 Amended Complaint by Santiago Leon. (Mohorcic, Susan) (Entered: 09/26/2018) |
| 09/27/2018 | 68 | MOTION for Entry of Proposed Stipulated Confidentiality Order by Santiago Leon. (Attachments: # 1 Text of Proposed Order Exhibit A)(Mohorcic, Susan) Modified Text on 9/28/2018 (ls). (Entered: 09/27/2018) |
| 09/27/2018 | 69 | MOTION for Protective Order *or to Quash or Modify Subpoena Duces Tecum Served to Icreon Technology* by Taxinet, Corp.. (Attachments: # 1 Exhibit Subpoena Duces Tecum to Icreon) (Ortega, Omar) (Entered: 09/27/2018) |
| 10/05/2018 | 70 | RESPONSE to Motion re 69 MOTION for Protective Order *or to Quash or Modify Subpoena Duces Tecum Served to Icreon Technology* filed by Santiago Leon. Replies due by 10/12/2018. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D, # 5 Exhibit Exhibit E)(Mohorcic, Susan) (Entered: 10/05/2018) |
| 10/09/2018 | 71 | ORDER denying 67 without prejudice Motion to Dismiss. Signed by Judge Federico A. Moreno on 10/5/2018. *See attached document for full details.* (mmd) (Entered: 10/09/2018) |
| 10/09/2018 | 72 | ORDER granting 68 Motion for Stipulated Confidentiality Order. Signed by Judge Federico A. Moreno on 10/5/2018. *See attached document for full details.* (mmd) (Entered: 10/09/2018) |
| 10/09/2018 | 73 | Defendant's MOTION TO DISMISS 66 Amended Complaint FOR FAILURE TO STATE A CLAIM by Santiago Leon. Responses due by 10/23/2018 (Mohorcic, Susan) (Entered: 10/09/2018) |
| 10/09/2018 | 74 | Renewed MOTION to Appoint a Special Master by Santiago Leon. (Mohorcic, Susan) Modified Text on 10/10/2018 (ls). (Entered: 10/09/2018) |
| 10/09/2018 | 75 | Defendant's MOTION for Bond by Santiago Leon. Responses due by 10/23/2018 (Mohorcic, Susan) (Entered: 10/09/2018) |
| 10/12/2018 | 76 | Plaintiff's REPLY to 70 Response to Motion, *For Protective Order or to Quash or Modify Subpoena Duces Tecum Served on Icreon Technology* by Taxinet, Corp.. (Ortega, Omar) (Entered: 10/12/2018) |
| 10/23/2018 | 77 | RESPONSE in Opposition re 74 Renewed MOTION to Appoint a Special Master filed by Taxinet, Corp.. Replies due by 10/30/2018. (Ortega, Omar) (Entered: 10/23/2018) |
| 10/23/2018 | 78 | RESPONSE in Opposition re 73 Defendant's MOTION TO DISMISS 66 Amended Complaint FOR FAILURE TO STATE A CLAIM filed by Taxinet, Corp.. Replies due by 10/30/2018. (Ortega, Omar) (Entered: 10/23/2018) |
| 10/23/2018 | 79 | RESPONSE in Opposition re 75 Defendant's MOTION for Bond filed by Taxinet, Corp.. Replies due by 10/30/2018. (Ortega, Omar) (Entered: 10/23/2018) |

| | | |
|---|---|---|
| 10/25/2018 | 80 | Defendant's MOTION for Extension of Time to File Response/Reply/Answer as to 75 Defendant's MOTION for Bond , 74 Renewed MOTION to Appoint a Special Master , 79 Response in Opposition to Motion, 77 Response in Opposition to Motion, 78 Response in Opposition to Motion by Santiago Leon. (Attachments: # 1 Text of Proposed Order Order) (Mohorcic, Susan) (Entered: 10/25/2018) |
| 10/25/2018 | 81 | ORDER denying 69 Motion for Protective Order or to Quash or Modify Subpoena Duces Tecum served on Icreon Techonology. Signed by Judge Federico A. Moreno on 10/24/2018. *See attached document for full details.* (mmd) (Entered: 10/25/2018) |
