# EXHIBIT 12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TAXINET CORP., a South Dakota                    Case No.:
Corporation,

      Plaintiff,

v.

L1BRE LLC, a Delaware Limited Liability
Company; L1BRE HOLDING LLC, a
Delaware Limited Liability Company,

      Defendants,

_____/

**<u>NOTICE OF REMOVAL</u>**

# Exhibit 1

# FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law.  This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes.  (See instructions for completion.)

---

I.  **CASE STYLE**

IN THE CIRCUIT COURT OF THE <u>ELEVENTH</u>  JUDICIAL CIRCUIT,
IN AND FOR <u>MIAMI-DADE</u>  COUNTY, FLORIDA

Case No.:_____
Judge: _____

<u>Taxinet Corp.</u>
 Plaintiff
        vs.
<u>L1BRE, LLC, L1BRE Holding, LLC.</u>
Defendant

---

II.  **TYPE OF CASE**

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☒ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999

- ☐ Non-homestead residential foreclosure $250,00 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☐ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☐ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☒ No ☐

**III.**   **REMEDIES SOUGHT** (check all that apply):
   ☒   Monetary;
   ☐   Non-monetary declaratory or injunctive relief;
   ☐   Punitive

**IV.**   **NUMBER OF CAUSES OF ACTION:** (     )
   (Specify)

   <u>3</u>

**V.**   **IS THIS CASE A CLASS ACTION LAWSUIT?**
   ☐   Yes
   ☒   No

**VI.**   **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
   ☒   No
   ☐   Yes – If "yes" list all related cases by name, case number and court:

**VII.**   **IS JURY TRIAL DEMANDED IN COMPLAINT?**
   ☒   Yes
   ☐   No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature <u>s/ Omar Ortega</u>   FL Bar No.: <u>95117</u>
      Attorney or party                                              (Bar number, if attorney)

<u>Omar Ortega</u>   <u>04/17/2019</u>
    (Type or print name)                                   Date

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION
CASE NO.:

TAXINET, CORP., a South Dakota
Corporation,

     *Plaintiff,*

v.

L1BRE LLC, a Delaware Limited liability
Company; L1BRE HOLDING LLC, a
Delaware Limited Liability Company,

     *Defendants.*

_____/

# COMPLAINT

Plaintiff, Taxinet, Corp., hereby files this Complaint for damages against Defendants,

L1bre, LLC and L1bre Holding LLC, and in support thereof states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to Florida Statutes Section
26.012(2)(a). The value of the amount in controversy exceeds $750,000, exclusive of
interest, costs and attorneys' fees.

2. This Court has personal jurisdiction over the Defendants pursuant to Florida Statutes
Section 48.193 and Section 48.181 because the causes of action arise from the Defendants'
specific contacts with the State of Florida, Defendants conduct business in Florida and
Defendants engage in substantial and not isolated activities within the State of Florida.

3. Venue is proper in this Court pursuant to Florida Statutes Section 47.051 and 47.011
because Defendants conduct business in Miami-Dade County, and a substantial part of the

events or omissions giving rise to the causes of action occurred in Miami-Dade County, Florida.

4. All conditions precedent for bringing this action have been fully performed, waived or excused.

## PARTIES

5. Plaintiff, Taxinet, Corp., ("Taxinet" or the "Plaintiff"), is a corporation organized under the laws of South Dakota, with its principal place of business located at 150 Cape Florida Drive, Key Biscayne, Florida.

6. Defendant L1bre LLC is a limited liability company organized under the laws of Delaware and authorized to transact business in Florida, with its principal place of business located at 95 Merrick Way, Suite 300, Coral Gables, Florida.

7. Defendant L1bre Holding LLC is a limited liability company organized under the laws of Delaware that operates its business from 95 Merrick Way, Suite 300, Coral Gables, Florida.

## GENERAL ALLEGATIONS

8. Taxinet is a technology company that developed and created a mobile application to hail taxis remotely in order to provide a safe and efficient transportation system. Taxinet was founded by Luis Noboa[1] ("Noboa") on or about November 4, 2013.

9. Taxinet expended considerable resources to develop a business model with the technological capabilities to provide services with unique features, which include a digital taximeter, GPS navigation system with traffic information, vehicle tracking system with a panic button for riders and drivers, WiFi system for taxis, registration and verification

---

[1] Noboa is a resident of Key Biscayne, Florida and the sole owner of Taxinet.

system for drivers and vehicles, taxi hailing application connecting drivers and riders simultaneously, admin backend system, payment gateway for credit cards, debit cards and prepaid cards, and a future booking system.

