UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ESPIRITU SANTO HOLDINGS, LP,

      Petitioner,

-against-

L1BERO PARTNERS, LP,

  and

ESPIRITU SANTO TECHNOLOGIES, LLC

      Respondents.

No. 19 Civ. 03930 (CM)

**STIPULATION AND [PROPOSED] ORDER**

  WHEREAS, on May 16, 2019, this Court entered a preliminary injunction in the above-captioned proceeding (ECF No. 39) ("Preliminary Injunction"); and

  WHEREAS, on July 30, 2019, Petitioner Espiritu Santo Holdings, LP ("ES Holdings") filed an application for an order directing Respondent L1bero Partners, LP ("L1bero Partners") to show cause why it should not be held in civil contempt of the Preliminary Injunction (ECF No. 45) ("Contempt Motion"); and

  WHEREAS, on July 31, 2019, this Court granted the application and ordered L1bero Partners to show cause why an order should not be issued holding L1bero Partners in civil contempt of the Preliminary Injunction (ECF No. 49); and

  WHEREAS, the parties have met and conferred in an effort to resolve their differences; and

  WHEREAS, the parties have resolved the issues raised in ES Holdings' Contempt Motion, as set forth below;

1

NOW, THEREFORE, it is hereby stipulated, agreed, and ordered that:

1. The parties shall engage in a formal mediation within 35 days after the entry of this Stipulation and Order, in an attempt to resolve all disputes between them, including those asserted or that could be asserted in the present litigation and the arbitration pending before the International Court of Arbitration of the International Chamber of Commerce (ICC Case 24447/MK) ("ICC Arbitration"). Messrs. Santiago León, Eduardo Zayas, Fabio Covarrubias, and Julio Belmont shall attend such mediation, which shall occur on a mutually convenient date and will take place at a mutually agreeable location in New York City. The parties agree that the representatives at this formal mediation shall have full authority to resolve the disputes between them.

2. On or before August 13, 2019, L1bero Partners shall take all necessary steps to grant "Administrator-ESH" access to the Oracle NetSuite Platform to the representatives of ES Holdings enabling them to have ongoing, equal, and unfettered ability to retrieve, read, and copy all information contained in the Platform and, if necessary, shall arrange at L1bero Partners' cost tutorial sessions between the third-party Platform developers and ES Holdings' representatives in order to ensure the representatives have equal and unfettered ability to retrieve, read, and copy all information contained in the Platform. ES Holdings and L1bero Partners shall not modify, add, or delete any data or privileges on the Platform. The L1bre Group (as defined in the Preliminary Injunction) entities may continue to modify, add, or delete any data in the normal course of business. L1bero Partners confirms that "Administrator-ESH" access affords ES Holdings ongoing, equal, and unfettered ability to retrieve, read, and copy all information contained in the Platform.

3. As soon as practicable but within no later than 10 days after the entry of this Stipulation and Order, L1bero Partners shall take all reasonable steps to pursue a stay of 45 days to be entered in the civil and criminal actions in the Mexican courts involving the parties or their principals, representatives, or agents that are pending and that relate to or arise out of the Partners Agreement or any of the L1bre Group entities. The pending actions include but are not limited to: (i) a civil action filed under docket 191/2019 in Civil Court No. 30 for Mexico City; (ii) a criminal action at the "Fiscalía de Delitos Especiales" in which the attorney general's office for Mexico City was or is the prosecutor and Eduardo Zayas is the defendant; (iii) an appeal filed in the criminal procedure regarding the extraction of laptop computers from Lusad's offices; and (iv) any other proceedings known to the parties. ES Holdings shall reasonably cooperate with L1bero Partners to effectuate the stay of these actions, which shall include prompt communication between the parties' respective Mexican counsel. The civil action initiated by L1bre Holding, LLC seeking the annulment of certain provisions of the Partners Agreement has been dismissed, and documentation evidencing the dismissal of the L1bre Holding, LLC action shall be provided to ES Holdings within 48 hours of the entry of this Stipulation and Order. No further proceedings, filings, or other actions may occur in connection with these actions from the date of this Stipulation and Order until at least 10 days after the conclusion of the mediation, and no party hereto will request, initiate, or advance any such proceedings during that period.

4. As soon as practicable but within no later than 7 days after the entry of this Stipulation and Order, L1bero Partners and ES Holdings shall jointly cause a stay of the ICC Arbitration.

5. As soon as practicable but within no later than 7 days after the entry of this Stipulation and Order, L1bero Partners and ES Holdings shall jointly request an extended briefing schedule for the appeal of the Preliminary Injunction pending before the United States Court of Appeals for the Second Circuit, which will seek to grant ES Holdings at least three weeks from the conclusion of the mediation to serve its response brief.  If the formal mediation does not result in a settlement, nothing in this Stipulation and Order shall preclude L1bero Partners from pursuing its appeal of the Preliminary Injunction.

6. As soon as practicable but within no later than 7 days after the entry of this Stipulation and Order, L1bero Partners and ES Holdings shall each provide the other with copies of all communications in their possession that have been exchanged between the L1bre Group entities and/or the parties, their principals, representatives, or agents, on the one hand, and SEMOVI and/or the Mexico City government, on the other hand, regarding the Mexico City concession from December 2018 to the present.