| 10/31/2018 | 82 | PAPERLESS ORDER granting 80 Motion for Extension of Time to File Replies to Responses to Various Motions. Defendant may file reply briefs by no later than November 13, 2018. Signed by Judge Federico A. Moreno on 10/31/2018. (mmd) (Entered: 10/31/2018) |
| 11/01/2018 | 83 | REPLY to Response to Motion re 74 Renewed MOTION to Appoint a Special Master filed by Santiago Leon. (Attachments: # 1 Exhibit Exhibit A)(Mohorcic, Susan) (Entered: 11/01/2018) |
| 11/09/2018 | 84 | REPLY to Response to Motion re 73 Defendant's MOTION TO DISMISS 66 Amended Complaint FOR FAILURE TO STATE A CLAIM filed by Santiago Leon. (Attachments: # 1 Exhibit Exhibit A)(Mohorcic, Susan) (Entered: 11/09/2018) |
| 11/09/2018 | 85 | Defendant's MOTION to Seal per Local Rule 5.4 by Santiago Leon. (Attachments: # 1 Text of Proposed Order Exhibit A) (Mohorcic, Susan) (Entered: 11/09/2018) |
| 11/13/2018 | 86 | REPLY to Response to Motion re 75 Defendant's MOTION for Bond filed by Santiago Leon. (Mohorcic, Susan) (Entered: 11/13/2018) |
| 11/15/2018 | 87 | ORDER Denying 85 Motion to Seal. Signed by Judge Federico A. Moreno on 11/13/2018. *See attached document for full details.* (nc) (Entered: 11/15/2018) |
| 11/19/2018 | 88 | NOTICE OF UNAVAILABILITY by Taxinet, Corp. for dates of December 27, 2018 through January 2, 2019 (Ortega, Omar) (Entered: 11/19/2018) |
| 12/11/2018 | 89 | NOTICE of Filing Relevant Pages of the Concession as part of Exhibit A by Santiago Leon re 84 Reply to Response to Motion (Mohorcic, Susan) Modified Text on 12/11/2018 (ls). (Entered: 12/11/2018) |
| 01/28/2019 | 90 | Defendant's MOTION to Compel *Better Answers to Interrogatories 18 and 19* by Santiago Leon. Responses due by 2/11/2019 (Mohorcic, Susan) (Entered: 01/28/2019) |
| 02/11/2019 | 91 | RESPONSE in Opposition re 90 Defendant's MOTION to Compel *Better Answers to Interrogatories 18 and 19 and Memorandum of Law* filed by Taxinet, Corp.. Replies due by 2/19/2019. (Ortega, Omar) (Entered: 02/11/2019) |
| 02/15/2019 | 92 | REPLY to Response to Motion re 90 Defendant's MOTION to Compel *Better Answers to Interrogatories 18 and 19* filed by Santiago Leon. (Mohorcic, Susan) (Entered: 02/15/2019) |
| 03/12/2019 | 93 | Notification of Ninety Days Expiring by Santiago Leon re 73 Defendant's MOTION TO DISMISS 66 Amended Complaint FOR FAILURE TO STATE A CLAIM filed by Santiago Leon, 75 Defendant's MOTION for Bond filed by Santiago Leon, 74 Renewed MOTION to Appoint a Special Master filed by Santiago Leon (Mohorcic, Susan) (Entered: 03/12/2019) |
| 04/29/2019 | 94 | ORDER denying 73 Motion to Dismiss. Signed by Judge Federico A. Moreno on 4/26/2019. *See attached document for full details.* (mmd) (Entered: 04/29/2019) |
| 05/06/2019 | 95 | ORDER denying 74 Renewed Motion to Appoint Special Master. Signed by Judge Federico A. Moreno on 5/3/2019. *See attached document for full details.* (mmd) (Entered: 05/06/2019) |
| 05/06/2019 | 96 | ORDER granting 90 Motion to Compel. Signed by Judge Federico A. Moreno on 5/3/2019. *See attached document for full details.* (mmd) (Entered: 05/06/2019) |
| 05/06/2019 | 97 | ORDER denying 75 Defendant's Motion to Require Posting of Bond. Signed by Judge Federico A. Moreno on 5/3/2019. *See attached document for full details.* (mmd) (Entered: 05/06/2019) |