10. Taxinet's confidential information, including its business processes and technology, was designed and intended to be used exclusively by Taxinet and for its benefit. Taxinet's confidential business information was neither readily available nor ascertainable to anyone outside of Taxinet's team and may not be disseminated to unauthorized third-parties.

11. Taxinet successfully began operating its business in Ecuador in 2014.

12. Taxinet desired to expand its services in other Latin American markets including Mexico City.

13. Mexico City is an ideal market for Taxinet's technology and services because it has more than 138,000 registered taxis. These taxis, combined, make over one million trips each day.

14. On or about April 2015, Santiago Leon ("Leon") - a former Mexican politician – learned that the government of Mexico City ("CDMX") desired to modernize its public transportation system and provide its citizens a safe and efficient mode of travel.

15. Leon was not involved in the taxi industry, had no knowledge of the business requirements or its technology. Leon was never involved in the development and operation of any technology system or applications in any business.

16. Accordingly, Leon knew he had two choices: one, develop a business from zero, having no experience in the industry; or, two, take a short-cut and partner with someone who had an operating business with the technology to offer to CDMX.

17. During the Summer of 2015, Pedro Domit ("Domit"), a friend of Noboa and Leon, introduced them. They met at Taxinet's principal place of business in Key Biscayne to discuss offering Taxinet's services to CDMX.

18. At their first meeting, Leon represented he was interested in forming part of Taxinet to provide its services in CDMX.

19. During the meeting, Leon contacted Federico Döring, a then-current Mexican politician and Leon's paid lobbyist. Döring scheduled a meeting with Hector Serrano Cortés, the Secretary of Mobility and Transportation of CMDX (the "Secretary") for Taxinet to present its services.

20. Leon and Taxinet agreed to work together, as Taxinet, to offer Taxinet's services to CDMX.

21. The agreement included that Taxinet would provide its expertise, business model, technology, and know-how in the taxi-related industry, while Leon would provide his knowledge of the inner workings of the government of CDMX and expertise in the procedures to procure a concession with the city.

22. Thereafter, induced by Leon and relying on his representations, a confidential relationship ensued between Leon and Taxinet.

23. Taxinet relied on Leon's purported knowledge of CDMX's procedures to secure Taxinet's business venture.

24. Trusting Leon's advice, Taxinet began disclosing to Leon its valuable confidential business information through electronic correspondences, telephonic conversations, text messages and meetings in Florida.

25. On or about July 2015, during a meeting in Miami, which was attended by Noboa, Leon, and Domit, Taxinet and Leon orally agreed to form a joint business and obtain the concession to provide Taxinet's services to CDMX.

26. The joint business required the formation of a Mexican company to facilitate the implementation of Taxinet's services in Mexico and the dealings with CDMX.

27. Leon and Taxinet agreed that the new company, and the Mexican business, would be owned seventy percent by Taxinet and thirty percent by Leon or his entities. Domit would own nine percent of Leon's interest.

28. Subsequently, the parties modified their agreement to reflect that Taxinet would own sixty percent and Leon, or his entities would own forty percent. Domit's share of Leon's interest remained at nine percent.

29. Leon and Taxinet discussed naming the Mexican company either (a) Servicios Moviles LUSAMPE, SAPI de CV, or (b) Servicios Digitales LUSAD, SAPI de CV.

30. In performance of the agreement, Leon scheduled a meeting with the Secretary for August 2015 to offer Taxinet's services. At this meeting, Taxinet would make a formal proposal of its services with the expectancy of establishing a business relationship with CDMX.

31. In preparation for that meeting, and in reliance on Leon's representations and his agreement to offer and operate the business jointly, Taxinet disclosed to Leon its confidential processes, techniques, software applications, and business characteristics, including present, future and proposed services.

29. Relying on Leon's agreement to implement Taxinet's services in CDMX and own and operate the business jointly, Taxinet revealed to Leon its business ideas and information.

30. Specifically, Taxinet disclosed to Leon its confidential business model, which included how to structure and operate the business, its vendors, employees, proposed services, information technology, software, applications, integration with the market, installation procedures, marketing, and financial data, including forecasting, investment, expenses and costs.