7. As soon as practicable but within no later than 7 days after the entry of this Stipulation and Order, L1bero Partners and ES Holdings shall each provide the other with copies of all communications exchanged between the L1bre Group entities and/or the parties, their principals, representatives, or agents, on the one hand, and the government of Mexico, on the other hand, regarding the respective NAFTA Notices of Intent filed by L1bero Partners and ES Holdings from December 2018 to the present.  No further proceedings, filings, or other actions may occur in connection with the NAFTA claim from the date of this Stipulation and Order until at least 10 days after the conclusion of the mediation, and no party hereto will request or initiate any proceedings or make any such filing during that period.

8. As soon as practicable but within no later than 14 days after the entry of this Stipulation and Order, L1bero Partners, with ES Holdings' reasonable cooperation, shall take all necessary steps to finalize and effect the appointment of ES Holdings' two chosen representatives other than León and/or Zayas to the board of directors of Servicios Digitales Lusad, S. de R.L. de C.V. ("Lusad"), granting these directors identical powers of attorney as those granted to L1bero Partners' Lusad board members. For the avoidance of doubt, the parties acknowledge that nothing in this Stipulation and Order shall prejudice the ability of León and/or Zayas to serve on Lusad's board of directors in the future.

9. The parties acknowledge that L1bero Partners has produced monthly bank statements for Lusad's account at Banco del Bajio for the period from December 2017 to the present. L1bero Partners shall cause the Lusad Corporate Secretary to produce copies of Lusad's corporate books and shareholder registries, by no later than August 19, 2019. L1bero Partners shall produce any remaining bank statements for any L1bre Group entity to ES Holdings as soon as possible, but by no later than August 19, 2019.

10. The parties further acknowledge that ES Holdings' two chosen representatives have been appointed as directors of L1bre Jalisco S. de R.L. de C.V. and L1bre Nuevo León S. de R.L. de C.V., and shall be granted by no later than August 22, 2019 identical powers of attorney as those granted to L1bero Partners' L1bre Jalisco and L1bre Nuevo León board members.

11. As soon as practicable but within no later than 14 days after the entry of this Stipulation and Order, L1bero Partners, with the reasonable cooperation of ES Holdings, shall cause L1bre Jalisco's and L1bre Nuevo León's corporate by-laws to be amended to delete the jurisdictional clause and to add a provision requiring

5

"Major Decisions" to be made with the unanimous consent of the directors, such that the by-laws are consistent with Lusad's by-laws.

12. L1bero Partners shall grant ES Holdings' representatives access to Lusad's facilities in Mexico during business hours on a weekday, subject to receiving 36 hours advance notice prior to each such access.

13. The parties agree that the topics to be discussed at the mediation shall include the payment and/or reimbursement of any fees and costs incurred in connection with any Taxinet litigation against Santiago León, L1bre, LLC, L1bre Holding, LLC, or any other L1bre Group entity.

14. ES Holdings' Contempt Motion shall be dismissed, without prejudice, and the hearing scheduled for August 13, 2019, shall be cancelled.

15. L1bero Partners agrees to comply with the terms of the Preliminary Injunction unless otherwise ordered by this Court, the United States Court of Appeals for the Second Circuit, or the arbitral tribunal; nothing in this Stipulation and Order is intended to stay, modify, or otherwise alter the terms of the Preliminary Injunction.

16. The Court shall retain jurisdiction to enforce the terms of this Stipulation and Order.

**HOGAN LOVELLS US LLP**

By: /s/ David Dunn
    David Dunn
    David.Dunn@hoganlovells.com
    Benjamin A. Fleming
    Benjamin.Fleming@hoganlovells.com

    390 Madison Avenue
    New York, New York 10017
    Telephone: (212) 918-3000
    Facsimile: (212) 918-3100

    Richard C. Lorenzo (*pro hac vice*)
    Richard.Lorenzo@hoganlovells.com
    Mark R. Cheskin (*pro hac vice*)
    Mark.Cheskin@hoganlovells.com
    Gabriella Morello
    Gabriella.Morello@hoganlovells.com

    600 Brickell Avenue, Suite 2700
    Miami, FL 33131
    Telephone: (305) 459-6500
    Facsimile: (305) 459-6550

*Attorneys for Petitioner*
*Espiritu Santo Holdings, LP*

**REED SMITH LLP**

By: /s/ Steven Cooper*
    Louis M. Solomon
    LSolomon@reedsmith.com
    Steven Cooper
    SCooper@reedsmith.com
    Nicole Lapsatis Lech
    NLapsatis@reedsmith.com
    Jonathan P. Gordon
    Jonathan.Gordon@reedsmith.com

    599 Lexington Avenue
    New York, New York 10022
    Telephone: (212) 521-5400
    Facsimile: (212) 521-5450

*Attorneys for Respondent L1bero Partners, LP*

\* Electronic signature used with permission

Dated August 12, 2019

SO ORDERED August \_\_\_\_, 2019

_____
Hon. Colleen McMahon
Chief United States District Judge