| 05/15/2019 | 98 | *Santiago Leon's* ANSWER and Affirmative Defenses to Amended Complaint , COUNTERCLAIM against Taxinet, Corp. by Santiago Leon. (Attachments: # 1 Exhibit Exhibit A)(Mohorcic, Susan) (Entered: 05/15/2019) |
|---|---|---|
| 05/16/2019 | 99 | NOTICE of Filing Proposed Summons(es) by Santiago Leon re 98 Answer to Amended Complaint, Counterclaim filed by Santiago Leon (Mohorcic, Susan) (Entered: 05/16/2019) |
| 05/17/2019 | 100 | Clerks Notice to Filer re: Summons(es) cannot be issued. Summons NOT issued for the following reason - Parties not listed on the docket. (ls) (Entered: 05/17/2019) |
| 05/23/2019 | 101 | SCHEDULING ORDER: Jury Trial set for two-week period 1/21/2020 before Judge Federico A. Moreno. Calendar Call set for 1/14/2020 02:00 PM before Judge Federico A. Moreno. Signed by Judge Federico A. Moreno on 5/23/2019. *See attached document for full details.* (mmd)<br><br>**Pattern Jury Instruction Builder** - To access the latest, up to date changes to the 11th Circuit Pattern Jury Instructions go to https://pji.ca11.uscourts.gov or click here. (Entered: 05/23/2019) |
| 05/23/2019 | 102 | ORDER REFERRING CASE to Mediation. Signed by Judge Federico A. Moreno on 5/23/2019. *See attached document for full details.* (mmd) (Entered: 05/23/2019) |
| 06/05/2019 | 103 | NOTICE of Mediator Selection. Added Oscar A. Sanchez. (Attachments: # 1 Exhibit A) (Ortega, Omar) (Entered: 06/05/2019) |
| 06/05/2019 | 104 | Amended COUNTERCLAIM against Taxinet, Corp., filed by Santiago Leon. (Attachments: # 1 Exhibit Exhibit A, # 2 Summon(s) Summons - Pedro Domit, # 3 Summon(s) Summons - Luis Noboa)(Mohorcic, Susan) (Entered: 06/05/2019) |
| 06/05/2019 | 105 | Plaintiff's MOTION for Extension of Time to file motion to strike *affirmative defenses* by Taxinet, Corp.. Responses due by 6/19/2019 (Attachments: # 1 Text of Proposed Order) (Ortega, Omar) (Entered: 06/05/2019) |
| 06/06/2019 | 106 | Clerks Notice to Filer re 104 Counterclaim. **Parties Not Added**; ERROR - The Filer failed to add all parties. Filer is instructed to file a Notice of Entry of Parties/Mediator and add the additional parties. ALSO, Clerks Notice to Filer re: Summons(es) cannot be issued. The party(ies) on the summons(es) does not match the initiating documents (ls) (Entered: 06/06/2019) |
| 06/10/2019 | 107 | PAPERLESS ORDER granting 105 Plaintiff's Unopposed Motion for Extension of Time. Plaintiff may file a motion to strike affirmative defenses by no later than June 26, 2019. Signed by Judge Federico A. Moreno on 6/10/2019. (mmd) (Entered: 06/10/2019) |
| 06/17/2019 | 108 | Defendant's MOTION to Compel *Answers to Interrogatories 10, 11 and 15* by Santiago Leon. Responses due by 7/1/2019 (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C)(Mohorcic, Susan) (Entered: 06/17/2019) |
| 06/19/2019 | 109 | Notice of Pending, Refiled, Related or Similar Actions by Santiago Leon (Mohorcic, Susan) (Entered: 06/19/2019) |
| 06/19/2019 | 110 | ANSWER to Counterclaim by Taxinet, Corp.(a South Dakota corporation ). (Ortega, Omar) (Entered: 06/19/2019) |
| 06/20/2019 | 111 | ORDER Scheduling Mediation. Signed by Judge Federico A. Moreno on 6/19/2019. *See attached document for full details.* (mmd) (Entered: 06/20/2019) |