31. Throughout their dealings and conversations, Leon agreed to maintain Taxinet's ideas confidential as they would be used in the agreed-upon joint business.

32. Pursuant to the agreement, Taxinet created a unique presentation for Mexico's market offering its services to CDMX.

33. In August 2015, Taxinet made its proposal to the Secretary during a breakfast meeting in Mexico. Present at this meeting were the Secretary, Noboa, on behalf of Taxinet, Leon, Domit, Döring, and Eduardo Zayas (who is Leon's business partner and agent).

34. During this visit to Mexico in August 2015, Noboa, Leon and Domit met with the lawyers at Corredor Publico 20 to form the company previously agreed to.

35. After this meeting, continuing to rely on Leon's agreement and representations of operating the joint taxi-related business, Taxinet and Leon continued working to obtain the concession with CDMX. Leon and Eduardo Zayas had business cards identifying themselves as part of Taxinet.

36. Subsequently, Leon informed Taxinet that the Secretary required a second presentation of the services. This time, the presentation was to be a final proposal for approval by the Secretary's superiors.

37. As a result, Taxinet made available to Leon additional details of its business in order to make that second presentation, including providing additional Taxinet's management

support to Leon to explain the details of Taxinet's business model. Taxinet gave Leon the guidelines and necessary information to prepare a video outlining Taxinet's proposed services to show to the Secretary.

38. On or about September 14, 2015, the final presentation showcasing Taxinet's business model for CDMX was made.

39. Upon conclusion of this second presentation, Leon informed Taxinet that CDMX had approved awarding the concession to Taxinet and wanted to announce it publicly on October 3, 2015.

40. Leon also informed Taxinet that CDMX wanted the services to commence in January 2016.

41. On or about September 24, 2015, Leon informed Taxinet he was traveling to Mexico because the Secretary had called him and scheduled a meeting to "close the deal."

42. The next day, Leon excitedly stated to Taxinet "we closed!!!" "the Secretary announced it."

43. CDMX had accepted Taxinet's proposal.

44. Leon continued leading Taxinet to believe he was interested in the agreed-upon joint venture, and purchased airline tickets for Taxinet's technology team to travel to Mexico on or about October 11, 2015 and set up a server to support Taxinet's services in the market.

45. During this October 2015 trip, Taxinet's technology team met with companies such as Kio Networks and NullData, who had been purportedly hired by Leon to work in conjunction with Taxinet, to conduct a stress test of Taxinet's application and discuss the requirements to successfully launch Taxinet's services in CDMX in January 2016.

46. Through this process of optimizing Taxinet's software for the Mexican market and relying further on Leon's representations, Taxinet in good faith continued acting in performance

of the agreement and making available its valuable confidential information to Leon and those associated with him.

47. Simultaneously, Taxinet was working with the lawyers at Corredor Publico 20 to set up the company in Mexico with the agreed ownership interests.

48. Relying on their agreement, their confidential business relationship, and Leon's representations, Taxinet granted Leon's affiliates, such as KioNetworks and NullData, free reign to communicate with its employees and technology team. Taxinet's technology team granted Leon access to Taxinet's architecture design and components.

49. On or about October 20, 2015, Leon's affiliates, such as Laszlo Palovits of NullData, requested Taxinet's backend infrastructure information and configuration, which includes Taxinet's operating system, database engine, technical specifications, and software version.

50. During this time, Taxinet's counsel attempted to memorialize the business agreement between Taxinet and Leon. These documents confirm the ownership structure between Taxinet and Leon. The communications, evidenced by email, included Leon.

51. In addition, in an attempt to memorialize Leon's agreement to protect Taxinet's confidential information and business details, Taxinet sent Leon a non-disclosure agreement for review and execution.

52. Unbeknownst to Taxinet, Leon had been conspiring with the Defendants, its agents, and others such as Laszlo Palovits of NullData, KioNetworks, Eduardo Zayas, Mario Alonso Davila, and Iñaki Negrete, to exclude Taxinet from the venture, misappropriate the concession awarded to it, and create a separate business, identical or substantially identical to Taxinet - reaping Taxinet's efforts and defrauding Taxinet.

53. Taxinet discovered that Leon improperly disclosed Taxinet's confidential information and business model to others, including, Defendants' representatives, NullData, and KioNetworks.

54. Leon and Defendants removed Taxinet from the venture.

55. In October 2015, Mario Alonso Davila and Leon created the logo to substitute Taxinet's trademark in the venture with that of the Defendants'.