| 06/24/2019 | 112 | Second MOTION to Compel *Better Answers to Interrogatories 18 and 19* by Santiago Leon(an individual ). Responses due by 7/8/2019 (Attachments: # 1 Exhibit Exhibit A)(Mohorcic, Susan) (Entered: 06/24/2019) |
| 06/25/2019 | 113 | Defendant's MOTION to Strike *Plaintiff's Affirmative Defenses to the Amended Counterclaim* by Santiago Leon(an individual ). Responses due by 7/9/2019 (Mohorcic, Susan) (Entered: 06/25/2019) |

| 06/28/2019 | [114](#) | Plaintiff's MOTION to Strike [98](#) Answer to Amended Complaint, Counterclaim *Motion to Strike Affirmative Defenses to Amended Complaint* by Taxinet, Corp.. Responses due by 7/12/2019 (Ortega, Omar) (Entered: 06/28/2019) |
|---|---|---|
| 06/28/2019 | [115](#) | ANSWER to Counterclaim *and Affirmative Defenses to Amended Counterclaim* by Luis Noboa. Attorney Omar Ortega added to party Luis Noboa(pty:cd). (Ortega, Omar) Modified Text on 7/1/2019 (ls). (Entered: 06/28/2019) |
| 07/01/2019 | [116](#) | RESPONSE in Opposition re [108](#) Defendant's MOTION to Compel *Answers to Interrogatories 10, 11 and 15* filed by Taxinet, Corp.. Replies due by 7/8/2019. (Ortega, Omar) (Entered: 07/01/2019) |
| 07/05/2019 | [117](#) | Unopposed MOTION for Extension of Time to File Response/Reply/Answer *to Plaintiff's Motion to Strike Affirmative Defenses,* by Santiago Leon. (Attachments: # [1](#) Text of Proposed Order Proposed Agreed Order)(Mohorcic, Susan) (Entered: 07/05/2019) |
| 07/08/2019 | [118](#) | REPLY to Response to Motion re [108](#) Defendant's MOTION to Compel *Answers to Interrogatories 10, 11 and 15* filed by Santiago Leon(an individual ). (Attachments: # [1](#) Exhibit Exhibit A, # [2](#) Exhibit Exhibit B, # [3](#) Exhibit Exhibit C, # [4](#) Exhibit Exhibit D)(Mohorcic, Susan) (Entered: 07/08/2019) |
| 07/08/2019 | [119](#) | RESPONSE in Opposition re [112](#) Second MOTION to Compel *Better Answers to Interrogatories 18 and 19* filed by Taxinet, Corp.. Replies due by 7/15/2019. (Attachments: # [1](#) Exhibit, # [2](#) Exhibit)(Ortega, Omar) (Entered: 07/08/2019) |
| 07/09/2019 | 120 | PAPERLESS ORDER granting [117](#) Defendant's Motion for Extension of Time to File Response to Plaintiff's Motion to Strike Affirmative Defenses. Defendant may file a response to Plaintiff's Motion to Strike Affirmative Defenses by no later than July 19, 2019. Signed by Judge Federico A. Moreno on 7/8/2019. (mmd) (Entered: 07/09/2019) |
| 07/09/2019 | [121](#) | RESPONSE in Opposition re [113](#) Defendant's MOTION to Strike *Plaintiff's Affirmative Defenses to the Amended Counterclaim* filed by Taxinet, Corp.. Replies due by 7/16/2019. (Ortega, Omar) (Entered: 07/09/2019) |
| 07/09/2019 | | Reset Deadlines as to [114](#) Plaintiff's MOTION to Strike [98](#) Answer to Amended Complaint, Counterclaim *Motion to Strike Affirmative Defenses to Amended Complaint*. Responses due by 7/19/2019 (ls)(per DE #120) (Entered: 07/10/2019) |
| 07/12/2019 | [122](#) | ORDER Granting [108](#) Defendant's Motion to Compel Interrogatories 10,11, and 15. Plaintiff must produce the requested discovery by no later than August 8, 2019. Signed by Judge Federico A. Moreno on 7/12/2019. *See attached document for full details.* (ap00) (Entered: 07/12/2019) |