56. As part of the scheme to defraud Taxinet, Leon refused to sign the non-disclosure agreement.

57. In October 2015, Leon and Defendants, falsely represented to the Secretary that Taxinet's system was a fraud, did not work in the Mexican market, and that Defendants would continue with the concession as planned to commence in January 2016, but without Taxinet.

58. The concession, which Leon told Taxinet in September 2015 that had been granted to them, was officially awarded in January 2016 and signed on February 29, 2016.

59. In November 27, 2015, Defendants, Leon, Laszlo Palovits, Eduardo Zayas, Mario Alonso Davila, Iñaki Negrete, Peter Corsell, Iñigo Domenech, Ramon Perez, Richard Oh, Felice Gorordo, Hayes Nuss, Arvind Sinha and Jose Cymet received confirmation that CDMX would implement the taxi-related services application granted to Taxinet.

60. The Mexican company that holds the concession is called Servicios Digitales LUSAD, SAPI de CV ("Lusad").

61. Lusad is wholly owned by Defendants: 99% by L1bre Holding LLC and 1% by L1bre LLC. L1bre Holding LLC is owned 51% by Espiritu Santo LLC and 49% by Accendo Holdings LLC. Espiritu Santo LLC is owned 99% by Leon and 1% by Eduardo Zayas.

62. Lusad is only the holder of the concession. Defendants operate the concession from their offices in Coral Gables, Florida.

63. Defendants are the exclusive provider of the taxi-related services to more than 138,000 registered taxis in CDMX – a business that was granted to Taxinet and owned sixty percent by Taxinet.

64. Leon and Defendants used Taxinet's business model, confidential information, and the concession that had been granted to Taxinet to lure investors into investing in Defendants.

65. At the same time, Leon had an agreement with Taxinet to operate the concession jointly and the Defendants knew of such an agreement.

66. Defendants had knowledge of Taxinet's contributions to the venture and Taxinet's ownership in the CDMX enterprise.

## COUNT I: CONSPIRACY TO COMMIT FRAUD

67. Plaintiff re-alleges paragraphs 1 through 66 of the Complaint as though fully set forth herein.

68. This is a cause of action for conspiracy to commit fraud.

69. Defendants conspired with Leon, Mario Alonso Davila, Laslzo Palovits of NullData, Eduardo Zayas, Iñaki Negrete, Peter Corsell, Iñigo Domenech, Ramon Perez, Richard Oh, Felice Gorordo, and others to defraud Taxinet.

70. In furtherance of the conspiracy, Leon and Defendants falsely informed the Secretary that Taxinet's services did not work in the Mexican market and were fraudulent.

71. In furtherance of the conspiracy, Defendants used Taxinet's business, confidential information, and the concession awarded to Taxinet to lure investors into the taxi-related venture in CDMX.

72. In furtherance of the conspiracy, NullData met with the then-Secretary of Mobility of CDMX to integrate taxi-driver's information with the software created using Taxinet's confidential business information.

73. In furtherance of the conspiracy, Defendants misappropriated Taxinet's concession.

74. In furtherance of the conspiracy, Leon and Defendants used Taxinet's confidential information to exclusively operate and provide taxi-related services to more than 138,000 registered taxis in CDMX through a business identical or substantially identical to Taxinet.

75. In furtherance of the conspiracy, the contacts with Taxinet by Leon, Eduardo Zayas, Laszlo Palovits, Mario Alonso Davila and others were fraudulent and solely intended to make Taxinet rely and disclose its confidential business information to exploit it and later exclude it from the venture.

76. After obtaining Taxinet's confidential business information and the concession, Leon and the Defendants excluded Taxinet and continued operating the business that had been granted to Taxinet, and Leon had agreed to jointly own with Taxinet.

77. Leon has a personal stake in the conspiracy separate and apart from the Defendants' interest because he, through his entity Espiritu Santo LLC is the majority owner of the Defendants and was therefore acting in furtherance of his own personal financial interest in conspiring to defraud Taxinet because in the agreement with Taxinet Leon was a minority owner of the venture.

78. As a result of this conspiracy, Taxinet has been damaged.

WHEREFORE, the Plaintiff hereby requests this Court enters judgment in its favor and against Defendants for damages, prejudgment interest, costs, expenses, a constructive trust for the

profits and ownership derived from the civil conspiracy to defraud, and such other relief as this Court deems just and equitable.