| 07/15/2019 | [123](#) | REPLY to Response to Motion re [112](#) Second MOTION to Compel *Better Answers to Interrogatories 18 and 19* filed by Santiago Leon(an individual ). (Attachments: # [1](#) Exhibit Exhibit A, # [2](#) Exhibit Exhibit B, # [3](#) Exhibit Exhibit C, # [4](#) Exhibit Exhibit D)(Mohorcic, Susan) (Entered: 07/15/2019) |
| 07/15/2019 | [124](#) | Unopposed Motion for Extension of Time to File Response/Reply/Answer as to [121](#) Response in Opposition to Motion by Santiago Leon(an individual ). Responses due by 7/29/2019 (Attachments: # [1](#) Text of Proposed Order Exhibit 1)(Mohorcic, Susan) Modified Relief on 7/16/2019 (ls). (Entered: 07/15/2019) |
| 07/16/2019 | 125 | Clerks Notice to Filer re [124](#) Defendant's MOTION for Extension of Time enlargment of time to reply re [121](#) Response in Opposition to Motion. **Wrong Motion Relief(s) Selected**; ERROR - The Filer selected the wrong motion relief(s) when docketing the motion. The correction was made by the Clerk. It is not necessary to refile this document but future motions filed must include applicable reliefs. (ls) (Entered: 07/16/2019) |
| 07/16/2019 | 126 | PAPERLESS ORDER granting [124](#) Motion for Extension of Time to File Reply to [121](#) Response in Opposition to Motion to Strike filed by Taxinet, Corp. Reply due by 7/24/2019. Signed by Judge Federico A. Moreno on 7/16/2019. (mmc) (Entered: 07/16/2019) |

| 07/18/2019 | 127 | Defendant's MOTION to Consolidate Cases *16-cv-24266 and 19-cv-22535* by Santiago Leon. Responses due by 8/1/2019 (Attachments: # 1 Exhibit Exhibit A19-cv-22535 Complaint:) (Mohorcic, Susan) (Entered: 07/18/2019) |
| 07/19/2019 | 128 | RESPONSE to Motion re 114 Plaintiff's MOTION to Strike 98 Answer to Amended Complaint, Counterclaim *Motion to Strike Affirmative Defenses to Amended Complaint* filed by Santiago Leon(an individual ). Replies due by 7/26/2019. (Mohorcic, Susan) (Entered: 07/19/2019) |
| 07/24/2019 | 129 | REPLY to Response to Motion re 113 Defendant's MOTION to Strike *Plaintiff's Affirmative Defenses to the Amended Counterclaim* filed by Santiago Leon(an individual ). (Mohorcic, Susan) (Entered: 07/24/2019) |
| 07/26/2019 | 130 | REPLY to Response to Motion re 114 Plaintiff's MOTION to Strike 98 Answer to Amended Complaint, Counterclaim *Motion to Strike Affirmative Defenses to Amended Complaint* filed by Taxinet, Corp.. (Ortega, Omar) (Entered: 07/26/2019) |
| 07/29/2019 | 131 | Unopposed MOTION To Issue Summons and Change the Caption by Santiago Leon(an individual ). (Attachments: # 1 Exhibit Exhibit A, # 2 Text of Proposed Order Exhibit B) (Mohorcic, Susan) (Entered: 07/29/2019) |
| 08/01/2019 | 132 | RESPONSE in Opposition re 127 Defendant's MOTION to Consolidate Cases *16-cv-24266 and 19-cv-22535* filed by Taxinet, Corp.. Replies due by 8/8/2019. (Attachments: # 1 Exhibit 1) (Ortega, Omar) (Entered: 08/01/2019) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 08/05/2019 11:56:59 | | | |
| **PACER Login:** | reedsmith:5455938:3941791 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:16-cv-24266-FAM |
| **Billable Pages:** | 12 | **Cost:** | 1.20 |