## COUNT II: TORTIOUS INTERFERENCE WITH ADVANTAGEOUS BUSINESS RELATIONSHIP

79. Plaintiff re-alleges paragraphs 1 through 66 of the Complaint as though fully set forth herein.

80. Taxinet had a business relationship with CDMX to provide its taxi-related services to the more than 138,000 taxis in Mexico City.

81. At all times, Defendants knew Taxinet had been granted the concession in September 2015. Defendants knew the concession signed in February 2016 was the result of Taxinet's prior proposal to CDMX.

82. Defendants, Leon, Eduardo Zayas, and others, intentionally, in bad faith, and without justification interfered with Taxinet's business relationship with CDMX when they falsely informed the Secretary Taxinet's services were a fraud and did not work in the Mexican market.

83. Defendants intentionally, in bad faith, and without justification interfered with Taxinet's business relationship with CDMX when they excluded Taxinet from the taxi-related business and began operating the concession that had been awarded, and belonged, to Taxinet.

84. As a result of Defendants' tortious interference, Taxinet has been damaged.

WHEREFORE, the Plaintiff hereby requests this Court enters judgment in its favor and against Defendants for damages, prejudgment interest, costs, expenses, a constructive trust for the

profits and ownership derived from the civil conspiracy to defraud, and such other relief as this Court deems just and equitable.

## COUNT III: CONVERSION

85. Plaintiff re-alleges paragraphs 1 through 66 of the Complaint as though fully set forth herein.

86. Taxinet provided Leon its confidential business information, processes, techniques, characteristics, which included present, future and proposed services; software applications, and its business model, including how to structure and operate the CDMX business, its vendors, employees, services; technological information, installation procedures, integration processes, marketing; and financial data, including forecasting, investment needs, expenses, costs, and analysis of profits and losses.

87. Taxinet disclosed the above information with the understanding that the business ideas were Taxinet's property and based on the agreement that Taxinet would have a sixty percent ownership interest in the CDMX venture.

88. Taxinet provided the information for the sole purpose of offering a business plan to CDMX using Taxinet's services and not to be used by Leon or Defendants for their personal use or benefit.

89. Defendants knew Taxinet's business ideas, model and services resulted in the award of the concession.

90. Defendants converted to their use Taxinet's confidential information and Taxinet's concession - which was awarded only due to the services Taxinet proposed to CDMX - thereby intentionally and permanently deprived Taxinet of its ownership interest in the CDMX business venture.

91. Defendants wrongfully came into possession of the concession and Taxinet's ownership interest in the CDMX business venture.

92. Defendants' conduct was not authorized and Taxinet's demands for the return of the information, the concession, or its ownership interest would be futile.

WHEREFORE, the Plaintiff hereby requests this Court enters judgment in its favor and against Defendants for damages, prejudgment interest, costs, expenses, a constructive trust for the profits and ownership derived from the civil conspiracy to defraud, and such other relief as this Court deems just and equitable.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable.

## RESERVATION OF RIGHTS

Plaintiff reserves, upon completion of investigation and discovery, to assert such additional

claims and join such additional defendants as may be just and equitable under the circumstances.

Dated: April 17, 2019.        Respectfully submitted,

        **DORTA & ORTEGA, P.A.**

         /s/ Omar Ortega
        **Omar Ortega, Esq.**
        Florida Bar No. 0095117
        **Rosdaisy Rodriguez, Esq.**
        Florida Bar No. 0112710
        **Joanna Andrade Lehman, Esq.**
        Florida Bar No. 1014578
        3860 SW 8th Street, PH
        Coral Gables, Florida 33134
        Phone: (305)461-5454
        Facsimile: (305)461-5226
        Email: OOrtega@dortaandortega.com
        Email: RRodriguez@dortaandortega.com
        Email: JAndrade@dortaandortega.com
        Email: DGomez@dortaandortega.com

        *Attorneys for Plaintiff.*

<table>
<tr><td colspan="3">☑ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.<br>☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.</td></tr>
</table>

| DIVISION<br>☑ CIVIL<br>☐ DISTRICTS<br>☐ OTHER | SUMMONS 20 DAY CORPORATE SERVICE<br>(a) GENERAL FORMS | CASE NUMBER<br><br>2019-11577-CA-01 |
|---|---|---|
| PLAINTIFF(S)<br><br>TAXINET, CORP., a South Dakota Corporation | VS. DEFENDANT(S)<br><br>L1BRE LLC, a Delaware limited liability Company; L1BRE HOLDING, LLC, a Delaware Limited Liability Company | SERVICE |

THE STATE OF FLORIDA:

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this action on
defendant(s): ___ L1BRE LLC. , c/o Registered Agent, 95 Merrick
_____ Way, Suite 300, Coral Gables, FL 33134 and/or

_____ Corporation Company of Miami, 200 S. Biscayne
Blvd.
_____ Suite 4100, Miami, FL 33131

Each defendant is required to serve written defense to the complaint or petition on
Plaintiff's Attorney: ___ Omar Ortega, Esq., Dorta & Ortega, P.A.

whose address is: _____ 3860 SW 8 Street, PH, Coral Gables, FL 33134

within 20 days " **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies,** **or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days.** **When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days."** after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| HARVEY RUVIN<br>CLERK of COURTS | | DATE |
|---|---|---|
| | DEPUTY CLERK | |

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2400, Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org; or via Fax at (305) 349-7355, at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."**

| ☑ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. ☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. | | |
|---|---|---|
| **DIVISION**<br>☒ CIVIL<br>☐ DISTRICTS<br>☐ OTHER | **SUMMONS 20 DAY CORPORATE SERVICE**<br>(a) GENERAL FORMS | **CASE NUMBER**<br>2019-11577-CA-01 |
| **PLAINTIFF(S)**<br><br>TAXINET, CORP., a South Dakota Corporation | **VS.   DEFENDANT(S)**<br><br>L1BRE, LLC., a Delaware Limited Liability Company; L1BRE HOLDING, LLC., a Delaware Limited Liability Company | **SERVICE** |

**THE STATE OF FLORIDA:**

To Each Sheriff of the State:

**YOU ARE COMMANDED** to serve this summons and copy of the complaint or petition in this action on

defendant(s):   L1BRE HOLDING, LLC., c/o Registered Agent
_____The Corporation Trust Company_____
_____Corporation Trust Center_____
_____1209 Orange Street_____

_____Wilmington, DE 19801_____

Each defendant is required to serve written defense to the complaint or petition on
Plaintiff's Attorney:   Omar Ortega, Esq., Dorta & Ortega, P.A._____

whose address is:   3860 SW 8 Street, PH, Coral Gables, FL  333134_____

_____(305) 461-5454_____

within 20 days " **Except when suit is brought pursuant to s. 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to respond shall be 40 days. When suit is brought pursuant to. 768.28, Florida Statutes, the time to respond shall be 30 days."** after service of this summons on that defendant , exclusive of the day of service, and to file the original of the defenses with the Clerk of this Clerk Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

| **HARVEY RUVIN**<br>**CLERK of COURTS** | *[signature]*  19401<br>DEPUTY CLERK | **DATE**<br>6/10/2019 |
|---|---|---|

## AMERICANS WITH DISABILITIES ACT OF 1990
## ADA NOTICE

**"If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Eleventh Judicial Circuit Court's ADA Coordinator, Lawson E. Thomas Courthouse Center, 175 NW 1st Avenue, Suite 2400, Miami, FL 33128; Telephone (305) 349-7175; TDD (305) 349-7174, Email ADA@jud11.flcourts.org; or via Fax at (305) 349-7355,  at least seven (7) days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than seven (7) days; if you are hearing or voice impaired, call 711."**

CLK/CT. 314 Rev. 11/18                                                              Clerk's web address: www.miami-dadeclerk.com

EGT,REF_PTN

# U.S. District Court
## Southern District of Florida (Miami)
## CIVIL DOCKET FOR CASE #: 1:19-cv-22535-KMW

Taxinet Corp. v. L1bre LLC et al
Assigned to: Judge Kathleen M. Williams
Referred to: Magistrate Judge Edwin G. Torres
Case in other court: 11th Judicial Circuit Court, 19-11577-CA-01
Cause: 28:1332 Diversity-Notice of Removal

Date Filed: 06/19/2019
Jury Demand: Plaintiff
Nature of Suit: 370 Other Fraud
Jurisdiction: Diversity

### Plaintiff

**Taxinet Corp.**
*a South Dakota Corporation*

represented by **Joanna Andrade Lehmann**
Dorta and Ortega
3071, 3860 SW 8th St
3rd floor
Coral Gables, FL 33134
(305) 461-5454
*ATTORNEY TO BE NOTICED*

**Omar Ortega**
Dorta & Ortega, P.A.
3860 SW 8th Street
PH
Coral Gables, FL 33134
305-461-5454
Fax: 305-461-5226
Email: oortega@dortaandortega.com
*ATTORNEY TO BE NOTICED*

**Rosdaisy Rodriguez Arriaga**
Dorta , Ortega, P.A.
3860 SW 8th Street, PH
Miami, FL 33134
305-461-5454
Email: rrodriguez@dortaandortega.com
*ATTORNEY TO BE NOTICED*

V.

### Defendant

**L1bre Holding, LLC**
*a Delaware Limited Liability Company*

represented by **Harry A. Payton**
Payton & Associates, LLC
One Biscayne Tower
2 So. Biscayne Blvd.
Suite 1600
Miami, FL 33131
305-372-3500
Fax: 577-4895
Email: payton@payton-law.com
*ATTORNEY TO BE NOTICED*

**Susan Marie Mohorcic**

Payton & Associate, LLC
2 S Biscayne Blvd Ste 1600
Miami, FL 33131
3053723500
Fax: 3055774895
Email: mohorcic@payton-law.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**L1bre LLC**                          represented by  **Susan Marie Mohorcic**
*a Delaware Limited Liability Company*                (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/19/2019 | 1 | NOTICE OF REMOVAL (STATE COURT COMPLAINT - Taxinet v. Libre Holding, LLC) Filing fee $ 400.00 receipt number 113C-11743930, filed by L1bre Holding, LLC. (Attachments: # 1 Exhibit Exhibit 1 State Court Complaint, # 2 Exhibit Exhibit 2 Notice of Filing Notice of Removal, # 3 Exhibit Exhibit 3 Notice of Related Case)(Mohorcic, Susan) (Entered: 06/19/2019) |
| 06/19/2019 | 2 | Clerks Notice of Judge Assignment to Judge Kathleen M. Williams. Pursuant to 28 USC 636(c), the parties are hereby notified that the U.S. Magistrate Judge Edwin G. Torres is available to handle any or all proceedings in this case. If agreed, parties should complete and file the Consent form found on our website. It is not necessary to file a document indicating lack of consent. Pro se (NON-PRISONER) litigants may receive Notices of Electronic Filings (NEFS) via email after filing a Consent by Pro Se Litigant (NON-PRISONER) to Receive Notices of Electronic Filing. The consent form is available under the forms section of our website. (kpe) (Entered: 06/19/2019) |
| 06/19/2019 | 3 | Clerks Notice to Filer re: Electronic Case. No Civil Cover Sheet. Filer is instructed to file a Notice (Other) with the Civil Cover Sheet attached within 24 hours of the notice. (kpe) (Entered: 06/19/2019) |
| 06/19/2019 | 4 | Notice of Pending, Refiled, Related or Similar Actions by L1bre Holding, LLC (Mohorcic, Susan) (Entered: 06/19/2019) |
| 06/19/2019 | 5 | NOTICE by L1bre Holding, LLC *Filing Civil Cover Sheet* (Attachments: # 1 Exhibit Exhibit 1 Civil Cover Sheet) (Mohorcic, Susan) (Entered: 06/19/2019) |
| 06/19/2019 | 6 | Certificate of Other Affiliates/Corporate Disclosure Statement by L1bre Holding, LLC identifying Corporate Parent Espiritu Santo Technologies, LLC, Other Affiliate L1bre LLC, Other Affiliate Servicios Digitales Lusad S. de R.L. de C.V., Other Affiliate L1bre Technologies for L1bre Holding, LLC (Mohorcic, Susan) (Entered: 06/19/2019) |
| 06/27/2019 | 7 | ORDER OF REFERRAL AND NOTICE OF COURT PRACTICE IN REMOVAL CASES to Magistrate Judge Edwin G. Torres for Pretrial Non-Dispositive Matters. Signed by Judge Kathleen M. Williams on 6/26/2019. *See attached document for full details.* (jao) (Entered: 06/27/2019) |
| 07/03/2019 | 8 | NOTICE of Attorney Appearance by Susan Marie Mohorcic on behalf of L1bre LLC. Attorney Susan Marie Mohorcic added to party L1bre LLC(pty:dft). (Mohorcic, Susan) (Entered: 07/03/2019) |
| 07/03/2019 | 9 | NOTICE OF CONSENT TO JOIN as party plaintiff by Susan Marie Mohorcic on behalf of L1bre LLC (Mohorcic, Susan) (Entered: 07/03/2019) |

| 07/05/2019 | [10](#) | NOTICE by L1bre Holding, LLC *State Court Docket Entries* (Attachments: # [1](#) Exhibit 1-Civil Cover sheet, # [2](#) Exhibit 2-Complaint, # [3](#) Exhibit 3-20 Day Summons, # [4](#) Exhibit 4-20 Day Summons, # [5](#) Exhibit 5-ESummons, # [6](#) Exhibit 6-ESummons, # [7](#) Exhibit 7-Summons, # [8](#) Exhibit 8-ESummon, # [9](#) Exhibit 9-Order Show Cause, # [10](#) Exhibit 10-Notice of Filing Notice of Removal, # [11](#) Exhibit 11-ROS L1bre Holding, # [12](#) Exhibit 12-Notice of Removal to Federal Court, # [13](#) Exhibit 13- ROS L1bre, # [14](#) Exhibit 14-L1bre Holding Response to Order to Show Cause) (Mohorcic, Susan) (Entered: 07/05/2019) |
| 07/05/2019 | [11](#) | Certificate of Other Affiliates/Corporate Disclosure Statement by L1bre LLC identifying Corporate Parent L1bre Holding, LLC, Other Affiliate Servicios Digitales Lusad S. de R.L. de C.V. for L1bre LLC (Mohorcic, Susan) (Entered: 07/05/2019) |
| 07/05/2019 | [12](#) | Certificate of Other Affiliates/Corporate Disclosure Statement by L1bre Holding, LLC identifying Corporate Parent Espiritu Santo Technologies, LLC, Other Affiliate L1bre LLC, Other Affiliate Servicios Digitales Lusad S. de R.L. de C.V., Other Affiliate L1bre Technologies, Other Affiliate Lusad Servicios S. de R.L. de C.V., Other Affiliate Servicios Administrativos Lusad S. de R.L. de C.V. for L1bre Holding, LLC (Mohorcic, Susan) (Entered: 07/05/2019) |
| 07/08/2019 | [13](#) | AFFIDAVIT signed by : Santiago Leon. by L1bre Holding, LLC, L1bre LLC (Mohorcic, Susan) (Entered: 07/08/2019) |
| 07/10/2019 | [14](#) | STRICKEN - Joint SCHEDULING REPORT - **Rule 16.1** by Taxinet Corp. (Ortega, Omar) Modified to strike per DE 15 on 7/12/2019 (pes). (Entered: 07/10/2019) |
| 07/11/2019 | 15 | PAPERLESS ORDER STRIKING [14](#) SCHEDULING REPORT. Plaintiff's joint scheduling report [14](#) does not include Defendants, and instead includes nonparty Santiago Leon. The Parties shall file a joint scheduling report on or before **July 16, 2019**. Signed by Judge Kathleen M. Williams on 7/11/2019. (sgi) (Entered: 07/11/2019) |
| 07/12/2019 | [16](#) | Amended SCHEDULING REPORT - **Rule 16.1** by Taxinet Corp. (Ortega, Omar) (Entered: 07/12/2019) |
| 07/15/2019 | [17](#) | STATUS REPORT *Removal* by L1bre Holding, LLC (Mohorcic, Susan) (Entered: 07/15/2019) |
| 07/18/2019 | [18](#) | Defendant's MOTION to Consolidate Cases *and to transfer 19-cv-22535 to/with 16-cv-24266* by L1bre Holding, LLC, L1bre LLC. Responses due by 8/1/2019 (Attachments: # [1](#) Exhibit Exhibit A Complaint 19-cv-22535, # [2](#) Exhibit Exhibit B Complaint 16-cv-24266)(Mohorcic, Susan) (Entered: 07/18/2019) |
| 08/01/2019 | [19](#) | RESPONSE in Opposition re [18](#) Defendant's MOTION to Consolidate Cases *and to transfer 19-cv-22535 to/with 16-cv-24266* filed by Taxinet Corp.. Replies due by 8/8/2019. (Attachments: # [1](#) Exhibit 1)(Ortega, Omar) (Entered: 08/01/2019) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 08/05/2019 12:06:02 | | |
| **PACER Login:** | reedsmith:5455938:3941791 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 1:19-cv-22535-KMW |
| **Billable Pages:** | 3 | **Cost:** | 0.30 |